SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-385

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>　　　　　Defendant. | Case No.: 2:11-cv-XXXX<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　Righthaven LLC ("Righthaven") complains as follows against Wayne Hoehn ("Mr. Hoehn") on information and belief:

**NATURE OF ACTION**

　　1.　　This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

## PARTIES

2.  Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.  Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.  Mr. Hoehn is, and has been since July 13, 1999, identified as a registered user of the Internet domain found at <madjacksports.com> (the "Domain").

5.  Mr. Hoehn is, and has been since July 13, 1999, identified by the user name "Dogs that Bark," via the content accessible through the Domain (the content accessible through the Domain and the Domain itself known herein as the "Website").

6.  According to data published on the Website, Mr. Hoehn has approximately 18,000 total posts on the Website.

7.  Mr. Hoehn is not, and has never been, employed by the owner and operator of the Website.

## JURISDICTION

8.  This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9.  Righthaven is the owner of the copyright in and to the literary work entitled: "Public employee pensions; We can't afford them" (the "Work"), attached hereto as Exhibit 1.

10.  At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

11.  Mr. Hoehn willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

12.  On or about November 29, 2010, Mr. Hoehn displayed an unauthorized copy of the Work (the "Infringement") on the Website, attached hereto as Exhibit 2.

13.  At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

14. At all times relevant to this lawsuit, Mr. Hoehn knew that the Work was originally published in the Las Vegas *Review-Journal*.

15. At all times relevant to this lawsuit, Mr. Hoehn knew that the Infringement was and is of specific interest to Nevada residents.

16. At all times relevant to this lawsuit, the Infringement, as publically displayed on the Website was and is accessible in Nevada.

17. At all times relevant to this lawsuit, the Infringement occurred and continues to occur in Nevada.

18. Mr. Hoehn's display of the Infringement was and is purposefully directed at Nevada residents.

## VENUE

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because Mr. Hoehn is subject to personal jurisdiction in Nevada.

## FACTS

21. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

22. Righthaven is the owner of the copyright in and to the Work.

23. The Work was originally published on or about November 28, 2010.

24. On December 15, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service

Request No. 1-534407838, and attached hereto as Exhibit 3 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

25. On or about November 29, 2010, Mr. Hoehn displayed the Infringement on the Website.

26. Mr. Hoehn did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

27. Mr. Hoehn was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

28. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 27 above.

29. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

30. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

31. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

32. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

33. Mr. Hoehn reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

34. Mr. Hoehn created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

35. Mr. Hoehn distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

36. Mr. Hoehn publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

37. Mr. Hoehn has willfully engaged in the copyright infringement of the Work.

38. Mr. Hoehn's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

39. Unless Mr. Hoehn is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Hoehn of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Hoehn, and Mr. Hoehn's officers, agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under Mr. Hoehn, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Mr. Hoehn to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to Mr. Hoehn's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Hoehn have communicated regarding Mr. Hoehn's use of the Work; and

      c.    All financial evidence and documentation relating to Mr. Hoehn's use of the Work;

3. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

4. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this eleventh day of January, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano

SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*