J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
Randazza.com

Attorney for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual<br><br>Defendant. | Case No. 2:11-cv-00050<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Wayne Hoehn (hereinafter, "Hoehn," or the "Defendant"), by and through his counsel, issues this Reply to Plaintiff Righthaven, LLC's (hereinafter "Righthaven['s]," or the "Plaintiff['s]") Opposition to Hoehn's Motion for Summary Judgment (Doc. # 13) filed on March 7, 2011, concerning Hoehn's Motion for Summary Judgment, filed with this Court on February 11, 2011 (Doc. # 8).

**I. Introduction**

Righthaven's Opposition (Doc. # 13) uses two avenues – substantive and procedural – to attack Hoehn's Motion for Summary Judgment (the "Motion") (Doc. # 8). Procedurally, Righthaven argues – erroneously – that summary judgment is improper at this juncture because Hoehn has not answered the Complaint, and that Righthaven has not engaged in any discovery in the case. Addressing the substantive elements of Hoehn's motion, Righthaven alleges that

Hoehn's use of the *Las Vegas Review-Journal* (the "LVRJ") article "Public Employee Pensions; We Can't Afford Them" (the "Article"), the facts of this case are not in dispute – both parties agree that Hoehn used the entire article in the <MadJackSports.com> (the "Forum"). Neither position raised by Righthaven is sufficient for the Plaintiff to prevail. No facts that could be discovered from the Defendant are in dispute. All that must be done at this point is for the Court to reach a legal conclusion as to whether Hoehn's use was fair use as a matter of law, as its colleagues have done in virtually identical cases within this very district. *See Righthaven LLC v. Center for Intercultural Organizing*, Case No. 2:10-cv-01322, Final order forthcoming (D. Nev., filed Aug. 5, 2010); *Righthaven LLC v. Realty One Group, Inc.*, 38 Med. L. Rptr. 2441 (D. Nev. 2010).

**II. Argument**

Hoehn brought his Motion (Doc. # 8) at an appropriate time for this Court to grant him summary judgment. To the extent Righthaven needed additional discovery before responding to Hoehn's Motion, the onus to obtain additional discovery was on Righthaven under Rule 56(d), but that window has since closed. The material facts in this case are properly before this Court, not in dispute, and render the case ripe for determination on purely legal grounds. To that end, the application of the four fair use factors of 17 U.S.C. § 107 supports finding that Hoehn's use of the article was a non-infringing fair use.

**A. Hoehn's Motion for Summary Judgment is Procedurally Proper**

*1. Hoehn's Timing of his Motion for Summary Judgment was Proper.*

Rule 56(b) entitles a party to move for summary judgment "at any time" until 30 days after the close of discovery. Righthaven incorrectly argues that summary judgment is improper in this case because Hoehn has not yet filed an Answer (Doc. # 13 4:27-28). To the contrary, Hoehn filed an Answer (Doc. # 7) on February 4, 2011, which was served upon Plaintiff by the Court's CM/ECF system. Nevertheless, even if Righthaven's assertion that Hoehn had not answered the Complaint was correct, its position that summary judgment is improper before Hoehn files an Answer is incompatible with the plain language of Rule 56(b), which allows for a motion for summary judgment to be brought "at any time" before the post-discovery cutoff. Fed.

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

R. Civ. P. 56(b); *Walcker v. SN Commer., LLC*, 286 Fed. Appx. 455, 456 (9th Cir. 2008) (resolving case on defendants' summary judgment motion, which was filed before answering plaintiff's complaint); *Gifford v. Travelers Protective Ass'n of Am.*, 153 F.2d 209, 210 (9th Cir. 1943) (holding that a defendant may bring a Motion for Summary Judgment before filing an Answer). This District does not have any Local Rules that modify Rule 56(b)'s timing.

Hoehn's Motion is properly before this Court, which has the capacity to rule on this Motion and grant summary judgment at this time. It is common, in fact, for courts to grant summary judgment on the issue of fair use. *See Campbell v. Acuff-Rose Music*, 510 U.S. 569 (1994); *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.2d 792, 806 (9th Cir. 2003) (affirming district court's grant of summary judgment on fair use grounds); *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148 (9th Cir. 1986) (affirming the district court's award of summary judgment to Hustler on fair use grounds); *Fisher v. Dees*, 794 F.2d 432, 434 (9th Cir. 1986) (affirming district court's grant of summary judgment, finding fair use).

### *2. All of the Facts Necessary to Decide this Case are Before this Court.*

All of the facts necessary for this Court to resolve this case as a matter of law are before the Court. This Court may grant summary judgment when there is no *genuine* issue as to any *material* fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Here, there is no dispute as to *any* fact: Both Hoehn and Righthaven agree that Hoehn posted the Article, in its entirety, to the Forum without prior authorization. (Doc. # 8 at 3:18-25; Doc. # 13 at 2:9-15.) On this basis, the Court can look to the discussion thread and parties' legal arguments to determine, as a matter of law, that Hoehn's use of the article was a non-infringing fair use.

There is no need for additional facts for the Court to rule on this motion. Righthaven argues that it cannot appropriately contest Hoehn's Motion without further discovery, however it presumably does so simply in an attempt to prolong these proceedings unnecessarily. Righthaven's allegations do not constitute facts, and do not bring new facts before this Court that could preclude it from ruling on the Motion (Doc. # 8) currently before it. Righthaven's theoretical claims about the potential existence of controverting, material evidence are


insufficient to raise genuine issues of fact and defeat Hoehn's Motion. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). In addition to the facts in this case being clear, Righthaven fails to so much as suggest what evidence would be needed to render Hoehn's Motion non-justiciable. In essence, Righthaven claims that because there *might* be evidence – which it has not produced – that creates a material question of fact, it bars the Court from granting summary judgment. It does not.

### 3. More Discovery is Not Needed, and Even if it Was, Righthaven Missed its Opportunity to Seek it.

Whatever unspecified evidence Righthaven thinks it may need from Hoehn, it has waived the opportunity to seek it. When opposing a motion for summary judgment, Rule 56(d) allows a non-moving party to obtain leave to seek specific discovery if it feels that it needs specific facts in order to properly oppose summary judgment. However, the party wishing for discovery must *specify* the discovery it requires. *See Brae Transp., Inc. v. Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("references in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)" [the prior version of Rule 56(d)]); *Thi-Hawaii, Inc. v. First Commerce Fin. Corp.*, 627 F.2d 991, 994 (9th Cir. 1980); *British Airways Board v. Boeing Co.*, 585 F.2d 946, 954 (9th Cir. 1978). Failing to specify the desired discovery renders the non-moving party's protestations about factual development ineffective. If the non-moving party fails to specify the desired discovery, the court should decide the motion for summary judgment on the factual record before it. See *Reitz v. Kipper*, 674 F. Supp. 2d 1194, 1200-01 (D. Nev. 2009) (finding that the non-moving party's failure to comply with Rule 56(f) – Rule 56(d)'s prior incarnation – was a proper ground for proceeding to summary judgment).

Rule 56(d) allows a party to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion, and requires a sworn affidavit that sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact. *York v. Hernandez*, Case No. C 09-6080 *2011 U.S. Dist. LEXIS 24686* at *2-3 (N.D. Cal. Feb. 25, 2011), citing *Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). The party opposing summary judgment on the grounds that it needs more

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

discovery must make clear "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).  Rule 56(d) uncompromisingly requires an affidavit, which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact, in order for the Court to grant such a motion. *See Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986).  Righthaven has failed to meet any of these requirements – instead offering unsubstantiated and vague assertions that it needs more discovery, without discussing what it needs or why.

A party opposing summary judgment because it needs more discovery must specifically show: 1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, 2) the facts sought exist, and 3) the sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment. *Id.*; *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (finding that an attorney's declaration was not sufficient to support a 56(f) [now 56(d)] continuance when the declaration failed to explain how a continuance would allow the party to produce evidence precluding summary judgment); *Brae Transp.*, 790 F.2d at 1443.

Righthaven did not invoke Rule 56(d) in its Opposition (Doc. # 13), instead preferring to simply oppose Hoehn's Motion for Summary Judgment.  Nor did Righthaven fulfill the three requirements for potentially making such a motion: Righthaven did not set forth the desired facts in an affidavit, did not establish that such facts even existed, and did not establish that the desired facts were essential to deciding summary judgment – which it could not do, as it did not even specify what facts were needed. Righthaven failed to meet any condition that would justify a delay in resolving this case at this time on summary judgment.

Righthaven had every right to go "all in," in opposing Hoehn's Motion – seeking a full defeat of the motion rather than a partial victory by asking for specified discovery.  By failing to seek any form of discovery under Rule 56(d), the Court should deny any attempt by Righthaven to seek discovery under that Rule at this point.  It chose the "all in" option, and must live with it.

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven made no specific, nor sworn, statements about what facts any further discovery could reveal, nor has it explained in a sworn statement how any such facts would preclude summary judgment. For this reason, its attempts to claim a nebulous "need" for discovery must fail. *See Tatum*, 441 F.3d at 1100. "Failure to comply with the requirements of Rule 56(f) [now Rule 56(d)] is a proper ground for denying discovery and proceeding to summary judgment." *Brae Transp.,* 790 F.2d at 1443. Summary judgment is eminently proper in this case, at this time, since not only has Righthaven failed to properly invoke Rule 56(d), it could not do so, since there are no relevant facts that could change the Court's mind. The only place that the parties truly disagree is on a matter of law.

Because all of the facts relevant to Hoehn's fair use of the Article are already before the Court, and Righthaven has failed to produce, or seek leave to obtain, controverting evidence, the Defendant's motion may properly be decided at this time. If, however, the Court declines to grant summary judgment to Hoehn, he still retains his right to conduct discovery relevant to the issue of damages in this case. Such discovery shall include depositions of Stephen Gibson, CEO of Righthaven; Sherman Frederick, former publisher of the LVRJ; and others who may be knowledgeable about Righthaven's business model, in addition to other forms of written discovery.[1]

**B. The Fair Use Factors Weigh in Favor of the Court Granting Hoehn's Motion for Summary Judgment**

With no bar to this Court's consideration of Hoehn's Motion present, all that is left for consideration is the legal analysis of the four fair use factors under 17 U.S.C. § 107. No one factor is dispositive, and they must all be weighed together in a factually intensive, case-by-case analysis to determine whether Hoehn's use of the Article was a non-infringing fair use. *Campbell*, 510 U.S. at 576-77; *Los Angeles News Svc. v. Reuters Television Int'l*, 149 F.3d 987, 993 (9th Cir. 1998). In the aggregate, these factors weigh in favor of Hoehn's use of the Article

---

[1] Hoehn will also seek the discovery of the "secret" evidence at issue in *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-01356, which has been the subject of several heavily redacted motions filed by Democratic Underground (*see, e.g.*, Doc. # 72), and any corollary evidence relevant to Hoehn and this case, including Stephens Media LLC's copyright assignment to Righthaven.

1  not being an unlawful infringement of Righthaven's copyright, entitling Hoehn to summary
2  judgment.

### 1. Hoehn's Use of the Article Was Different than the Las Vegas Review Journal's, Changing the Purpose and Character of Its Use.

The relevant distinction as to the purpose and character of the LVRJ and Hoehn's respective uses of the Article is whether it was substitutionary or transformative. Hoehn's use would be substitutionary if it merely replaces the object of the original creation. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1015 (9th Cir. 2001). Transformative uses of copyrighted works, though, fulfill a different function from the original work, and are thus non-infringing. *Perfect 10, Inc. v. Amazon, Inc.*, 508 F.3d 1146, 1165 (9th Cir. 2007); *Kelly v. Arriba Soft Corporation*, 336 F.3d 811 (9th Cir. 2003); *Hustler Magazine*, 796 F.2d at 1152-53.

As a newspaper, the LVRJ's use of the Article was as a commodity to boost revenues through advertising and subscriptions. Inherent in the LVRJ's model was the production of content that viewers would be willing to pay for on a subscription basis, buy from the paper's archive, or endure online advertising to read. In contrast, Hoehn's use of the Article on a discussion forum did not compete with (or even resemble) the LVRJ's use of the Article. In addition to not earning a profit from the Article's use, as the LVRJ did, Hoehn used it to stoke discussion in which he participated, rather than to simply disseminate information. (Doc. # 8 Exh. A Hoehn Decl. ¶¶ 11, 14-20; Doc. # 8 Exh. D.) Hoehn even went so far as to include the LVRJ's copyright notice in his use of the work, steering viewers to the source publication for the original article. (Doc. # 8 Exh. A Hoehn Decl. ¶ 13; Doc. # 1 Exh. 2.)

To look at Hoehn and the LVRJ's use of the Article solely from a distribution standpoint, as Righthaven does (Doc. #13:21-28), ignores the full thrust of the two entities' respective purpose and nature of using the Article. While both the LVRJ and Hoehn sought to distribute the article, the LVRJ had a profit motive for doing so, while Hoehn lacked this purpose, and sought only to participate in a discussion with others about the Article's contents (Doc. # 8 Exh. D) without compensation. (Doc. # 8 Exh. A Hoehn Decl. ¶¶ 11, 20.) As in *Perfect 10* and *Arriba*, this use of the Article is dissimilar from the copyright holder's, and – in light of the full

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

circumstances concerning the LVRJ's and Hoehn's uses of the Article – weighs in favor of finding fair use.

### 2. Though Labeled an Opinion Piece, the Article Relied Heavily on Factual Research and its Use is More Likely to be Considered Fair Use.

In its response, Righthaven overemphasizes the creative nature of the Article, arguing that a compilation of facts – such as the Article – is so profoundly original that it cannot be susceptible to fair use. Yet, a plain reading of the Article (Doc. #1, Exh. 1) reveals that it is a collection of facts by Sherman Frederick that supports his proposition that public pensions are unaffordable. Hoehn does not dispute that even factual reporting contains elements of creativity unique to the report. *See Los Angeles Times v. Free Republic*, 54 U.S.P.Q.2d 1453, 1467 (C.D. Cal. 2000).

However, Hoehn, and judicial precedent, strongly contest Righthaven's apparent contention that it can copyright *facts*, rather than their exact presentation. *Los Angeles News. Svc. v. CBS Broadcasting, Inc.*, 305 F.3d 924, 940 (9th Cir. 2002); *Los Angeles News Svc. v. Reuters Television Int'l*, 149 F.3d 987, 994 (9th Cir. 1998); *Los Angeles News Svc. v. KCAL-TV Channel 9*, 108 F.3d 1119, 1122 (9th Cir. 1998). As seen in other cases involving Righthaven before this Court, defendants' use of fact-based articles has constituted fair use. *Righthaven LLC v. Realty One Group, Inc.*, 38 Med. L. Rptr. at 2441; *Righthaven v. Klerks*, Case No. 2:10-cv-00741 *2010 WL 3724897* at *3 (D. Nev. Sept. 7, 2010) ("a news article may require some degree of creativity in order to appeal to the reader, [but] [...] the article is primarily informational"); *Righthaven LLC v. Ctr. for Intercultural Organizing*, Case No. 2:10-cv-01322, (D. Nev., filed Aug. 5, 2010) (during a March 18, 2011 hearing, Judge Mahan stated that he would find in favor of defendant Center for Intercultural Organizing on fair use grounds where it republished, in full, a fact-based editorial piece similar to the one at issue in this case (Doc. # 1, Exh. 1); specifically, Mahan identified that similar work as being predominantly informative, as opposed to entertaining, in nature).

Righthaven's argument fails because the Article, by virtue of containing facts, is not primarily expressive or entertaining in nature. While creative effort may have been expended in

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 8 -

the selection and presentation of facts, others can fairly repeat those facts; Righthaven, as copyright holder, does not have a monopoly on the truth. *CBS Broadcasting*, 305 F.3d at 940; *Reuters*, 149 F.3d at 994. If all of the elements within the Article had been fanciful and original creations, such as the characters and worlds of Gene Roddenberry or Sydney Newman, greater protection would be afforded to the work. Because of the Article's factual nature, however, the author's creativity is of – at most – secondary importance, lending the work to fair use. Consequently, this element of the fair use test weighs in Hoehn's favor.

### 3. Hoehn's Use of the Entire Article Does Not Preclude the Court Finding Fair Use.

Righthaven takes the position that since Hoehn used the entire article in his discussion thread, a finding of fair use is precluded. Righthaven contends that, under *Worldwide Church of God v. Philadelphia Church of God, Incorporated*, that there is no fair use protection for "the verbatim copying, without criticism, of a written work in its entirety." 227 F.3d 1110, 1120 (9th Cir. 2000). Those are not, however, the facts of this case. In *Worldwide Church*, the infringers copied an entire book, deleting two pages of no substantive relevance, and removing Worldwide Church of God's copyright notices from the publication. *Id*. at 1113.

In this case, though, Hoehn left the Article's copyright notice in place, and did not attempt to pass it off as his own work (Doc. # 8 Exh. A Hoehn Decl. ¶ 13; Doc. # 1 Exh. 2). Additionally, Hoehn did not republish the Article in a vacuum, which Righthaven contends is impermissible, but added his own commentary to it, as well as inviting the discussion of others (Doc. # 8 Exh. D). In fact, his doing so seems to be the kind of fair use that *Worldwide Church of God* contemplates – a verbatim copying *with* criticism and discussion.

However, there are further reasons why fair use applies in this case: In addition to the content Hoehn added with his commentary, he used the work for a different purpose than the copyright holder, just as in *Perfect 10* (visual representation of search query results), *Arriba* (visual representation of search query results) and *Hustler Magazine* (parody). While using the full Article does not swing this factor to weigh in Hoehn's favor, precedent indicates that this factor does not preclude finding for Hoehn in the Court's analysis. Courts quite frequently find

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

fair use when the entire work was copied, and in fact, Judge Mahan of this Court recently found so in *Righthaven LLC v. Center for Inercultural Organizing*.

### 4. Hoehn's Use of the Article Could not Possibly Have Harmed the Copyright Holder's Relevant Marketplace.

Hoehn's reproduction of the Article did not harm the LVRJ's potential market, as Hoehn's use of the Article could not have affected the LVRJ's marketplace. As Judge Mahan observed in his March 18, 2011 hearing regarding *Righthaven LLC v. Center for Intercultural Organizing*, the Center, a non-profit, and the LVRJ are not in the same marketplace. The Center sought donations for its operating budget, while the LVRJ uses content for advertising and subscription revenues. Whatever rationale supported Judge Mahan's finding of fair use in that case, Hoehn stands on even firmer and higher legal ground. Hoehn had no financial incentive for his posting of the Article (Doc. # 8 Exh. A Hoehn Decl. ¶¶ 11, 20), and in doing so did not harm – intentionally or unintentionally – the market for LVRJ articles. The only market Hoehn affected was the market for online discussion, as opposed to the market for news content supplied by the LVRJ.

In the March 18, 2011 hearing for *Righthaven LLC v. Center for Intercultural Organizing*, Mahan additionally noted another degree of separation between the LVRJ and the Center for Intercultural Organizing that is relevant in this case: <u>Righthaven</u> – not the LVRJ – is the owner of the work's copyright and the entity suing to enforce those rights. Righthaven conducts no business creating, distributing or licensing content, and buys copyright assignments from Stephens Media LLC solely to sustain lawsuits against Hoehn and other defendants (but only once Righthaven has found that the articles have allegedly been infringed upon). Righthaven is not in the content or news production market as the LVRJ is, but operates in a "market" where copyrights are purchased solely as a conduit for copyright infringement litigation. This dubious practice is examined and analyzed in greater detail in the *Amicus Curiae* Brief filed by the Media Bloggers Association and pending before the Court in *Righthaven LLC v. Hyatt*, Case No. 2:10-cv-01736, Docs. # 19, 19-1 (D. Nev., filed Feb. 23, 2011). Because

Righthaven has no stake in the licensing, sale or distribution of content, or using it for any purpose other than obtaining copyright rights in order to bring lawsuits, any diminution to that market as a result of Hoehn's republication of the Article on a message board is inconceivable.

Even assuming Hoehn's use of the Article was in the same market as Righthaven and the LVRJ, Righthaven cannot establish any harm to the market. Due to Hoehn's lack of any financial motive (Doc. # 8 Exh. A Hoehn Decl. ¶¶ 11, 20), his use of the Article was noncommercial in nature. As such, Righthaven bears the evidentiary burden of showing that his use results in harm to the market for LVRJ's works. *Harper & Row Publishers v. Nation Enters.*, 471 U.S. 539, 567 (1985); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984). Righthaven failed to produce any evidence of market harm, and merely offered unsupported allegations thereof. In fact, even when confronted with the Motion for Summary Judgment in this case, Righthaven could have responded with some exhibits or evidence showing market harm. It did not because it cannot do so (and even if it could, it has waived that privilege). Righthaven is incapable of satisfying this burden. There is no actual evidence of harm to the Article's market on the record, Righthaven's bare rhetoric about market harm (Doc. # 13 at 13:10-19) will not bridge that gap, and it failed to take advantage of its opportunity to seek or offer evidence showing the market harm allegedly caused by Hoehn's online discussion.

Even if Hoehn's use of the Article was commercial in nature, Righthaven still would have to show evidence of market harm – which it cannot do – because it is not active in the market it claims Hoehn has harmed. In *eBay, Incorporated v. MercExchange LLC*, the Supreme Court held that there is no categorical presumption of harm to justify an injunction in patent infringement cases, where the patent holder does not license or otherwise commercially use its patents. 547 U.S. 388, 393 (2006). The Second Circuit has adopted the Supreme Court's reasoning in *eBay* and applied it in copyright cases. *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010). While *eBay* focused on the propriety of and procedure governing presumptions of harm when seeking injunctions, the Supreme Court and Second Circuit clearly articulated that a plaintiff must demonstrate injury, and that it cannot be presumed – simply showing ownership of

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 11 -

a patent (or copyright) and infringement is not enough. *Salinger*, 607 F.3d at 76, citing *eBay*, 547 U.S. at 391.

Logically, the only way to experience and be able to demonstrate market harm is to participate in the market.  As noted, there is no evidence Righthaven ever produced, distributed or licensed the content for which it owns copyrights, and thus has no basis to experience or demonstrate any form of harm to its relevant market.  Without such evidence, though, the Court cannot find – or presume – that Righthaven suffered any market harm.  Thus, this fourth factor, the most important in the Court's fair use analysis, *Harper & Row*, 471 U.S. at 566, must be resolved in Hoehn's favor.

### C. Righthaven Has Consistently Overreached with its Lawsuits and Ignored Defendants' Fair Use of its Copyrighted Works.

As of March 18, 2011, Righthaven has filed 250 lawsuits for copyright infringement occurring all over the country.[2]  Of the two that have progressed to a decision on their merits in this District, both - *Righthaven LLC v. Realty One Group, Inc.* and *Righthaven LLC v. Center for Intercultural Organizing* – have been resolved in favor of the defendants upon findings of fair use.  While the facts of these cases are not always identical, they are similar in the respect that Righthaven consistently overreaches the boundaries of fair use in order to file as many lawsuits as possible – the majority of which settle, at significant cost to the defendants, before any form of court intervention.  When the courts address the fair use issues at play in these cases, though, they are uniformly resolved in the defendants' favor – even when raised as a defense to default judgment. *See Righthaven v. Klerks*, No. 2:10-cv-00741 *2010 WL 3724897* at *1, 3 (D. Nev. Sept. 7, 2010).

This case is one of many in Righthaven's campaign to broadly construe any republication of a copyrighted work, whatever the context or circumstance of its reproduction, as willful infringement.  Yet, in every instance when such use has been analyzed as a matter of law,

---

[2] Steve Green, *Righthaven Loses Second Fair Use Ruling Over Copyright Lawsuits*, Las Vegas Sun (Mar. 18, 2011), available at http://www.lasvegassun.com/news/2011/mar/18/righthaven-loses-second-fair-use-ruling-over-copyr/ (*last accessed* Mar. 21, 2011).

- 12 -

1  Righthaven has been on the losing side.  For Hoehn's use of the Article *not* to be fair use would
2  be a significant aberration in these cases.  As the four fair use factors weigh in his favor in this
3  case, though, it is unlikely for Hoehn to be an outlier and the only Righthaven defendant to date
4  whose use was not found to be a non-infringing fair use by a court that considered the issue.

**Conclusion**

All of the facts needed for this Court to rule on Hoehn's Motion are properly before it at this time, and no additional discovery is needed to rule on the issue of fair use.  Righthaven has not introduced any facts to controvert those introduced by Hoehn, nor identified what facts would be necessary or sufficient to do so.  Even if it did, Righthaven has missed its window to seek leave for discovery under Rule 56(d) when opposing Hoehn's Motion.

Legally, the four fair use factors weigh in favor of Hoehn.  Hoehn's use of the Article was transformative, rather than substitutionary, and used a fact-driven article that lent itself to broad distribution and republication to others.  While Hoehn did use the entire article, he added his own commentary to it, and did not use it in a manner that would have been inconsistent with other cases that found full reproductions of copyrighted works to constitute non-infringing fair uses.  Finally, Hoehn's use of the Article did not affect the marketplace for that Article or other works; the LVRJ and Righthaven are in different markets that are unaffected by Hoehn's Forum postings.  Additionally, Righthaven has not introduced any evidence of market harm, and is not entitled to a presumption of such harm, due to its lack of participation in the relevant market.  Weighing these factors together, the Court has strong justification for granting summary judgment to Hoehn.

Dated: March 24, 2011

Respectfully Submitted,

RANDAZZA LEGAL GROUP

_____
J. Malcolm DeVoy IV

Attorney for Defendant,
*Wayne Hoehn*

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 13 -

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 24th day of March, 2011, I caused documents entitled:

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

to be served as follows:

[ ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[ ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

                                        /s/ J. Malcolm DeVoy_____
                                        J. Malcolm DeVoy