Marc J. Randazza (*Pro Hac Vice* Admission Pending)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company, | Case No. 2:11-cv-00050 |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| vs. | |
| WAYNE HOEHN, an individual | |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Wayne Hoehn (hereinafter, "Hoehn," or the "Defendant"), by and through his counsel, moves to dismiss Plaintiff Righthaven, LLC's (hereinafter "Righthaven['s]," or the "Plaintiff['s]") Complaint (Doc. # 1) filed on January 11, 2011 for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

**I. Introduction**

Plaintiff filed this lawsuit against Hoehn on January 11, 2011, which Hoehn Answered on February 4, 2011 (Doc. # 7).  On February 11, 2011, Hoehn filed his Motion for Summary Judgment on fair use grounds (Doc. # 8).  Righthaven filed an opposition to Hoehn's motion on March 7, 2011 (Doc. # 13) and Hoehn replied on March 24, 2011 (Doc. # 14).  A hearing on that motion is scheduled before this Court on May 3, 2011.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Pursuant to this Court's April 14, 2011 Order in *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-01356 Doc. # 93 (D. Nev., filed Apr. 14, 2011), new evidence regarding Righthaven's relationship with Stephens Media LLC (hereinafter "Stephens Media") has been unsealed and released to the public.  On April 15, 2011, an unredacted version of the Defendants' Supplemental Memorandum Addressing Recently Produced Evidence Relating to Pending Motions in the *Democratic Underground* case was made available on the Public Access to Court Electronic Records ("PACER") system, as well as this court's CM/ECF system. Case No. 2:10-cv-01356 Doc. # 79 (D. Nev., filed Mar. 9, 2011).  *See* Decl. of J. Malcolm DeVoy ¶¶ 2-3.  A true and correct copy of Exhibit A to Doc. # 79 in *Democratic Underground* is attached to this Motion as Exhibit A as well, for consistency. DeVoy Decl. ¶¶ 4-5; Exh. A.

This document clearly reveals that Righthaven lacked the rights to bring this suit, and thus this court lacks jurisdiction over this matter.   Under Rule 12(b)(1), subject matter jurisdiction is an essential element to every lawsuit, and must be present for any court to hear a dispute.  In this case, Righthaven does not have sufficient rights in the work putatively assigned to it by Stephens Media to bring – or maintain – its case against Hoehn.  As such, the Court should dismiss Righthaven's suit.

**II. Legal Standard**

Subject matter jurisdiction is an essential element to every lawsuit and must be demonstrated "at the successive stages of the litigation." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  The existence of subject matter jurisdiction is an ongoing inquiry that a court must conduct *sua sponte* in order to continue the case. *Chapman*, 631 F.3d at 954; *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).  Where subject matter jurisdiction is absent, a court has no discretion and must dismiss the case. *Chapman*, 631 F.3d at 954.

A central component to subject matter jurisdiction is the question of standing, which requires that the party experience actual or imminent harm. *Lujan*, 504 U.S. at 561 (citing *Whitmore v. Ark.*, 495 U.S. 149, 155 (1990)).  A party's standing to bring a case is not subject to

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

waiver, and can be used to dismiss the instant action at any time. Fed. R. Civ. P. 12(h)(3); *U.S. v. Hays*, 515 U.S. 737, 742 (1995); *Chapman*, 631 F.3d at 954.

## III. Argument

### A.     Righthaven Has No Standing to Bring This Case

Righthaven is neither the owner nor exclusive holder of any rights in the copyrighted work underlying this lawsuit.  As such, Righthaven has suffered no injury or other cognizable harm required for it to have standing under *Lujan*.  Absent this very basic requirement of standing, there is no subject matter jurisdiction in this case, and it must be dismissed.

For a plaintiff to sue for copyright infringement, it must have an exclusive right in a copyright. *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005); *see Sybersound Records v. UAV Corp.*, 517 F.3d 1137, 1144 (holding that only owners and "exclusive licensees" may enforce a copyright or license).  Without such exclusivity, a plaintiff has no standing to enforce a copyright. *Sybersound*, 517 F.3d at 1144.  As status as a copyright owner or exclusive licensee is prerequisite for enforcing such a right, a plaintiff with neither lacks standing to pursue an infringement claim on that copyright, as it cannot experience the injury requisite for Article III standing under *Whitmore* and *Lujan*.

Righthaven lacks sufficient rights under *Silvers* and *Sybersound* to bring this lawsuit. The Strategic Alliance Agreement (hereinafter, the "Agreement") between Stephens Media and Righthaven found in Exhibit A obviates the need to examine the copyright assignment for the work at issue in this case.[1]  Indeed, the Agreement makes it abundantly clear that Righthaven actually has *no* rights in the copyrights it claims.  Most importantly, Section 7.2 of the Agreement, Exhibit A, provides as follows:

/

/

---

[1] Judge Hunt ordered this document to be made public in *Righthaven LLC v. Democratic Underground LLC*, Case 2:10-cv-1356 Order, Doc. # 93 (D. Nev., filed Apr. 14, 2011).  His rationale included the fact that the contents of this document would have an impact on all Righthaven cases.  "As I have read these and other motions in this case, and considered the multitude of cases filed by Rightaven, on the claimed basis that Righthaven owns the copyrights to certain Stephens Media copy, it appears to the Court that there is certainly an interest and even a right in all the other defendants sued by [Righthaven] to have access to this material."  *Id*. at 4.

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

Despite any such Copyright Assignment, **Stephens Media shall retain (and is hereby granted by Right*haven*) an exclusive license to Exploit the Stephens Media Assigned Copyrights** for any lawful purpose whatsoever and **Right*haven* shall have no right or license to Exploit or participate in the receipt of royalties from the Exploitation of the Stephens Media Assigned Copyrights other than the right to proceeds in association with a Recovery**. To the extent that Right*haven's* maintenance of rights to pursue infringers of the Stephens Media Assigned Copyrights in any manner would be deemed to diminish Stephens Media's right to Exploit the Stephens Media Assigned Copyrights, Right*haven* hereby grants an exclusive license to Stephens Media to the greatest extent permitted by law so that Stephens Media shall have unfettered and exclusive ability to Exploit the Stephens Media Assigned Copyrights. Right*haven* shall have no Obligation to protect or enforce any Work of Stephens Media that is not Stephens Media Assigned Copyrights.

Emphasis added; "Exploit" defined in Exhibit A, Schedule 1.  Thus, while Stephens Media gives Righthaven the illusory rights for Righthaven to be *recognized* as the copyright holder of the works at issue in its lawsuits, it does not provide any transfer any of the rights in 17 U.S.C. § 106 that must be transferred to make a valid copyright assignment or license, and thus grant the assignee the right to sue. *See Silvers*, 402 F.3d at 885.  The "assignment" is a transparent sham that is designed to make Righthaven *appear* to be a copyright assignee for the purposes of filing suit, meanwhile the actual rights at issue are governed by this Agreement, which renders the assignment meaningless. (Exh. A.)  The Agreement even specifically precludes Righthaven from the most basic of assignee rights and prohibits Righthaven from "Exploit[ing]" (Exh. A, Schedule 1) the copyrighted works through distribution, publication or licensing.  In the end, Stephens Media is the only party to the Agreement with any exclusive rights in the copyrighted content.

But that is not the full extent of the sham and the fraud that has been perpetrated upon this court hundreds of times – as a right of reversion is also included in the Agreement.  As seen in Section 8 of the Agreement, Exhibit A:

Stephens Media shall have the right at any time to terminate, in good faith, any Copyright Assignment (the "Assignment Termination") and enjoy a right of complete reversion to the ownership of any copyright that is the subject of a

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Copyright Assignment; provided, however, that if Right*haven* shall have commenced an action to prosecute an infringer of the Stephens Media Assigned Copyrights, Stephens Media shall be exclusively responsible for effecting termination of such action including, without limitation, all Losses associated with any dismissal with prejudice.

In addition to Stephens Media having the exclusive license to use the copyrights for everything but Righthaven's lawsuits, it also retains the ability to reclaim those rights at any time. Righthaven does not even acquire the exclusive right to sue, as the full text of Section 8, found in Exhibit A, specifically contemplates Stephens Media litigating the infringement of the copyrights it assigns to Righthaven.

This is not a true copyright ownership that Righthaven has acquired, nor is it even an exclusive license – it is simply an attempt to illegally assign a copyright claim. And it is exactly that narrow, exploitative interest that the Ninth Circuit held flew in the face of the Copyright Act, and clearly stated could not be the basis of a copyright infringement lawsuit, in *Silvers*. 402 F.3d at 890; *see also Sybersound*, 517 F.3d at 1144.

### B.       Righthaven has Willfully Deceived this Court

Righthaven fought mightily to keep this evidence from the public and from all defendants in its legion of cases brought in this District. See *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-1356. An examination of the document and its implications for Righthaven's business model make the reason plain – it reveals the unlawful nature of Righthaven's actions before this court and renders all of its lawsuits null and void. For this reason, the Court has an independent justification for dismissing this case.

This Court has the inherent power to dismiss an action when a party has "willfully deceived" the Court and "engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982). Such conduct is inimical to the proper and equitable use of not only this Court's resources, but the justice system as a whole. There is little doubt, though, that this is exactly what Righthaven has done in this case.

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

In the Agreement, Stephens Media retains an "exclusive license" to exploit the copyrights allegedly assigned to Righthaven. (Exh. A § 7.2.)  Righthaven has no right to receive royalties for the copyrighted work's use, other than the recovery it is entitled to from litigation; additionally, Righthaven specifically gives Stephens Media an unspecified – but expansive[2] – exclusive license to exploit the copyrights. (*Id*.)  The extent to which Righthaven putatively owns the copyright is further undermined by Stephens Media's right to reversion, which allows it to take back the copyright at almost any time (*Id*. § 8.)

Meanwhile, in Righthaven's Complaint, it claims to be the "owner" of the copyrighted work (Doc. # 1 ¶¶ 9, 22) and avers to have the exclusive rights to reproduce the work, create derivatives of the copyrighted work, distribute copies of the work and publicly display the work under 17 U.S.C. § 106. (Doc. # 1 ¶¶ 29-32.)  All of these claims are clearly contradicted by Section 7.2 of the Agreement, which makes it clear that Righthaven has no rights to use the work for any purpose other than litigation, and is assigned the copyright solely to coat its lawsuits with the veneer of legitimacy. (Exh. A §§ 3.1, 3.3, 3.4, 7.1, 7.2.)

The Agreement embodied in Exhibit A defines the full scope of Stephens Media's relationship with Righthaven, rendering any analysis of an individual copyright assignment superfluous.  It is clear from the Agreement that whatever rights Righthaven does have from Stephens Media are insufficient to lawfully bring its lawsuit against this defendant (and others as well), and that it lacks standing to do so.  Righthaven willfully hid this information from the Court, and when one party discovered it, Righthaven fought extensively to keep the information from other defendants.  Now that it has seen the light of day, and this Court has opportunity to gaze upon it, Righthaven's deception stands starkly revealed.  This case must be dismissed.

## Conclusion

Under the law of this Circuit, Righthaven does not have the legal right to pursue its copyright infringement claim in this case.  As seen from Exhibit A, it has acquired no rights from Stephens Media, and certainly not enough to claim its copyrights were infringed upon.  As such, it has not suffered an injury cognizable by law, and its case is not properly before this Court.

---

[2] "[T]o the greatest extent permitted by law." (*Id*.)

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1   Therefore, consistent with Federal Rule of Civil Procedure 12(h)(3), this Court should dismiss

2   Righthaven's case against Hoehn.

3

4   Dated: April 17, 2011                                    Respectfully Submitted,

5                                                            RANDAZZA LEGAL GROUP

6

7                                                            Marc J. Randazza
                                                             J. Malcolm DeVoy IV
8

9                                                            Attorneys for Defendant,
                                                             *Wayne Hoehn*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 17th day of April, 2011, I caused documents entitled:

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

to be served as follows:

[    ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[    ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[    ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy_____

J. Malcolm DeVoy

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 8 -