Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No. 2:11-cv-00050<br><br>**DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

## DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

Randazza Legal Group (alternatively, the "Firm") and attorneys Marc J. Randazza ("Randazza") and J. Malcolm DeVoy IV ("DeVoy"), retained by Wayne Hoehn ("Hoehn") in the above-captioned matter, hereby bring this motion for attorney's fees and costs of $34,045.50 against Righthaven LLC (hereinafter, "Righthaven"), pursuant to Fed. R. Civ. P. 54, 17 U.S.C. § 505, the Court's June 20, 2011 order dismissing Righthaven's lawsuit on two bases – Righthaven's lack of standing and Wayne Hoehn's non-infringing fair use of the copyrighted work – and subsequent entry of judgment. (Docs. # 28 and 30.)

1.   On January 11, 2011, Righthaven filed suit against Hoehn, alleging direct copyright infringement and seeking statutory damages of $150,000. (Doc. # 1.)

2.   Shortly thereafter, Hoehn retained the Firm to represent him in the above-captioned matter.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 1 -

3. Hoehn Answered the Complaint on February 4, 2011. (Doc. # 7.) On February 11, Hoehn moved for summary judgment on the basis of fair use under the Copyright Act, 17 U.S.C. § 107. (Doc. # 8.)

4. Upon discovering new information about Righthaven in the month of April, Hoehn moved to dismiss Righthaven's action pending against him for lack of subject matter jurisdiction, through Fed. R. Civ. P. 12(b)(1). (Doc. # 16.)

5. On June 20, 2011, the Court dismissed Righthaven's case against Hoehn, finding that Righthaven lacked subject matter jurisdiction over the matter and Hoehn's use of the article Righthaven claimed to own was a non-infringing fair use under 17 U.S.C. § 107. (Doc. # 28.)

6. That same day, the Court's clerk entered judgment in Hoehn's favor. (Doc. # 30.)

7. Shortly thereafter, DeVoy contacted Righthaven's outside counsel, Shawn Mangano ("Mangano") to discuss the possibility of obtaining attorney's fees without motion practice. (Aff. of J. Malcolm DeVoy, hereinafter "DeVoy Aff." ¶¶ 13-16.)

8. On June 21, 2011, DeVoy, Randazza and Mangano met and conferred via telephone to discuss the possibility of Righthaven paying Hoehn's attorney's fees without moving the Court for an award of attorney's fees. (DeVoy Aff. ¶ 15.)

9. Mangano and the Firm exchanged e-mails following the June 21 phone call, but no agreement as to payment of attorney's fees was reached between the parties. (Id. ¶ 16.)

10. Hoehn, through Randazza Legal Group, seeks an award of attorney's fees and costs, pursuant to Fed. R. Civ. P. 54 and 17 U.S.C. § 505, as well as this Court's June 20, 2011 Order and entry of judgment (Docs. # 28, 30).

11. A true and correct report of time spent and costs expended on Hoehn's case, totaling 114.22 hours, worth $33,858.50, and $187.00 in costs – inclusive of time spent seeking an award of attorney's fees and the preparation of this Motion – is attached hereto as Exhibit A. (DeVoy Aff. ¶¶ 20-36.) In total, Randazza Legal Group seeks $34,045.50 in fees and costs, achieved by adding $187.00 to the 114.22 hours spent by attorneys Randazza and DeVoy, and

1 | other partners and associates within the firm in this matter, multiplied by their regular hourly
2 | rates between $425 and $275 per hour, respectively. (*Id.* ¶¶ 28-36.)

3 |     12.    The undersigned have complied with LR 54-16(c) in bringing this motion, and the
4 | fees sought by Randazza Legal Group are reasonable. (*Id.* ¶¶ 37-38.)

5 |     13.    Pursuant to Local Rule 54-16(b), the following considerations are salient to the
6 | Court's decision to award fees in this case.

    a.    In this case, Righthaven sought damages of $150,000 from Hoehn for willful copyright infringement under 17 U.S.C. § 501. (Doc. # 1.)  Following the Firm's motions for summary judgment and dismissal (Docs. # 8, 16), the Court has dismissed Righthaven's case against Hoehn, and found in the Defendant's favor on both the fair use and subject matter jurisdiction arguments raised in Hoehn's Motion for Summary Judgment and Motion to Dismiss, respectively. (Doc. # 28.)

    b.    The time and labor required for Hoehn's Motion for Summary Judgment (Doc. # 8), statement of material facts not in dispute (Doc. # 9), reply briefing (Doc. # 14), May 3 hearing (*see* Doc. # 19), Motion to Dismiss (Doc. # 16), reply briefing (Doc. # 26) and pursuit of attorney's fees following the Court's June 20 Order and entry of judgment (Docs. # 28, 30), including drafting this motion, the Firm has spent 114.22 billable hours representing Hoehn in the above-captioned matter (*see* Exh. A).

    c.    The questions presented by Hoehn's Motions were novel and among the first, and only, of their kind to be raised any of the 200+ prior Righthaven LLC. Hoehn is one of only three defendants in more than 250 Righthaven lawsuits to move for and obtain a fair use ruling, and one of only two to do so when using the full article allegedly owned by Righthaven. *See Righthaven LLC v. Ctr. for Intercultural Organizing*, Case No. 2:10-cv-01322 (Doc. # 38) (D. Nev. Apr. 22, 2011); *Righthaven LLC v. Realty One Group, Inc.*, 38 Med. L. Rptr. 2441 (D.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 3 -

1  Nev. 2010). Hoehn was also one of the first defendants to move for dismissal
2  based on Righthaven's lack of subject matter jurisdiction – the court in
3  *Righthaven LLC v. Democratic Underground LLC*, unsealed Righthaven's
4  Strategic Alliance Agreement ("SAA") with Stephens Media on April 14, 2011,
5  and Hoehn moved to dismiss on April 17, 2011 (Doc. # 16). Case No. 2:10-cv-
6  1356 (Docs. # 79-1, 93) (D. Nev. Apr. 14, 2011). Both of these issues required
7  technical, specified knowledge of copyright law and the Copyright Act to
8  effectively litigate, especially in the wake of Righthaven's May 9, 2011
9  "Clarification" to its SAA (Docs. # 23-25).

    d.    Demonstrably above-average skill and familiarity with copyright law, federal procedure and litigation generally was needed to not merely represent Hoehn, but win, on two separate bases: One being the fair use of an article republished in full online, and the other being the nationally significant question as to whether Righthaven had standing to sue Hoehn and hundreds of others, which has been closely followed in intellectual property, free speech and technology circles.

    e.    The Firm's ability to take on other representations and serve other clients was not significantly impaired by representing Hoehn in this matter. The Firm is troubled, however, by the time it has had to invest in a case where the plaintiff did not have standing to sue Hoehn by design of the SAA, which pre-dated Righthaven's Complaint (Doc. # 1) by nearly one year.

    f.    The customary fees for Randazza and DeVoy's time are $452 and $275 per hour, respectively; among similarly skilled and accomplished attorneys, this fee is reasonable. (*Id*. ¶¶ 29-30, 38.)

    g.    In the above-captioned matter, Randazza Legal Group regularly billed Hoehn for their services on an hourly basis. (*Id*. ¶¶ 23, 26-27.)

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

h.  The Firm had minimal time to prepare its Motion for Summary Judgment (Doc. # 8) and statement of facts (Doc. # 9) in this case, as it sought to avoid costly and prolonged discovery with Righthaven. Additionally, the Firm prepared Hoehn's Motion to Dismiss (Doc. # 16) within just three days from the *Democratic Underground* court's order unsealing the SAA, as the Firm sought to terminate the litigation as early as possible. Case No. 2:10-cv-1356 (Doc. # 93).

i.  Randazza is or has been counsel of record for parties or *aimici* in six Righthaven cases in this District and in the District of Colorado. DeVoy is or has been counsel of record for parties or *amici* in at least nine Righthaven cases in this District and in the District of Colorado, and participated in many more. Randazza is a graduate of Georgetown University Law Center, a nationally recognized specialist on First Amendment issues, focusing on copyright and trademark matters, and regularly appears in the media, including National Public Radio and the New York Times.[1] (*See* DeVoy Aff. ¶¶ 2-3.) DeVoy is a *cum laude* 2010 graduate of the University of Wisconsin Law School and regularly involved in copyright disputes across the country.[2] (*See Id*. ¶¶ 2-4.)

j.  Hoehn's representation had several challenging elements to it, namely that he had copied the full article at issue – historically a difficult proposition for finding non-infringing fair use of the work – and that very little was known about Righthaven's true rights in the copyrighted work at the time suit was filed against him.

k.  Hoehn retained the Firm for the purpose of representation in the above-captioned matter and has requested his attorneys to seek fees for him as a conclusion of litigation. (*Id*. ¶¶ 5-7, 9-10, 14.)

---

[1] Randazza Legal Group, Marc J. Randazza, http://randazza.com/attorneys/randazza.html (*last accessed* July 4, 2011).

[2] Randazza Legal Group, J. Malcolm DeVoy, http://randazza.com/attorneys/DeVoy.html (*last accessed* July 4, 2011).

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

l.	In *Hussein v. Dugan*, Case No. 3:05-cv-00381-PMP-RAM, Doc. # 444 (D. Nev., filed June 30, 2010), this District awarded one defendant $49,291.50 and the other $12,487.50 – their actual legal fees – in defending motions for sanctions frivolously filed by the plaintiff in that action, as the attorney's actual fees were reasonable under the lodestar test.  As Righthaven lacked standing to bring this action, yet Hoehn was required at considerable expense to litigate its merits and vindicate his rights on fair use grounds and to establish Righthaven lacked standing, Hoehn is entitled to recover fees expended in defense of a lawsuit that never should have been brought.  *Hussein* is an analogous case supporting Hoehn's entitlement to fees because both the defendants in that case and the defendant in the instant matter have incurred significant costs to defend against litigation that served no valid purpose and was promulgated to harass, intimidate and coerce settlement from the defendant.

Wherefore, for the above reasons, Hoehn, through his counsel, requests an award of attorney's fees and costs of $34,045.50 against Righthaven, consistent with this Court's June 20, 2011 Order and entry of judgment.

Dated July 5, 2011

Respectfully Submitted,

RANDAZZA LEGAL GROUP

_____
Marc J. Randazza
J. Malcolm DeVoy IV

Attorneys for Defendant,
*Wayne Hoehn*

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 5th day of July, 2011, I caused the document(s) entitled:

- **DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS**

and all attachments to be served as follows:

[ ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[ X ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

                                      /s/ J. Malcolm DeVoy_____

                                      J. Malcolm DeVoy

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113