Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No. 2:11-cv-00050<br><br>**AFFIDAVIT OF J. MALCOLM DEVOY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES** |

### AFFIDAVIT OF J. MALCOLM DEVOY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

I, J. MALCOLM DEVOY, hereby declare as follows:

1. I am a duly licensed attorney in Nevada and a member of the Nevada bar in good standing, attorney for the Randazza Legal Group law firm (alternatively, the "Firm"), and served as counsel of record with Marc J. Randazza for Wayne Hoehn ("Hoehn") in this matter.

2. I am, or have been at various points, counsel of record in several other cases where Righthaven LLC is or has been the Plaintiff, both in this District and in Colorado, and have participated as counsel against Righthaven LLC many other cases where the Defendant did not appear before the Court and require my appearance.

3. I have seen news coverage of my firm's participation, and myself in the role of attorney, in these Righthaven LLC cases in news outlets and web logs including the New York

- 1 -

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1  Times, Las Vegas Sun, Ars Technica, Techdirt, the Citizen Media Law Project and Daily Kos.

2      4.    In addition to being licensed in Nevada, I am licensed in Wisconsin as well, and have
3  been active in copyright litigation in both states.

4      5.    In January 2011, Wayne Hoehn contacted Randazza Legal Group and retained us to
5  represent him at the trial level in the above-captioned matter.

6      6.    Within the scope of this representation, the Firm prepared and filed an Answer for
7  Hoehn (Doc. # 7), followed by a Motion for Summary Judgment on fair use grounds (Doc. # 8)
8  and related filings and reply briefing (*see* Docs. # 9, 11, 14).

9      7.    Marc Randazza and I prepared for and attended a hearing regarding Hoehn's Motion
10  for Summary Judgment on May 3, 2011. (Docs. 15, 19.)

11      8.    While the Motion for Summary Judgment (Doc. # 8) was pending, Righthaven's
12  Strategic Alliance Agreement ("SAA") with Stephens Media LLC was made part of the public
13  record in *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-1356 (Docs. #
14  79-1, 93) (D. Nev. Apr. 14, 2011).

15      9.    Based on this document, which the Court held did not grant Righthaven standing to
16  sue Hoehn, the Firm filed Hoehn's motion to dismiss Righthaven's lawsuit for lack of subject
17  matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. # 16.)

18      10.    The Firm also prepared reply briefing and other filings for the Court on Hoehn's
19  behalf in this matter. (Docs. 17, 18, 20, 26, 27.)

20      11.    Throughout this time, Marc Randazza and I would confer with one another and the
21  client, Wayne Hoehn, with respect to the status of the case, new evidence that had surfaced in
22  other Righthaven cases, and strategy to resolve the case through dismissal or other means.

23      12.    On June 20, the Court issued an Order dismissing Righthaven's lawsuit against
24  Hoehn due to both Righthaven's lack of standing and the Court's finding that Hoehn's use of the
25  article was a non-infringing, constitutionally protected fair use of the work under 17 U.S.C. §
26  107. (Doc. # 28.)

27      13.    On June 20, the Court's clerk entered judgment in Hoehn's favor. (Doc. # 30.)

28

14. Thereafter, the Firm set up a call with Righthaven's outside counsel, Shawn Mangano to discuss the possibility of Righthaven paying Hoehn's attorney's fees absent a Court order, which Hoehn hoped to recover after prevailing in the case and asked us to pursue.

15. On June 21, Marc Randazza, Shawn Mangano and I had a call to discuss Righthaven potentially paying Hoehn's attorney's fees.

16. From June 21 to 22, I exchanged e-mails with Marc Randazza and Shawn Mangano concerning the possibility of Righthaven's remuneration of Hoehn's attorney's fees without further motion practice

17. To date, Righthaven has not taken any conclusive position regarding the payment of attorney's fees to the Firm in this case.

18. At this time, there is no agreement between Righthaven LLC and Randazza Legal Group as to the payment of attorney's fees, despite the Firm's efforts to engage Righthaven LLC without pursuing this Motion.

19. Marc Randazza, admitted *pro hac vice* in this case, and I are responsible for the billing related to Hoehn's representation, including time expended seeking attorney's fees from Righthaven.

20. I am personally familiar with the time-keeping software and system used by the Firm.

21. Marc Randazza and I tracked the time I spent on this matter by entering it, in increments of one-tenth of an hour, using Randazza Legal Group's time-tracking and billing software, Bill 4 Time.

22. Using the various interfaces available on Bill 4 Time – online, as a desktop application, or as a mobile application – Marc Randazza and I logged time entries after completing the work represented by that time entry, and provided a brief description of the services rendered during that time.

23. The invoice attached to this Motion as Exhibit A, is a true and correct copy of a report of hours spent in relation to representing Hoehn, using the time entries and descriptions Marc Randazza, Jason Fischer, Jessica Christensen and I entered into the Bill 4 Time application,

as Hoehn was regularly billed for Marc Randazza and my time, as measured on an hourly basis.

24. The report found in Exhibit A was prepared using the Bill 4 Time interface available at <bill4time.com> after logging in with my account, and selecting the "Reports" tab, and creating an Client Summary Report for Wayne Hoehn.

25. This report was configured to display the description each billing entry entered into the Bill 4 Time application, and display all billing entries from January 1, 2011 to July 4, 2011, to capture all billing entries made in the course of Hoehn's representation.

26. After selecting these parameters, a report displaying time entries for the representation of Wayne Hoehn was generated. This report displays the date of the time entry, the user performing the work, the description entered for each time entry by the user, and the amount of time spent performing that activity – as entered into Bill 4 Time – tracked in one-tenths of an hour. The dollar value of each entry is also displayed in the report in the far-right column titled "Billable/Sell".

27. At the bottom of the report, totals for labor hours expended in representing Hoehn and the normal billing rate for such expenditures are displayed with the title "Grand Totals Labor".

28. As seen in the report's conclusions, Randazza, Fischer, Christensen and I have spent 114.22 hours representing Hoehn, including preparing this Motion for attorney's fees.

29. Marc Randazza's regular hourly billable rate was $425 per hour when this case commenced, but has since been raised to $500 per hour. In this case, though, Mr. Hoehn has continued to enjoy the prior rate.

30. My regular hourly billable rate is $275 per hour.

31. Multiplying the appropriate rate by the hours their respective user spent working on this matter, the total attorney's fees incurred representing Hoehn in this matter are $33,858.50.

32. Expenses incurred during the scope of representation, and compensable under the Local Rules, are also reflected in this report as "Grand Totals Expense."

33. Using the Bill 4 Time interface, a user may enter expenses for representation by

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 4 -

1. entering the amount spent, noting for what client it was incurred, and entering a brief description
2. of the expense.
3.     34. In this case, as seen in Exhibit A, the expenses incurred are $175.00 for Marc
4. Randazza's pro hac vice application, and $12.00 for parking for Hoehn's May 3 hearing.
5.     35. Thus, the total amount of costs incurred by Randazza Legal Group in connection with
6. Hoehn's representation is $187.00. (Exh. A.)
7.     36. The total of fees and costs expended by Randazza Legal Group in connection with
8. representing Hoehn, as seen in the final "Grand Totals" line of Exhibit A, is $34,045.00.
9.     37. Pursuant to Local Rule 54-16(c), I affirm that I have reviewed and edited the billing
10. report attached as Exhibit A, am, with Marc Randazza, responsible for the billings reflected
11. therein, and authenticate that the information contained therein is true and correct.
12.     38. Pursuant to Local Rule 54-16(c), I further affirm that the costs and fees charged as
13. reflected in Exhibit A are reasonable. Due to the skills, experience and recognition achieved by
14. Randazza Legal Group, particularly in Righthaven cases within this District and nationwide, the
15. attorneys of record's hourly fees between $425 and $275 per hour are reasonable as a market rate
16. both nationally and within the Las Vegas legal market.
17.     I declare under penalty of perjury that the foregoing is true and correct.
18. Dated: July 5, 2011

By: _____
J. Malcolm DeVoy IV

State of Nevada    )
                      ) SS:
Clark County      )

Sworn and subscribed to me this _05_ day of _July_ 2011

_____
Notary Public

My commission expires _6/16/14_

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
No: 04-87449-1
DIANNE L HAMRICK
My Appointment Expires June 16, 2014

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 5 -