SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>    Defendant. | Case No.: 2:11-cv-00050-PMP-RJJ<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT WAYNE HOEHN'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Righthaven LLC ("Righthaven") hereby responds to Defendant Wayne Hoehn's ("Defendant") Motion for Attorneys Fees and Costs (Docs. # 32, 32-1, the "Motion"). This response is based on the below memorandum of points and authorities, the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

Righthaven has no basis to contest Defendant's patriotism, distinguished military service, or courageous service to the United States of America. (Doc. # 32-1 at 2.) In fact, Righthaven commends Defendant's honorable service, which was performed on the fields of battle in one the most infamous and divisive foreign conflicts in our country's history. Defendant's service

credentials and courage under fire, however, are not at issue in the Motion. Rather, his entitlement, or more aptly stated – his lawyers' entitlement, to the recovery of fees and costs in this action are the issues for determination by this Court.

Defendant's Motion was filed shortly after this Court's June 20, 2011 Order (Doc. # 28, the "June 20th Order"). The June 20th Order dismissed Righthaven's Complaint for lack subject matter jurisdiction by determining it did not have standing to sue for copyright infringement. (*Id.* at 6-10, 17.) Despite having found that it lacked subject matter jurisdiction, the Court nevertheless also granted Defendant's motion for summary judgment that any alleged infringement constituted fair use under 17 U.S.C. § 107. (*Id.* at 11-17.)

Based on the June 20th Order, Defendant invokes two statutory grounds for an award of attorneys' fees and costs: (1) Federal Rule of Civil Procedure 54(d) ("Rule 54(d)"); and (2) 17 U.S.C. § 505 ("Section 505"). Defendant maintains the Court's dismissal for lack of subject matter jurisdiction and/or its dismissal on fair use grounds qualify him as a prevailing party under Rule 54(d). (Doc. # 32-1 at 5-7.) Defendant similarly contends these grounds establish him as a prevailing party under Section 505. (*Id.*)

As argued below, the Court is not empowered to enter an award of attorneys' fees and costs given that it lacks subject matter jurisdiction over this case. Simply put, without authority to adjudicate the merits or any other matter based on a want of jurisdiction, the Court similarly cannot award Defendant attorneys' fees and costs as requested in his Motion.

Should Defendant somehow convince the Court it is empowered to award attorneys' fees and costs despite a lack of jurisdiction, he still does not qualify as a prevailing party under Rule 54(d) or Section 505. As explained below, the only basis for an award of attorneys' fees and costs under Rule 54(d) or Section 505 would unfortunately require the Court to rely upon its fair use ruling. Unfortunately, the Court's fair use finding is a nullity after it concluded that subject matter jurisdiction could not be exercised over Righthaven's Complaint. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577 (1999) ("[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits."); *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998) (noting a court's statutory or constitutional power to

adjudicate the case must generally be decided before the merits); *Wilbur v. Locke,* 423 F.3d 1101, 1106 (9th Cir. 2005); *Orff v. United States,* 358 F.3d 1137, 1149 (9th Cir. 2004) (rulings on the merits vacated "as nullities" absent subject matter jurisdiction); *Wages v. IRS,* 915 F.2d 1230, 1234 (9th Cir.1990); *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1380-81 (9th Cir. 1988) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss' . . . .") (internal citations omitted).  Moreover, as explained below, Defendant cannot recover an award of attorneys' fees and costs under either Rule 54(d) or Section 505 given the Court's dismissal of Righthaven's Complaint without prejudice for lack of subject matter jurisdiction.

In sum, while Defendant may appear to paint a portrait of a successful and valiant constitutional advocate, these characterizations do not alter the required outcome under substantive, controlling authority.  Accordingly, as argued below, the Court is required to deny Defendant's Motion.

## II.     STATEMENT OF FACTS

Righthaven filed this copyright infringement action on January 11, 2011.  (Doc. # 1.) Righthaven asserts that it is the owner of the copyrighted literary work entitled "Public employee pensions. We can't afford them" (the "Work"), which was originally published by the *Las Vegas Review-Journal*. (*Id.* at 2, Doc. # 1-1 at 2-3.)

Righthaven asserted that the Defendant was a registered user of and content contributor to the Internet domain <madjacksports.com> (the "Domain" and the content available through the Internet at the Domain is referred to herein as the "Website"). (Doc. # 1 at 2.)  Since July 13, 1999, Defendant has been identified by the as the user name "Dogs that Bark" on the Website. (*Id.*)  According to data published on the Website, Defendant had contributed approximately 18,000 total posts to the Website during this time period.  (*Id.*)  Righthaven further contended that the owner and operator of the Website never employed Defendant. (*Id.*)

Righthaven asserted in this case that on or about November 29, 2010, the Defendant displayed an unauthorized reproduction of the Work as part of the content contributed by him on the Website.  (*Id.* at 2, 4.)  Righthaven further maintained that Defendant willfully copied the

Work without authorization and contributed it as content on the Website. (*Id.* at 5.) Righthaven demanded entry of a permanent injunction and an award of statutory damages against Defendant in the action as relief. (*Id.* at 5-6.) Righthaven also demanded a jury trial in this case. (*Id.* at 6.)

On February 4, 2011, Defendant answered the Complaint. (Doc. # 7.) Shortly thereafter, Defendant filed a motion for summary judgment on fair use grounds. (Doc. # 8.) While Defendant's motion for summary judgment was pending, he filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. # 16.) On May 3, 2011, the Court heard oral argument on Defendant's motion for summary judgment and took the matter under submission. (Doc. # 19.) The Court's June 20th Order, which granted Defendant' motion for lack of subject matter jurisdiction and also granted his motion for summary judgment on fair use grounds, was issued. (Doc. # 28.) A Clerk's Judgment was entered in Defendant's favor the same day. (Doc. # 29.) Defendant's Motion currently before the Court was subsequently filed on July 5, 2011. (Doc. # 32.)

While Righthaven certainly disagrees with the Court's June 20th Order, it unquestionably asserts that Defendant's Motion must be denied given the manner in which this case was adjudicated. In this regard, Righthaven is hopeful the Court will understand that in advancing arguments that address the apparent error in granting Defendant's motion for summary judgment on fair use grounds, it does so with all due respect and with a desire to encourage correction of the June 20th Order.

### III.  ARGUMENT

  **A.  The Court Cannot Award Attorneys' Fees And Costs Because it Lacks Subject Matter Jurisdiction Over This Case.**

The Court unquestionably determined that it lacked subject matter to entertain this dispute. (Doc. # 28 at 6-10, 17.) Given the lack of subject matter jurisdiction, the Court cannot award Defendant attorneys' fees and costs as requested in the Motion.

Numerous courts from a variety of jurisdictions have held that there cannot be an award of attorneys' fees unless has jurisdiction over the action. *See also Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("[T]he court having determined that it lacks

4

subject matter jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.")(emphasis in original); *Hudson v. Principi,* 260 F.3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."); *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir. 1994) ("Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law 'that lack of jurisdiction bars and award of attorneys fees under [42 U.S.C. §] 1988.")(internal brackets omitted); *United States v. 87 Skyline Terrace,* 26 F.3d 923, 927 n.6 (9th Cir. 1994) (listing cases holding that "subject matter jurisdiction is a condition precedent to an award of fees under the EAJA"); *Branson v. Nott,* 62 F.3d 287, 293 (9th Cir. 1995) (declining to confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was lacking); *Clark v. Busey,* 959 F.2d 808, 810 (9th Cir. 1992) ("Subject matter jurisdiction to decide the merits of the underlying action is a condition precedent to an award of fees or costs under the EAJA." (internal quotations omitted); *Johnson-Manville Corp. v. United States,* 893 F.2d 324, 328 (Fed. Cir. 1989) (finding a lack of subject matter jurisdiction barred fee award); *Lane v. United States,* 727 F.2d 18, 20-21 (1st Cir. 1984) (determining that a want of subject matter jurisdiction precluded an award of fees).

In fact, entry of an award of attorneys' fees and costs would be vacated as a nullity given the Court's lack of subject matter jurisdiction. As stated by the Ninth Circuit:

> If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss . . . . If jurisdiction was lacking then the court's various orders . . . were nullities.

*Morongo Band of Mission Indians,* 858 F.2d at 1380-81; *accord American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 18 (1951) (requiring a district court to vacate judgment after having determined that the district court lacked subject matter jurisdiction over the suit); *see also United States v. 51 Pieces of Real Prop., Roswell, N.M.,* 17 F.3d 1306, 1309 (10th Cir. 1994) ("[A] judgment is void if the court that enters it lacks jurisdiction over . . . the subject matter of the action."); *Peralta Shipping Corp. v. Smith & Johnson (Shipping) Corp.,* 739 F.2d 798, 804 n.6

(2d Cir. 1984) ("[A] judgment entered by a court lacking in subject matter jurisdiction may not stand.").

As the host of cited authorities support, this Court cannot award Defendant attorneys' fees and costs as requested because it found that it lacked subject matter jurisdiction over this action. (Doc. # 28 at 6-10, 17.) If any such award were entered by the Court is would be void, unenforceable and constitute a nullity in the record. Accordingly, the Court should deny Defendants' Motion on the grounds that it lacks subject matter jurisdiction necessary to award the relief requested therein.

**B. The Court Lacked Authority to Adjudicate Defendant's Motion For Summary Judgment on Fair Use Grounds Once it Determined it Lacked Subject Matter Jurisdiction Over This Case.**

The Court unquestionably determined that Righthaven lacked standing to maintain its copyright infringement claim against the Defendant, which resulted in the dismissal of its Complaint without prejudice for a want of subject matter jurisdiction. (Doc. # 28 at 6-10, 17.) Despite this conclusion, the Court then granted Defendant's motion for summary judgment on fair use grounds.[1] (*Id.* at 11-17.) The Court erred in granting Defendant's motion for summary judgment on fair use grounds after determining that it lacked subject matter over the case. While this error may appear inconsequential at first, it is not. Absent the Court's unauthorized ruling in favor of Defendant on his fair use defense, no basis exists to grant his current Motion.

The law is clear that a court cannot adjudicate the any merits in a dispute upon determining that it lacks subject matter jurisdiction over an action. *Ruhrgas AG,* 526 U.S. at 577 ("[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits."); *Steel Co.,* 523 U.S. at 94-95 (noting a court's statutory or constitutional power to adjudicate the case must generally be decided before the merits); *Wilbur,* 423 F.3d at 1106; *Orff,* 358 F.3d at 1149 (rulings on the merits vacated "as nullities" absent subject matter jurisdiction); *Wages,* 915 F.2d at 1234; *Morongo Band of Mission Indians,* 858 F.2d at 1380-81 ("If

---

[1] Fair use is an affirmative defense upon which the Defendant bears the burden of proof on all required elements. *See Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1158 (9th Cir.

jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss' . . . .") (internal citations omitted); *see also Brereton,* 434 F.3d at 1216 ("[T]he court having determined that it lacks subject matter jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.")(emphasis in original).  As recognized by the Ninth Circuit, "a judge ordering a dismissal based upon lack of subject matter jurisdiction 'retains no power to make judgments relating to the merits of the case.'" *Wages,* 915 F.2d at 1234 (quoting *Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1035 (9th Cir.1985)). "Consequently, a judge who concludes that subject matter jurisdiction is lacking has no power to rule alternatively on the merits of a case." *Id.* (citing *Cook,* 775 F.2d 1035 ("Dismissal based on failure to state a claim requires a judgment on the merits and cannot be decided before the court assumes jurisdiction....")). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Cone Corp. v. Florida Dep't of Transp.,* 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991).

      Here, the Court entered the June 20th Order without the benefit of either Righthaven or Defendant advising it that a lack of subject matter jurisdiction would materially affect the pending motion for summary judgment.  Quite frankly, it is doubtful counsel for either party fully appreciated the ramification of the Court finding in Defendant's favor on both his motion to dismiss for lack of subject matter jurisdiction and his motion for summary judgment on fair use. Any resulting confusion or failure to advise the Court of these issues prior to or shortly after the June 20th Order was certainly unintentional given the procedural posture of the case before the pending motions were adjudicated.

      The foregoing observations aside, it is crystal clear that the Court once it determined that it lacked subject matter over this dispute it did not have authority to grant Defendant's motion for summary judgment on fair use grounds. Righthaven respectfully asks the Court to revisit its June 20th Order in view of the cited authorities and, if it agrees with the above analysis, enter an amended order limited to its subject matter jurisdiction determination.  Failing to do so, only invites an issue for appellate review that can, and should, be rectified by the Court.

Regardless of any corrective action taken, the fair use decision in Defendant's favor is a nullity given the Court's determination that it lacked subject matter jurisdiction. *See, e.g., Orff,* 358 F.3d at 1149 (rulings on the merits vacated "as nullities" absent subject matter jurisdiction). Accordingly, the Court cannot rely on its fair use decision in Defendant's favor in order to confer "prevailing party" status for the recovery of attorneys' fees and costs under Rule 54(d) or Section 505.

### C.     Defendant Cannot Recover Attorneys' Fees And Costs Under Rule 54(d).

As stated above, Defendant asks the Court to grant the Motion based on Rule 54(d) and/or Section 505. (Doc. # 32-1 at 1.)  Defendant is not entitled to relief under Rule 54(d).

First, the plain language of Rule 54(d) precludes Defendant from recovering attorneys' fees and costs.  Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Given that Defendant has identified Section 505 as a statutory basis for the recovery of attorney's fees and costs, he should be able to invoke Rule 54(d) for such relief.  Rather, Defendant's grounds for any such recovery must be based on Section 505.

Second, Defendant cannot recover attorneys' fees and costs under Rule 54(d) because he does not qualify for prevailing party status since the Court dismissed Righthaven's Complaint for lack of subject matter jurisdiction.  As held by the Ninth Circuit, "costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)." *Miles v. California,* 320 F.3d 986, 988 (9th Cir. 2003).

Given that Defendant can look to Section 505 as a basis for his requested relief, he cannot concurrently do so under Rule 54(d).  Moreover, even if he could do so, Defendant fails to qualify as a "prevailing party" under Rule 54(d) based on the Court's dismissal for lack of subject matter jurisdiction.  As previously discussed, the Court's fair use determination cannot be relied upon to qualify Defendant as a prevailing party in this case given the absence of subject matter jurisdiction. *See Ruhrgas AG,* 526 U.S. at 577; *Steel Co.,* 523 U.S. at 94-95; *Wilbur,* 423 F.3d at 1106; *Orff,* 358 F.3d at 1149; *Wages,* 915 F.2d at 1234; *Morongo Band of Mission*

*Indians,* 858 F.2d at 1380-81   Accordingly, Defendant is not entitled to the relief requested in the Motion under Rule 54(d).

### D.   Defendant Cannot Recover Attorneys' Fees And Costs Under Section 505.

As argued above, Defendant is not entitled to relief under Rule 54(d) because a specific statute, Section 505, exists for him to attempt to recover attorneys' fees and costs.  This procedural clarification aside, the same result is compelled – Defendant still not entitled to recover attorneys' fees and costs under Section 505.

Section 505 permits a prevailing party to recover reasonable attorneys' fees and costs. 17 U.S.C. § 505.  A district court's discretion to award attorneys' fees under Section 505 is only "triggered if the party in fact prevailed on the copyright claim." *Cadkin v. Loose,* 569 F.3d 1142, 1147 (9th Cir. 2009) ("*Cadkin*").  In *Cadkin*, the Ninth Circuit adopted the "material alteration" test established by the United States Supreme Court in *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001) ("*Buckhannon*")[2] to determine whether a litigant qualifies for "prevailing party" status under Section 505. *Id.* at 1149.  In doing so, the Ninth Circuit held that a copyright infringement claim voluntarily dismissed without prejudice did not qualify the dismissed party for "prevailing party" status under Section 505. *Id.* at 1149-50.  As a result, the Ninth Circuit reversed the district court's award of attorneys' fees and costs under Section 505. *Cadkin,* 569 F.3d at 1150.   Here, despite Defendant's arguments to the contrary, he also does not qualify as a "prevailing party" under Section 505.

To begin with, the dismissal of a copyright infringement claim for lack of subject matter jurisdiction does not confer "prevailing party" status under Section 505 in view of *Buckhannon*. *See Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 164 (1st Cir. 2007) (holding the material alteration test applies to copyright claims and concluding that a dismissal for lack of subject matter jurisdiction does not confer prevailing party status).  As noted by one highly regarded copyright law scholar, in order to qualify as a "prevailing party" after *Buckhannon* one

---

[2] The Supreme Court has defined a "prevailing party" as one who has obtained an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon,* 532 U.S. at 603-05.

must obtain a judgment on the merits. *See* 4-14 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 14.10[B] ("[S]ince the Supreme Court's decision in [*Buckhannon*], it has been held that a prevailing party can only be one who `secure[d] a judgment on the merits or a court-ordered consent decree.'" (quoting *Chambers v. Time Warner, Inc.,* 279 F.Supp.2d 362, 365 (S.D.N.Y. 2003)).

Courts of appeal from a vast array of circuits have determined that a dismissal for lack of jurisdiction is not an adjudication on the merits. *See Stalley v. Orlando Reg. Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *Miles,* 320 F.3d at 988 (dismissal for lack of subject matter jurisdiction does not qualify for prevailing party status); *Wages,* 915 F.2d at 1234 ("A jurisdictional dismissal is not a judgment on the merits."); *GHK Exploration Co. v. Tenneco Oil Co.,* 857 F.2d 1388, 1392 (10th Cir.1988) ("[A] court-ordered dismissal for lack of subject matter jurisdiction is also not a decision on the merits ...."); *cf. Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1188 (11th Cir.2003) (stating that a dismissal for lack of subject matter jurisdiction "plainly is not an adjudication on the merits that would give rise to a viable res judicata defense").

As the above cases demonstrate, the Court's dismissal of Righthaven's Complaint for lack of subject matter jurisdiction is not an adjudication on the merits required to confer "prevailing party" status upon the Defendant so as to permit the recovery of attorneys' fees and costs.  Because Defendant cannot qualify as a "prevailing party", he is barred from recovering attorneys' fees and costs under Section 505.

Righthaven's Complaint was dismissed because the Court determined that it lacked subject matter jurisdiction. (Doc. # 28 at 6-10, 17.)  Given the lack of subject matter jurisdiction, and based on the foregoing cited authorities, Defendant cannot constitute a prevailing party under Section 505. *See Torres-Negron,* 504 F.3d at164 & n. 9 (holding the material alteration test applies to copyright claims and concluding that a dismissal for lack of subject matter jurisdiction does not confer prevailing party status).  This conclusion is wholly consistent with decisions that have reached the same conclusion under other federal statutes and rules. *See Miles,*

320 F.3d at 988 (barring recovery of attorneys' fees and costs under Rule 54(d)); *Branson,* 62 F.3d at 293 (declining to confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was lacking); *Clark,* 959 F.2d at 810 ("Subject matter jurisdiction to decide the merits of the underlying action is a 'condition precedent' to an award of fees or costs under the EAJA."); *see also Hudson,* 260 F.3d at 1363 ("This court and other have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."). The cited authorities conclusively demonstrate that Defendant does not qualify as a prevailing party under Section 505 given the Court's dismissal of Righthaven's Complaint for lack of subject matter jurisdiction. Accordingly, Defendant's failure to qualify as a "prevailing party" under Section 505 statutorily bars his ability to recover attorneys' fees and costs under the statute.

Further supporting the conclusion that Defendant does not qualify for prevailing party status under Section 505 is supported by the effect of the Court's dismissal for lack of subject matter jurisdiction.  As noted in the Ninth Circuit's decision in *Cadkin*, which adopted the material alteration test to determine prevailing party status in order to qualify for an award of attorneys' fees and costs, a voluntary dismissal of an action "'does not alter the legal relationship of the parties because the [dismissed parties] remain subject to the risk of refilling'" following a dismissal without prejudice. *Cadkin,* 569 F.3d at 1149 (quoting *Oscar v. Alaska Dep't of Educ. & Early Dev.,* 541 F.3d 978, 981) (9th Cir. 2008)). The panel's decision in *Oscar* declined to afford prevailing party status to defendant under the Individuals with Disabilities Act because "dismissal without prejudice does not alter the legal relationship between the parties because the defendant remains subject to the risk of re-filing." *Oscar,* 541 F.3d at 891.  The Ninth Circuit panel in *Cadkin* astutely reasoned:

> [Defendants] who remain subject to the risk that the [plaintiffs] will refile their copyright claims, despite the district court's orders dismissing without prejudice the original complaint and the first amended complaint and voluntarily dismissing without prejudice the second amended complaint.  The [plaintiffs] have not been deprived of the ability to seek relief in federal court against the [defendants] under the Copyright Act.

*Cadkin,* 569 F.3d t 1150.

Here, the identical threat of Righthaven re-filing suit against Defendant exists because a dismissal for lack of subject matter jurisdiction is deemed to be without prejudice. *See, e.g., Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988); *see also Crotwell v. Hockman-Lewis Ltd.,* 734 F.2d 767, 769 (11th Cir. 1984). Thus, while Defendant may have obtained a procedurally technical victory, he has not won the war should Righthaven elect to re-file its Complaint against him tomorrow. Nothing prohibits the company for doing so, just as with the plaintiffs in *Cadish*. Accordingly, there is simply no reasonable basis for the Court to determine that Defendant is a prevailing party under Section 505, even if it somehow finds that it has subject matter jurisdiction sufficient to proceed this far in its analysis of the Motion.

## IV.   CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court deny Defendant's Motion and grant such other relief as it deems appropriate and just.

Dated this 22nd day of July, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 22nd day of July, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*