Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RIGHTHAVEN, LLC, a Nevada limited liability
company,

                    Plaintiff,

        vs.

WAYNE HOEHN, an individual,

                    Defendant.

Case No. 2:11-cv-00050

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR ATTORNEYS' FEES AND COSTS**

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR ATTORNEYS' FEES AND COSTS

Randazza Legal Group (alternatively, the "Firm") and attorneys Marc J. Randazza ("Randazza") and J. Malcolm DeVoy IV ("DeVoy"), retained by Wayne Hoehn ("Hoehn") in the above-captioned matter, hereby reply to the response to Hoehn's motion for attorney's fees filed by Righthaven LLC (hereinafter, "Righthaven") (Doc. # 38).

### I. Introduction

In its Response (*id.*), Righthaven raises numerous erroneous arguments in its attempt to evade its responsibility to make Mr. Hoehn whole for this unsupportable litigation. Righthaven was wrong about Hoehn's fair use of the work at issue in this case (*see* Doc. # 28).  Righthaven was additionally wrong about having standing to pursue this action (*id.*).  And, Righthaven is wrong in its assertion that Hoehn is not entitled to attorneys' fees.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven's argument boils down to this:  It filed suit, despite having no right to do so. After bringing this claim with no right to do so, its farce was revealed by this Court.  Once the farce was revealed, the Court was deprived of jurisdiction, since Righthaven had no standing. Because Righthaven had no standing, the Court has no power to do anything in this case – including award fees to the wrongfully sued Defendant.  Therefore, Righthaven should be able to file a case that was doubly flawed, and should not bear any responsibility for its actions.  Instead, Righthaven believes that Mr. Hoehn should bear all of the weight of Righthaven's misconduct.

Righthaven deserves some credit for taking this position, as it requires an amazing amount of chutzpah.  Righthaven seeks a ruling holding that, as long as a plaintiff's case is *completely* frivolous, then the court is deprived of the right to make the frivolously sued defendant whole, whereas a partially frivolous case might give rise to fee liability.

Righthaven's view, aside from being bizarre, does not even comport with the law surrounding prudential standing.  Righthaven's lack of standing goes squarely to the merits of this case: Namely, that a plaintiff must own the copyrights it sues over in order to obtain relief. Finding that Righthaven did not own these rights adjudicates the merits of Righthaven's claims as in the negative, thus triggering fee liability under 17 U.S.C. § 505.

However, even if Righthaven's position on jurisdiction were 100% correct, and the Court is deprived of its power to grant fees under 17 U.S.C. § 505, as a party filing a copyright suit that it had no standing to file, Righthaven still would need to be held responsible for returning Mr. Hoehn to his pre-litigation position and covering his legal fees.  Even in the absence of 17 U.S.C. § 505's mandate, this Court has the power to grant attorney's fees under its inherent powers and under Fed. R. Civ. P. 11.  It would seem that if Righthaven's position with respect to 17 U.S.C. § 505 is correct, then it is logically precluded from claiming that Rule 11 does not apply.  The Court's remedial power is used to punish a party for bad faith litigation, and would be fitting to use against Righthaven as this Court's colleagues have done. *Righthaven LLC v. Democratic Underground LLC et al.*, Case No. 2:10-cv-01356 (Doc. # 138) (D. Nev. July 18, 2011) (issuing monetary and other sanctions against Righthaven for making intentional

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1    misrepresentations to the court, driving up the costs of litigation and wasting judicial resources).

2    However, Hoehn asks for this Court to award his fees not merely to be punitive, but to **make**

3    **him whole** after he has been improperly dragged through this taxing and expensive process for

4    no reason whatsoever.

5         The bad faith permeating this litigation against Hoehn is extensive. Righthaven's

6    desperate attempts to take this Court's order (Doc. # 28) as an opportunity to once again futilely

7    "restate" its Strategic Alliance Agreement, justifies an award of attorneys' fees on its own. *See*

8    *Righthaven LLC v. Pahrump Life et al.*, Case No. 2:10-cv-01575 (Docs. # 45-62) (D. Nev.);

9    (Doc. # 39).  Righthaven's threat to sue Hoehn *yet again* for conduct this Court found to be a

10   non-infringing fair use is just further evidence of this bad faith litigation (Doc. # 38).  Without

11   remedial action by this court, Righthaven will continue onward like a zombie in a B-Movie,

12   clawing its way toward the protagonist no matter how many times it seems to suffer a fatal

13   wound.

14        As Righthaven uses its allegedly owned copyrights only for lawsuits, it suffers no harm

15   requiring a remedy (and would not, unless a defendant was going to courthouses filing suits over

16   the articles Righthaven claims to own). Righthaven has been found, repeatedly, to be conducting

17   an unlawful enterprise and, worse, it is nothing more than a bully shaking down the defenseless.

18   Instead of taking its victims' lunch money, Righthaven is raiding their savings, their 401(k)'s,

19   and even attempting to take their Social Security Disability payments – unlawfully – as

20   retribution for the defendants' exercise of their free speech rights. *See Righthaven LLC v. Hill*,

21   Case No. 1:11-cv-00211 (Doc. # 27 at 16-17) (D. Colo. May 19, 2011); (Doc. # 39).  Two

22   factors make this even worse: a) Every court that has evaluated the issue of fair use in

23   Righthaven cases, when properly presented to it, has found that the defendants' use of the works

24   at issue were non-infringing fair uses (*see* Doc. # 28), and b) Righthaven did not even have the

25   rights it averred to possess when signing its Complaints in hundreds of pending lawsuits (*id.*).  It

26   is telling that Righthaven has not prevailed in a single properly litigated fair use case, nor has it

27   prevailed on the issue of standing when the court has considered its SAA.  Meanwhile, its

28

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 3 -

disembodied, zombified arm continues to claw its way across the floor toward Hoehn's retirement savings.

Hoehn is entitled to fees through multiple avenues.  This Court's adjudication that Righthaven lacked sufficient copyright rights to sustain its lawsuit not only deprived Righthaven of standing, but it determined that the foundational element of Righthaven's direct infringement claim under 17 U.S.C. § 501 – its ownership of the copyrighted work – could not be satisfied. This ruling operates as an adjudication of the case on its merits, as too does the Court's alternate ruling in Hoehn's favor on the subject of fair use. (Doc. # 28.)  Filling in any hypothetical gaps between the facts of this case and the Court's ability to award fees under the Copyright Act are Rule 11 and this Court's inherent sanction power – both of which are particularly appropriate when a party, as Righthaven did in this case, acts in bad faith.

**II. Argument**

**A.    The Big Picture: Righthaven Exists Only to File Lawsuits, and has Misled Courts, Defendants and the Public In Order to Do So.**

The procedural history of this case is not entirely explained by the Plaintiff, and a more complete review of this, and the history of Righthaven litigation, is important for this Court to evaluate both Hoehn's right to attorneys' fees as well as Righthaven's arguments against them.

On March 13, 2010, Righthaven filed its first lawsuit in the District of Nevada against MoneyReign, Incorporated, Case Number 2:10-cv-00350. (Doc. # 39.)  Over the following eight months, Righthaven sued hundreds of other defendants before suing Mr. Hoehn.  During that time, Righthaven collected settlements from many, if not most, of its defendants[1] based upon its purported ownership of the copyrights at issue.

Righthaven's second victim, The National Organization for the Reform of Marijuana Laws, filed a motion to dismiss, including the argument that the case should be dismissed for lack of subject matter jurisdiction. *Righthaven LLC v. Nat'l Org. for the Reform of Marijuana Laws*, Case No. 2:10-cv-00351 (Doc. # 12 at 5-7) (D. Nev. Apr. 23, 2010). (*See* Doc. # 39.)

---

[1] As of June 22, 2011, 140 of 275 Righthaven cases had been closed, according to the website Righthaven Lawsuits, http://www.righthavenlawsuits.com (*last accessed* July 30, 2011).

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

Thereafter, the Industrial Wind Action Corporation did the same. *Righthaven LLC v. Indus. Wind Action Corp. et al.*, Case No. 2:10-cv-00601 (Docs. # 6-9) (D. Nev. Sept. 24, 2010). (*See* Doc. # 39.)  Righthaven, in response to inquiries, produced a copy of its "assignment" of the copyrights at issue in those cases.  However, Righthaven kept its Strategic Alliance Agreement (the "SAA") secret, and now we see that this was for good reason.

In *Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.*, Gibson, as counsel of record for Righthaven, actually filed a Rule 11 Motion for Sanctions. Case No. 2:10-cv-00636 (Doc. # 13) (D. Nev. Aug. 18, 2010). (*See* Doc. # 39.)  As a party to sign the document, Gibson argued that the one-page assignment Righthaven claimed to have transferred Stephens Media LLC's ("Stephens Media['s]") copyright rights to Righthaven, was all that was needed for Righthaven to acquire standing in its case. (*Id*.)  Gibson, a signatory to the SAA (and presumably its author), could not have believed this was true, as he knew of the complex transaction that deprived Righthaven of anything but the illicit "right" to sue for infringement of Stephens Media's works. The defendant in that case got too close to the truth for Righthaven's comfort, and its own CEO sought sanctions for the defendant's audacity to suspect Righthaven lacked ownership of the copyrights at issue, and to seek proof of such ownership.

While Mr. Gibson was railing against defendants who dared to challenge his enterprise's claim to standing in these cases, he must have known that his enterprise was unlawful, as Righthaven fought mightily to keep the SAA a secret.  First, as soon as a defendant with the resources to take on Stephens Media and Righthaven showed up, Righthaven tried to dismiss its case *with prejudice* for fear of what might be discovered.  *See Democratic Underground*, Case No. 2:10-cv-01356 (Docs. # 38-41, 46-48, 57, 116). (*See* Doc. # 39.)  Once the Electronic Frontier Foundation ("EFF") and Democratic Underground LLC's counsel pried the SAA from Righthaven's hands, Righthaven insisted that it be subject to a protective order. *See Democratic Underground*, Case No. 2:10-cv-01356 (Docs. # 64-65, 72-94). (*See* Doc. # 39.)  Finally, after 15 months of Righthaven's operation, its SAA with Stephens Media was revealed to the world,

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

and the Righthaven house of cards began to fall. (Docs. # 16, 28); *See Democratic Underground*, Case No. 2:10-cv-01356 (Docs. # 116, 138). (*See* Doc. # 39.)

Righthaven served Hoehn with its Complaint on January 14, 2011 (Doc. # 6).  This came 10 months and more than one hundred cases after Righthaven embarked on its illegal voyage. On February 11, 2011, more than two months before the SAA was revealed to the world, Mr. Hoehn filed his motion for summary judgment on fair use grounds.  (Doc. # 8.)  Once the parties had fully briefed the issue, and while Hoehn was waiting for a ruling from this Honorable Court, the SAA was revealed, and thus Hoehn immediately filed a parallel alternative Motion to Dismiss for lack of Subject Matter Jurisdiction on April 17, 2011. (Doc. # 16.)  Hoehn expended considerable fees for months before Righthaven's deception was revealed.

This deception did not go unnoticed by this Court's colleagues. *Democratic Underground, 2011 WL 2378186* at *1.  In fact, Righthaven's dishonesty was so acute, that Judge Hunt imposed Rule 11 sanctions upon it in a scathing order.

> The Court finds there is a significant amount of evidence that Righthaven made intentional misrepresentations to the Court and also engaged in a concerted effort to hide Stephens Media's role in this litigation. This conduct demonstrated Righthaven's bad faith, wasted judicial resources, and needlessly increased the costs of litigation. Therefore, now that Righthaven has had notice and an opportunity to respond, the Court imposes sanctions against Righthaven pursuant to Rule 11 of the Federal Rules of Civil Procedure and its inherent authority.
>
> Righthaven is sanctioned in the amount of $5,000.00 which shall be paid to the Clerk of Court within two weeks. Further, Righthaven is ordered to properly comply with Local Rule 7.1-1 with respect to this agreement, either retrospectively or prospectively, in all cases filed by Righthaven within the District of Nevada. Righthaven is also obligated to advise the Colorado Court of this decision even though those actions do not involve Stephens Media.

*Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 138). (Doc. # 39.)    Righthaven has declined to comply with this Order in any case the undersigned are aware of, and has even applied for an extension of time to comply with these sanctions – *after* they were supposed to satisfied. *Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 143) (seeking extension of time to pay $5,000 and comply with other aspects of the court-imposed sanction). (Doc. # 39.)

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven, after nearly 18 months of deceiving defendants and courts alike, has finally been busted.  Bizarrely, Righthaven now takes the position that since it was lying all along about its ownership of the copyrights at issue, thus leading to one of the alternate rationales for the court's finding in the defendant's favor, it should be *rewarded* for this deception.

The rule that Righthaven seeks from this Honorable Court is this:  If a plaintiff gets away with the dishonesty of unlawfully filing suit against a defendant, perhaps it should have to pay the defendants's attorneys' fees.  However, if the deception is revealed, then the plaintiff should be able to evade paying the attorneys' fees incurred by the defendant – who was forced to defend a case that was never supposed to be brought in the first place.  It is this kind of tortured logic that has plagued this district in 200+ cases since the beginning of 2010.  Righthaven will continue to do so until gets a clear signal from this Court that, at the very least, it should bear the cost of defense when it engages in such activities.

What Righthaven fails to understand is that by filing this case in the first place, it invoked this Court's jurisdiction by filing suit. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); *Shropshire v. Canning*, 97 U.S.P.Q.2D (BNA) 1583 (N.D. Cal. 2011). While the lack of standing may have deprived the court of jurisdiction over Righthaven's attempt to extract $150,000 from Hoehn (Doc. # 1), it has no effect upon this Court's right (and duty) to place the financial burden of this litigation upon the only party in this case who has done anything wrong – Righthaven.

**B.    Finding that Righthaven Does not Have Rights in the Copyrights "Acquired" Under the SAA Goes to the Merits of its 17 U.S.C. § 501 Claim.**

In its Opposition briefing, Righthaven insists that a jurisdictional dismissal precludes Hoehn's entitlement to fees under 17 U.S.C. § 505. (Doc. # 38.)  This is incorrect, though; fees are appropriate under § 505 even when courts find they do not have jurisdiction over a dispute. In addition, while this Court found it did not have jurisdiction over this dispute, this finding was predicated on finding that Righthaven did not have sufficient rights to succeed in its 17 U.S.C. § 501 claim for copyright infringement – a finding on the merits (in addition to the court's finding

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

of non-infringing fair use under 17 U.S.C. § 107) entitling Hoehn to recover the fees expended in defending this case.

### 1. The Court's Determination that Righthaven Lacked Standing is an Adjudication on both Standing and the Merits of this Case.

"Jurisdiction, like Joseph's fabled coat of many colors, is a term with many shades of meaning, used in many different ways." *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 559 F. Supp. 2d 918 (N.D. Ill. 2008). Righthaven's view of jurisdiction glosses over these important subtleties and attempts, wrongly, to evade accountability for its actions.  After fighting mightily for this Court to agree that it had standing to litigate its claims in this case (Docs. # 23-25) and numerous others, Righthaven turns an about face: Because the Court found that Righthaven didn't have the rights it claimed to possess when bringing this claim, Righthaven argues that it should not have to pay Hoehn for forcing him to prove – at considerable expense – the baseless nature of this suit, including the fact that Righthaven had no right to bring the claim.

Righthaven misconstrues this Court's June 20 ruling (Doc. # 28).  Though this case was dismissed based on Hoehn's objection to subject matter jurisdiction, the Court specifically found that it was Righthaven's *failure of standing* that predicated dismissal (Doc. # 28 at 10:23-25). Though closely related and both requisite for a Court to adjudicate an issue, subject matter jurisdiction and standing are distinct matters. *See Flast v. Cohen*, 392 U.S. 83, 98-99 (1968); *Baker v. Carr*, 369 U.S. 186, 198-208 (1962) (treating standing and subject matter jurisdiction separately).   Subject matter jurisdiction is absent when a court cannot accord relief to any plaintiff to assert a claim; in contrast, standing is absent when a specific plaintiff is not entitled to relief for a claim. *Flast*, 392 U.S. at 98-99; *Hyperquest*, 559 F. Supp 2d at 918.  In this case, the Court concluded, in unambiguous language, that it was not the Court that did not have authority to adjudicate the case, but Righthaven that lacked standing to bring it. (Doc. # 28 at 10:23-25 ("Righthaven does not have any exclusive rights in the Work and thus *does not have standing* to bring an infringement action") (emphasis added).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 8 -

Righthaven's lack of standing, as opposed to this Court's lack of jurisdiction – wrongly alleged in Righthaven's Response (Doc. # 38) – is the operative issue.  The Court's plain language finding Righthaven lacked standing (Doc. # 28 at 10) nullifies Righthaven's numerous arguments that an award of attorney's fees is improper because this Court lacked jurisdiction.  To the contrary, this Court had jurisdiction, and granted Hoehn's motion to dismiss because Righthaven did not have standing to maintain its lawsuit – a question of justiciability, rather than jurisdiction.  Dismissal on such grounds is an appropriate basis for fees, especially as it enhances this District's understanding of the Copyright Act and what it permits. *Love v. Mail on Sunday*, Case No. CV-05-7798, *2007 U.S. Dist. LEXIS 97061* at * 16-17 (C.D. Cal. Sept. 7, 2007).

Additionally, the finding that Righthaven lacks standing operates as an adjudication on the merits of the case.  Because Righthaven lacked any exclusive rights in the copyrights it falsely claimed were assigned to it by Stephens Media, it could not prevail on a claim for infringement. *See* 17 U.S.C. § 501 (limiting claims of infringement to "copyright owners"); *Silvers v. Sony Pictures Entertainment, Incorporated*, 402 F. 3d 881 (9th Cir. 2005).  An intertwining of jurisdiction and merits may occur when, as in this case, a party's right to recovery rests on the interpretation of a federal statute that provides both the basis for the Court's subject matter jurisdiction and the plaintiff's claim for relief. *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation,* 524 F.3d 1090, 1094 (9th Cir. 2008).  As set forth above, Righthaven's lack of standing not only deprives this Court of the ability to adjudicate the claim, but is an essential – and absent – element of infringement under § 501.

The facts necessary for Righthaven's relief are also required for it to have standing to sue.  When there is such an inseparable interaction of merits and jurisdiction, dismissal based on standing should be viewed "not as a dismissal for lack of subject matter jurisdiction but rather as a grant of summary judgment on the merits." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (finding that the case was resolved on the merits, rather than 12(b)(1) because "the jurisdictional issue and substantive issues in this case are so intertwined that the

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

question of jurisdiction is dependent on the resolution of factual issues going to the merits" – as is the case in the instant action).   Following the *Safe Air* case, this Court should recognize Hoehn's clear entitlement to fees under 17 U.S.C. § 505.

Other Circuits and district courts have reached the same conclusion as the Ninth Circuit in *Safe Air*.   In *Budget Cinema v. Watertower Associates*, the Seventh Circuit held that the dismissal of the plaintiff's case due to a lack of copyright ownership constituted adjudication on the merits, and the objective unreasonableness of the claim warranted an award of attorneys' fees.   81 F.3d 729, 731, 733 (7th Cir. 1996). *See also Merchant Transaction Systems, Inc. v. Nelcela, Inc.*, Case No. 02-cv-1954-PHX-MHM, *2010 WL 1336956* at *4 (D. Ariz. Mar. 31, 2010) (awarding fees to a prevailing party where, as in this case, the merits revealed the party asserting copyrights to not be their true owner).   Similarly, the Eastern District of Pennsylvania awarded attorneys' fees to a defendant in *Warren Pub. Co. v. Spurlock*, where the plaintiff did not own the copyrights at issue, but the court found "bad faith, along with several objectively unreasonable claims and litigation positions, and the corresponding need to deter such behavior and to compensate [the defendant] for opposing such claims and positions." Case No. 08-3399, *2010 WL 760311* at *15 (E.D. Pa. Mar, 3, 2010).   The clear theme that arises is that jurisdictional rulings are no refuge from 17 U.S.C § 505, and the fee shifting statute has been used especially often in cases where plaintiffs' bad faith litigation, deception and other uses needed to be curtailed – cases much like this one.

The ramifications of this Court's June 20 ruling are, therefore, not as comforting for the plaintiff as Righthaven proposes.   Righthaven attempts to construe this Court's clear finding that it lacked standing as a ruling that this Court lacks the power to adjudicate the fee request.   That is simply not true (Doc. # 38 at 4-6); the deficiency did not lie with the Court's adjudicative power, but rather in Righthaven's insufficient and misstated rights in the asserted copyright.   These deficient rights (*see* Doc. # 28 at 10) affected not only Righthaven's ability to maintain its lawsuit, but went to the heart of its infringement claim, which could not succeed without Righthaven's ownership of an exclusive right in the copyright at issue.   Finding that Righthaven

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

lacked such a right not only denies it standing in this case, but also operates as a ruling on the merits, as Righthaven's infringement claim must fail where it does not have rights to claim harm arising from Hoehn's alleged infringement.

> **2.   The Court Did, In Fact, Decide this Case on the Merits With Its Fair Use Analysis.**

In its rush to point out that the Court was not justified in ruling on Hoehn's fair use defense, Righthaven overlooks that this argument was made months before its Strategic Alliance Agreement – revealing an obvious lack of copyright ownership – was made public.  When Hoehn moved for Summary Judgment (Doc. # 8) in February 2011, it was simply presumed that Righthaven owned the copyrighted work at issue – after all, that's what Righthaven alleged in its Complaint (Doc. # 1).

Righthaven primarily argues that the Court was wrong to even venture to analyze the rights Righthaven purported to own in its Complaint. (Doc. # 38 at 6-8.)  Other Courts have engaged in analysis beyond the mere finding that a plaintiff lacked standing to bring its copyright claims.  In *Famous Music Corporation v. 716 Elmwood, Incorporated*, the United States District Court for the Western District of New York analyzed the pending motions in that case – including a pending motion for summary judgment – even after determining the plaintiff did not have standing to prevail on its infringement claim. Case No. 05-CV-0885A(M), *2007 U.S. Dist. LEXIS 96789* at *17-38 (W.D.N.Y. Dec. 28, 2007).  Moreover, the *Famous Music* court held that a dismissal based on lack of jurisdiction as well as other substantive grounds did not preclude the prevailing defendant from the recovery of attorney's fees. *Id.* at *32-35.  Given the similarities of the case at bar and *Famous Music*, a similar analysis should prevail in this case, with the Court's ruling on fair use providing an alternate, merit-based dismissal of Righthaven's case, and clearly warranting an award of attorney's fees for Mr. Hoehn.

Setting aside the propriety of the Court's fair use analysis, its existence reveals Hoehn's entitlement to fees based on the merits of the case beyond Righthaven's mere lack of copyright ownership.  Even if Righthaven's infringement claim were not defeated for lack of copyright

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

ownership necessary under 17 U.S.C. § 501, it would fail just the same under 17 U.S.C. § 107. Hoehn's fair use analysis was the central feature of this case, with the issue of Righthaven's copyright ownership raised long after briefing on the subject of fair use had been completed (Docs. # 8, 13, 14, 16). The Court's analysis of this facet of the case is no different from its analysis of Righthaven's rights underlying its § 501 claim, finding it to be, on the merits, unsupportable due to Righthaven's lack of any copyright ownership. The Court is therefore not precluded from using its fair use ruling as a basis for an award of attorney's fees.

## C.   If There Were Ever a Party to Sanction with Attorney's Fees Using This Court's Inherent Powers, It is Righthaven.

This Court has inherent power under Rule 11(b) to award attorney's fees to Hoehn when they were incurred because of Righthaven's bad faith and vexatious litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978); *Alyeska Pipeline Svc. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975). Contrary to Righthaven's assertions, its lack of standing is not a bar to an award of attorney's fees under this inherent power; in this very District, defendants moving for fees where there was no subject matter jurisdiction, and the plaintiff acted in bad faith, have been awarded their attorney's fees. *Panzarella Consulting LLC v. Single Touch Interactive, Inc. et al.*, Case No. 3:10-cv-00424-RCJ-RAM, *2011 WL 1626574* at *2-4 (D. Nev. Apr. 28, 2011).

In *Panzarella*, a colleague of this Court found that a case filed with obvious disregard for diversity jurisdiction was filed in bad faith, as even a "minimally competent" attorney should have known the law of diversity jurisdiction. *Id*. at *2. The court then awarded attorney's fees to the defendant, in the amount reasonably incurred to respond to such meritless litigation. *Id*. at *2-3. This case reveals that, *contra* Righthaven's assertions, dismissal for lack of subject matter jurisdiction does not preclude the award of attorney's fees under this Court's inherent powers.

Righthaven cannot deny that it has litigated in bad faith. In fact, a colleague of this Court has adjudged Righthaven to have acted in bad faith, as well as to have "made intentional misrepresentations," "wasted judicial resources," and "needlessly increased the costs of

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

litigation." *Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 138). (Doc. # 39.) Hoehn briefed the issue of fair use on summary judgment, and presented oral argument on the motion, premised on Righthaven's ownership of the copyright at issue as alleged in its Complaint (Doc. # 1).  Rule 11(b) justifies Hoehn and his counsel in relying on the allegations within the Complaint as true, yet the course of this litigation reveals that they are anything but. Once Righthaven's SAA with Stephens Media became public on April 15 (Doc. # 16), Righthaven's lack of copyright ownership was so patently obvious that it and Stephens Media hastily concocted a "Clarification" on May 9, 2011 (Docs. # 23-25).  This "Clarification" was also ineffective at creating standing, but attempted to paper over the fraudulent nature of Righthaven's litigation campaign (Doc. # 28 at 10).

It was because of Righthaven's misrepresentations as to its ownership of the copyright that Hoehn moved for summary judgment.  Once it became clear from the Strategic Alliance Agreement that Righthaven did not own the copyrights it claimed to, Hoehn moved to dismiss the Complaint based on Righthaven's lack of standing, as this case never belonged in court. Now, after Hoehn has incurred substantial fees – and continues to incur them on appeal (*see* Doc. # 33) – because of Righthaven's misrepresentations about its right to sue, and mendacious claims to have standing despite a Strategic Alliance Agreement that allowed Righthaven to do nothing but sue for infringement, Righthaven seeks to change the rules.  Apparently, Righthaven believes the courts should liberally exercise their jurisdiction only when being used against its defendants, but wants to scurry under a rock once it could be subject to the same powers.

As set forth in Section A, and now recognized by the *Democratic Underground* court, Righthaven's history has been one of obstruction, obfuscation and bad faith litigation.  Even now, it contradicts its own prior positions in order to avoid being held accountable for its misrepresentations.  If a) misrepresenting the nature of one's rights to sue; then b) ineffectively trying to acquire those rights months into litigation, once it is obvious those rights do not exist; and finally, c) arguing against the imposition of fees due to a lack of jurisdiction that Righthaven insisted, for months, was present; do not constitute bad faith, then it is difficult to imagine what

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

1   does.  This conduct should not be rewarded, and the Supreme Court has empowered this Court

2   with the authority to mete out an appropriate penalty for Righthaven's bad behavior.

3   More to the point, Mr. Hoehn has been unjustly dragged in to this litigation.  Between

4   Hoehn and Righthaven, which party should rightly bear the cost of this litigation?   After

5   Righthaven brought such unsupportable claims, and after Righthaven behaved so dishonestly,

6   should Hoehn be the one to bear the cost of Righthaven's sins?  The definition of "justice" could

7   never be twisted and stretched to fit that scenario, and this Court cannot reasonably leave Hoehn

8   holding the bag for Righthaven's transgressions.

9   **Conclusion**

10   This Court's ruling on Righthaven's lack of standing does not have a merely jurisdictional

11   effect, but goes to the case's merits, and should be treated accordingly.  Additionally, by ruling

12   on Hoehn's Motion for Summary Judgment and finding Hoehn's use of the article to be a non-

13   infringing fair use, the Court addressed the case's merits as well.  Furthermore, the bad faith acts

14   of Righthaven, which have been adjudicated in this District, are a sufficient basis for this Court

15   to use its inherent sanctioning authority to award Hoehn attorney's fees in this action.

16   Righthaven, and its CEO Steven Gibson, likely believe themselves very clever in arguing,

17   albeit from a too-simplistic viewpoint, that they will not be liable for paying the attorney's fees

18   of defendants who stood up for their rights in this District.  Even though no precedent supports

19   this position, it is clear that Righthaven takes any language it is given and runs far past the

20   boundaries of fair, good faith litigation with it, and uses it to harm individual defendants from

21   across the country.  Failing to return Mr. Hoehn to his previous condition – making him whole –

22   by placing the burden of this bad faith litigation on the bad actor will not only be manifestly

23   unjust, it will only encourage Righthaven to continue in its current course of action.  Enough is

24   enough.

25   //

26   //

27   //

28

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 14 -

1

2      Dated August 1, 2011                                Respectfully Submitted,

3                                                          RANDAZZA LEGAL GROUP

4

5                                                          _____
                                                           Marc J. Randazza
6                                                          J. Malcolm DeVoy IV

7                                                          Attorneys for Defendant,
                                                           *Wayne Hoehn*
8                                                          _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 1st day of August, 2011, I caused the document(s) entitled:

- **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR ATTORNEYS' FEES AND COSTS**

and all attachments to be served as follows:

[   ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[   ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[   ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy

J. Malcolm DeVoy

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113