SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>    Defendant. | Case No.: 2:11-cv-00050-PMP-RJJ<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT'S MOTION FOR JUDICIAL NOTICE AND REQUEST TO EXCLUDE ARGUMENT NOT CONTAINED IN MOTION OR, ALTERNATIVELY, REQUEST TO FILE SUR-REPLY** |

    Righthaven LLC ("Righthaven") hereby responds to Defendant Wayne Hoehn's ("Defendant") Motion for Judicial Notice (Docs. # 39, the "Motion"). Righthaven additionally requests the Court disregard argument raised for the first time in Defendant's reply brief. Alternatively, Righthaven asks for permission to file a sur-reply to address these new arguments and materials.

    This response is based on the below memorandum of points and authorities, the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On June 20, 2011, Righthaven's Complaint was dismissed for lack of standing, which divested the Court of subject matter jurisdiction over this case. (Doc. # 28 at 6-10, 17, the "June 20th Order"). Despite having found that it lacked subject matter jurisdiction, the Court also granted Defendant's motion for summary judgment that any alleged infringement constituted fair use under 17 U.S.C. § 107. (*Id.* at 11-17.)

Shortly thereafter, Defendant moved for an award of attorneys' fees and costs. (Doc. # 32-1.) Defendant invoked two statutory grounds for an award of attorneys' fees and costs: (1) Federal Rule of Civil Procedure 54(d) ("Rule 54(d)"); and (2) 17 U.S.C. § 505 ("Section 505"). Defendant maintained the Court's dismissal for lack of subject matter jurisdiction and/or its dismissal on fair use grounds qualified him as a prevailing party under Rule 54(d). (*Id.* at 5-7.) Defendant similarly contended these grounds establish him as a prevailing party under Section 505. (*Id.*) No other grounds were asserted as the basis for Defendant's request for attorneys' fees and costs.

Righthaven's response advised that Court is it was not empowered to enter an award of attorneys' fees and costs given its determination that it lacked subject matter jurisdiction over this case. (Doc. # 38 at 2-3, 5-6.) Righthaven further advised that given the lack of subject matter jurisdiction, the Court's decision grant of summary judgment on fair use grounds was a nullity and should be stricken. (*Id.* at 6-8.)

In view of Righthaven's citation to clearly controlling authority, Defendant elected to substantively and materially change courses in his reply brief by interjecting new arguments not raised before in an attempt to salvage his attorneys' fees request. (Doc. # 40 at 4-14.) First, Defendant's reply brief begins with a literary hatchet job concerning Righthaven's litigation efforts in this District and in the District of Colorado. (*Id.* at 4-7.) Defendant's mudslinging tactics are largely based on the materials of which his Motion requests the Court improperly take judicial notice. (Doc. # 39 at 2-3.)

Defendant then attempts to correct his mistaken belief that the Court had authority to award attorneys' fees and costs by arguing, contrary to controlling case law, that the dismissal for lack of subject matter jurisdiction was a determination on the merits. (Doc. # 40 at 7-11.) This argument was not made in his opening brief and is therefore improper subject matter for a reply. Next, Defendant asks the Court to award attorneys' fees and costs as a sanction pursuant to its inherent power. Once again, this argument was not contained in the Defendant's opening brief and it wholly improper. As argued below, the Court should disregard these new arguments because raising them for the first time on reply constitutes procedural sandbagging. Alternatively, Righthaven should at least be permitted to file a sur-reply to address this new matter.

## II. ARGUMENT

### A. The Court Should Deny Defendant's Request for Judicial Notice.

Defendant's request for judicial notice is completely improper. Accordingly, Defendant's Motion must be denied.

This Court has set forth the standard for determining whether to take judicial notice of requested materials. *Klein v. Freedom Strategic Partners, LLC,* 595 F. Supp. 2d 1152, 1157 (2009) (Pro, J.). In *Klein*, this Court stated as follows:

> Although the Court may take judicial notice of public records, the Court may not take judicial notice of a fact "subject to reasonable dispute." *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed.R.Evid. 201(b)). A fact not subject to reasonable dispute is one "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). When a court takes judicial notice of a public record "it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity." *Lee,* 250 F.3d at 690 (quotation omitted).

*Klein,* 595 F. Supp. 2d at 1157.

Here, Defendant asks the Court to take judicial notice of numerous motions filed in various actions in this District and in the District of Colorado. (Doc. # 39 at 3.) These filing are relied upon for the sole purpose of regurgitating venomous and one-sided, unfavorable

characterizations of Righthaven for the exclusive purpose of prejudicing this Court's consideration of Defendant's Motion for Attorneys' Fees and Costs.  Virtually all of the submissions for which the Defendant asks the Court to take judicial notice are certainly subject to dispute and which also contain multiple levels of inadmissible hearsay. These are certainly not materials upon which judicial notice should be taken.  Accordingly, Defendant's Motion should be denied.

      **B.**    **Defendant's Reply Brief Contains Arguments Not Presented in His Moving Papers And, as Such, They Should be Disregarded or, Alternatively, Leave to File a Sur-Reply Should be Granted.**

Defendant's Motion requested an award of attorneys' fees and costs pursuant to two distinct provisions: (1) Rule 54(d); and (2) Section 505. (Doc. # 32-1 at 5-7.)  No other grounds for an award of attorneys' fees and costs were contained in the Motion.  In response, Righthaven set forth compelling, controlling authority as to why this Court could not enter the relief requested because subject matter jurisdiction was absent. (Doc. # 38 at 2-3, 5-6.) Now, for the first time in his reply, Defendant requests and award of fees and costs pursuant to the Court's inherent sanction power. (Doc. # 40 at 4-14.)  Defendant additionally advances arguments as to why the dismissal for lack of subject matter jurisdiction is a decision on the merits, which is blatantly wrong and directly contradicted by Federal Rule of Civil Procedure 41(d).  (*Id.*)

Defendant's belated attempts to cure his inability to recover fees by interjecting new grounds for the first time in his reply is procedurally improper and should be disregarded by the Court. *See  Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 894-95 (1990) (recognizing the court has discretion to disregard late-filed factual matters); *Ojo v. Farmers Group, Inc.,* 565 F.3d 1175, 1186 n. 12 (9th Cir. 2009); *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) (the "district court need not consider arguments raised for the first time in a reply brief"); *Beaird v. Seagate Tech., Inc.,* 145 F. 3d 1159, 1164-65 (10th Cir. 1998).  Alternatively, the Court should permit Righthaven the ability to file a sur-reply to these new arguments and material.

### III. CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court deny Defendant's Motion.

Righthaven further requests the Court disregard the new arguments and material contained in Defendant's reply in support of his request for an award of attorneys' fees and costs. Alternatively, Righthaven request leave of Court to file a sur-reply to Defendant's reply and grant such other relief as it deems appropriate and just.

Dated this 12th day of August, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 12th day of August, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*