SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>    Defendant. | Case No.: 2:11-cv-00050-PMP-RJJ<br><br>**PLAINTIFF RIGHTHAVEN LLC'S MOTION FOR STAY OF JUDGMENT PENDING APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 8(a)**<br><br>***Emergency Relief Sought and/or Relief Sought on Shortened Time Pursuant to LR 6-1*** |

   Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), Plaintiff Righthaven LLC ("Righthaven") hereby moves for a stay of the Court's August 15, 2011 Order (Doc. # 43) and Judgment (Doc. # 44, the "Judgment") awarding Defendant Wayne Hoehn's ("Defendant") request for attorneys' fees and costs (the "Motion") while its appeal is pending before the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit").  Righthaven has timely appealed both the Court's subject matter determination (Doc. # 30) and its attorneys' fees and costs award to the Ninth Circuit. (Doc. # 45.)

   The Court's Order requires Righthaven to tender payment to the Defendant no later than September 14, 2011.  (Doc. # 43 at 2.) Due to this fact, Righthaven has filed its request for relief on an emergency basis and/or on shortened time pursuant to LR 6-1.  If the Court requires more

1

time to fully consider this request, Righthaven asks the Court to temporarily stay the September 14, 2011 compliance date so there is time to do so.

Should the Court decline to grant a stay pending appeal, Righthaven asks that the Judgment be temporarily stayed while a stay relief is sought from the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(ii).

Righthaven's request is based on the below memorandum of points and authorities, the declaration of Shawn A. Mangano, Esq., the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This submission asks the Court to stay the Judgment pending resolution of Righthaven's appeal of two decisions reached in this case.  The first decision that Righthaven has appealed to the Ninth Circuit (Doc. # 33) is the June 20, 2011 Order and corresponding judgment that dismissed this action for lack of subject matter jurisdiction. (Doc. # 28 at 6-10, 17; Doc. # 30.) Righthaven maintains the Court erred in its June 20, 2011 subject matter jurisdiction analysis, nd further erred by then subsequently adjudicating the merits of Defendant's motion for summary judgment on fair use grounds. (*Id.* at 11-17.)

Righthaven also asks the Court to stay the Judgment pending resolution of Righthaven appeal of the Court's August 15, 2011 Order (Doc. # 43) that granted the Defendant's Motion for attorneys' fees and costs after determining a want of subject matter jurisdiction. The Court's Order requires Righthaven is to pay the Judgment ***no later than September 14, 2011***. (*Id.* at 2.) Accordingly, Righthaven asks the Court, on an emergency and/or shortened time basis pursuant to LR 6-1, to take one of several actions ***no later than September 14, 2011***: (1) stay the Judgment pending appeal; (2) deny to stay the Judgment pending appeal; or (3) temporarily stay the Judgment until it can fully consider this request after the parties filed their written submissions.  Should the Court decline to issue a stay, Righthaven asks the Court to temporarily stay the Judgment while it seek stay relief from the Ninth Circuit.

Substantively, Defendant's Motion invoked two statutory grounds in support of his request for attorneys' fees and costs: (1) Federal Rule of Civil Procedure 54(d) ("Rule 54(d)"); and (2) 17 U.S.C. § 505 ("Section 505").  (Doc. ## 32, 32-1.)  Defendant asserted no other grounds in his initial filing as the basis for his requested award.  (*Id.*)  Righthaven responded to Defendant's Motion by citing numerous decisions holding that the Court was not empowered to grant Defendant an award of attorneys' fees and costs given its prior determination that it lacked subject matter jurisdiction over the dispute.  (Doc. # 38 at 4-8.)  Righthaven's response additionally cited controlling authority from the Ninth Circuit that demonstrated the Defendant could not constitute a prevailing party under either Rule 54(d) or Section 505 because this case was dismissed without prejudice for lack of subject matter jurisdiction.  (*Id.* at 8-12.)

After the Motion was fully briefed, the Court granted Defendant's request for attorneys' fees and costs.  (Doc. # 43.)  The Court did so by issuing an extremely concise Order that contained about y one page of analysis.  (*Id.*)  The Order failed to address or even mention any of the cases cited by Righthaven in its response.  (*Id.*)  In fact, the Order's analysis essentially parroted language contained in Rule 54(d) and in Section 505 while summarily concluding the Defendant constituted a "prevailing party" under these statutes.  (*Id.*)  Righthaven asserts the Court's erred in granting the Defendant attorneys' fees and costs in view of the cited authority.  Righthaven has timely appealed this decision to the Ninth Circuit.  (Doc. # 45.)

As argued below, Righthaven has compelling reasons for staying the Judgment while its appeal is pending before the Ninth Circuit.  Should the Ninth Circuit reverse either of the decisions by this Court that are on appeal, the Judgment would be vacated.  Given the strength of the issues presented in these appeals, which include a subject matter jurisdiction analysis that appears to present an issue of first impression, Righthaven should not be exposed to judgment enforcement proceedings that will unquestionably target key intellectual property and proprietary assets during the Ninth Circuits review of the Court's decisions.  If these invaluable intellectual property and proprietary assets were seized and liquidated during the appeals process, Righthaven would be irreparably harmed to such a degree that it would jeopardize its ability to continue to do business.  Under these circumstances, should Righthaven succeed on either its

subject matter appeal or its appeal of the Court's decision to award attorneys' fees and costs, it would then face the impossible task of seeking to recapture assets that are invaluable to its operations that have been liquidated to anyone located anywhere around the globe all for the purpose of satisfying the Judgment. In short, these circumstances present compelling reasons for granting Righthaven's request for a stay pending resolution of its appeal to the Ninth Circuit. Righthaven asks the Court to **grant a stay pending appeal before the September 14, 2011 compliance date** set forth in its Order. (Doc. # 43.)  If the Court understandably requires more time to fully consider this request, Righthaven asks the Court to temporarily stay the September 14, 2001 compliance date so that it adequate time is afforded to do so.

Alternatively, should the Court somehow be not be persuaded that a stay pending appeal is warranted, Righthaven asks that a temporary stay of the Judgment be issued so that stay relief can be sought from the Ninth Circuit.  A request for a temporary stay is completely justified based on the probability of success on appeal along with the irreparable harm that could be inflicted absent issuance of a temporary stay.  Thus, while Righthaven fully maintains the Court should grant a stay pending appeal based on the below arguments, it wholeheartedly asserts that a temporary stay of the Judgment must be entered while it seeks stay relief from the Ninth Circuit if its requested is denied.

## II.     APPLICABLE STANDARDS

A party must ordinarily move in the district court for a stay of the order or judgment that is pending on appeal. FED.R.APP.P. 8(a)(1)(A).  If the district court denies the motion or fails to afford the relief requested by the moving party, relief can then be sought in the Ninth Circuit. *See* FED.R.APP.P. 8(a)(2)(A)(ii). The decision to grant a stay pending appeal is a matter of judicial discretion that is determined on a case-by-case basis.  *See Nken v. Holder,* 129 S.Ct. 1749, 1760 (2009).  The party moving for a stay bears the burden of demonstrating circumstances that justify the exercise of such discretion.  *Id.*

In ruling on a motion for stay pending appeal, the Ninth Circuit has established "'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'"  *Golden Gate Rest. Assoc. v. City & County of San Francisco,* 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting

4

*Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir. 1983) (internal quotation marks omitted)).  "'At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury.'" *Golden Gate Rest. Assoc.,* 512 F.3d at 1115. "'At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor.'" *Id.* at 1116 (quoting *Lopez,* 713 F.2d at 1435). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *Id.* (quoting *Natural Res. Def. Council, Inc. v. Winter,* 502 F.3d 859, 862 (9th Cir. 2007)).  Consideration should also be given to where the public interest lies in addition to whether the moving party will suffer irreparable harm absent issuance of a stay. *Id.*

Satisfactorily demonstrating a probability of success on the merits does not require the district court to conclude its order or judgment was incorrectly determined for stay relief to be warranted. *See, e.g., Oregon Nat. Res. Council v. Marsh,* 1986 WL 13440, *1 (D. Or. 1986). Rather, district courts should stay orders ruled upon that have raised admittedly difficult or serious legal questions in cases where the equities support maintaining the status quo while appellate review is sought. *Id.* (citing *Washington Metro. Area v. Holiday Tours,* 559 F.2d 841, 844 (D.C. Cir. 1977)).  Serious legal questions are those that the court perceives a need to preserve the status quo. *Gilder v. PGA Tour, Inc.,* 936 F.2d 417, 422 (9th Cir. 1991). They also refer to substantial, difficult and doubtful issues that often cannot be definitively resolved one way or the other at conclusion of the proceedings. *Id.*

III.   ARGUMENT

A.   The Court Should Stay The Judgment Pending Resolution of Righthaven's Appeal to The Ninth Circuit.

As mentioned above, Righthaven must demonstrate a probability of success on the merits of its appeal together with a possible threat of irreparable harm to be entitled to a stay of the Judgment pending appeal. *See Golden Gate Rest. Assoc.,* 512 F.3d at 1115.  Alternatively, Righthaven may demonstrate its entitlement to this relief by showing that serious legal issues are raised on appeal and that the balance of the hardships tips in its favor. *Id.*  Righthaven must

further show that issuing the requested stay would further the public interest. *Id.* As argued below, Righthaven meets the requirements under either test for staying the Judgment pending adjudication of its appeal before the Ninth Circuit.

>    **1.   Righthaven has a reasonable probability of success on the merits of its appeal.**

In order to obtain a stay, Righthaven must show that it has a probability of success on the merits of its appeal. *Golden Gate Rest. Assoc.,* 512 F.3d at 1115.  Righthaven has a significant probability on the merits of its appeal to the Ninth Circuit – both as to its appeal of the Court's subject matter jurisdiction determination (Doc. # 30) and as to its appeal of the Judgment awarding Defendant attorneys' fees and costs. (Doc. # 44.)

>    ***a.   Righthaven's appeal of the Court's subject matter determination stands a reasonable probability of success.***

Turning first to the Court's subject matter determination (Doc. # 28 at 6-10), Righthaven has at least a reasonable probability of successfully appealing this finding.  This supports staying the Judgment while the Ninth Circuit is considers Righthaven's appeal.

As the Court is aware, its subject matter determination was largely based on an application of the Ninth Circuit's decision in *Silvers v. Sony Pictures Entm't Inc.*, 402 F.3d 881 (9th Cir. 2005) ("*Silvers*") in conjunction with a California district court's decision in *Nafal v. Carter,* 540 F. Supp. 2d 1128 (C.D. Cal. 2007) ("*Nafal*").  (Doc. # 28 at 6-10.)  In essence, this Court applied the Ninth Circuit's requirements for assigning copyright ownership along with the right to sue for, at least, accrued infringement claims under *Silvers* together with the district court's analysis in *Nafal* of the substantive effect of a contractual agreement between parties transferring copyright interests to find the Assignment considered together with the original Strategic Alliance Agreement (the "SAA") terms resulted in Righthaven lacking standing to maintain this action.[1]  (Doc. # 28 at 6-10.)  Simply put, the Court's subject matter analysis applied *Silvers* in a manner unlike any other decision presented to the Ninth Circuit.

---

[1]  While the Court additionally opined as to the effect of the Clarification on standing, the Clarification was not squarely within the jurisdictional facts at issue.  (Doc. # 28 at 10,

The Ninth Circuit's decision in *Silvers* held that a plaintiff that was assigned only a **bare right to sue** for past copyright infringement lacked standing. *Silvers*, 402 F.3d at 884. Here, the Court was confronted with language in the Assignment that facially complied with the requirements of *Silvers*. As such, *Silvers* could not be relied upon exclusively to support a lack of standing. As such, the Court utilized the decision in *Nafal* as a means for substantively analyzing the original SAA terms to conclude that the purported assignment of rights resulted in Righthaven improperly holding only a bare right to sue, which did not confer standing to maintain its copyright infringement action. (Doc. # 28 at 6-10.) No published decision from the Ninth Circuit, or any other circuit of which Righthaven is aware, has applied *Silvers* in this manner.

Even if the Ninth Circuit were to approve of the Court's unique analytical approach, Righthaven still has a reasonable probability of success on the merits of its appeal based on the Assignment's language, which fully complies with *Silvers* because it transfers ownership in and to the Work along with the express right to sue for accrued, past infringement claims. The Assignment unquestionably vests Righthaven with ownership at some point in time along with the right to sue for past, accrued copyright infringement claims before any rights are licensed back to Stephens Media LLC ("Stephens Media")[2] under the original SAA terms. While the original SAA does grant Stephens Media an exclusive license to exploit an assigned work, these exclusive rights may potentially limit Righthaven's ability to sue for current and future infringements. The original SAA terms do not, however, retroactively divest Righthaven of ownership and the right to sue for accrued infringement claims, which is precisely what the Court held by finding a lack of subject matter jurisdiction. (Doc. # 28 at 6-10.) Interestingly, the Court did not invalidate the Assignment or find it unenforceable. (*Id.*) Rather, the Court

---

[2] Stephens Media is the owner of the *Las Vegas Review-Journal*, which originally published the literary piece "Public employee pensions. We can't afford them" (the "Work") on or about November 28, 2010. (Doc. # 1 at 2; Doc. # 1-1 at 2-3.) The Assignment of ownership in and to the Work together with the right to sue for all past, present and future infringements was granted by Stephens Media to Righthaven on December 6, 2010. (Gibson Decl. ¶ 4, Ex. 1; Hinueber Decl. ¶ 4, Ex. 1; *see also* Doc. #1 at 4.) The alleged infringement in this case occurred on or about November 29, 2010, which qualifies it as a past, accrued claim. (Doc. # 1 at 2, 4.)

determined that "Righthaven does not have any exclusive rights in the Work and thus does not have standing to bring an infringement action." (Doc. # 28 at 10:23-25.)

In sum, Righthaven's appeal of the Court's subject matter determination stands a reasonable probability of success because it appears to involve an issue of first impression as it relates to the Court's application of the *Silvers* decision to the facts of this case. Given the lack of definitive controlling authority, Righthaven enjoys a probability of success on the merits that is, if not significantly higher than, is certainly much more likely than that typically facing a party challenging a district court's order in view of established case law. This supports issuing a stay until the Ninth Circuit fully adjudicates Righthaven's appeal of the Court's subject matter determination.

### b.   Righthaven's appeal of the Court's award of attorneys' fees and costs independently stands a reasonable probability of success.

Independent of its chances on appeal concerning the Court's subject matter determination, Righthaven enjoys a reasonable probability of success in its appeal of the Court's award of attorneys' fees. (Doc. ## 43-44.)  This conclusion is supported by the Court's determination that it lacked subject matter jurisdiction over this dispute, which resulted in Righthaven's Complaint being dismissed without prejudice. (Doc. # 28 at 6-10.) This determination occurred before Defendant sought an award of attorneys' fees and costs.  Under these circumstances, Righthaven asserts there are at least three highly viable grounds for reversal of the Court's attorneys' fees and costs award by the Ninth Circuit.

First, Righthaven maintains that once subject matter is found to not exist a court cannot award attorneys' fees to a party unless it is a sanction. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("[T]he court having determined that it lacks subject matter jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); *Hudson v. Principi,* 260 F.3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."); *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir. 1994) ("Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter

8

of law 'that lack of jurisdiction bars and award of attorneys fees under [42 U.S.C. §] 1988.")
(internal brackets omitted); *United States v. 87 Skyline Terrace,* 26 F.3d 923, 927 n.6 (9th Cir.
1994) (listing cases holding that "subject matter jurisdiction is a condition precedent to an
award of fees under the EAJA"); *Branson v. Nott,* 62 F.3d 287, 293 (9th Cir. 1995) (declining to
confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was
lacking); *Clark v. Busey,* 959 F.2d 808, 810 (9th Cir. 1992) ("Subject matter jurisdiction to
decide the merits of the underlying action is a condition precedent to an award of fees or costs
under the EAJA." (internal quotations omitted); *Johnson-Manville Corp. v. United States,* 893
F.2d 324, 328 (Fed. Cir. 1989) (finding a lack of subject matter jurisdiction barred fee award);
*Lane v. United States,* 727 F.2d 18, 20-21 (1st Cir. 1984) (determining that a want of subject
matter jurisdiction precluded an award of fees).  The Court did not address these decisions,
which were cited by Righthaven in response to Defendant's request for an award of attorneys'
fees and costs, in its Order. (Doc. # 43.)

   Second, the Court found Defendant to be a "prevailing party" under Rule 54(d). (*Id.*)
Righthaven asserts the Court erred in making this determination in view of Ninth Circuit
precedent that holds a party does not qualify as a "prevailing party" under Rule 54(d) when a
case is dismissed without prejudice. *See Miles v. California,* 320 F.3d 986, 988 (9th Cir. 2003).
Righthaven brought this decision to the Court's attention in its response to Defendant's fee
request. (Doc. # 38 at 8-9.) The Court did not address this decision in its Order.  (Doc. # 43.)

   Third, the Court also found Defendant to be a "prevailing party" under Section 505.
Righthaven maintains the Court's dismissal of this case for lack of subject matter jurisdiction,
which was without prejudice, precludes such a finding under Ninth Circuit precedent. *See
Cadkin v. Loose,* 569 F.3d 1142, 1147 (9th Cir. 2009).  Again, Righthaven cited this decision in
its response to Defendant's request for attorneys' fees (Doc. # 38 at 9-12), but it was not
addressed in the Court's Order. (Doc. # 43.)

   As demonstrated above, Righthaven has identified at least three substantive reasons why
the Court's attorneys' fees award is contrary to considerable cited authority, which includes
controlling authority from the Ninth Circuit.  The Court did not identify any reasons for

9

distinguishing the facts of this case from the holdings in the cited decisions. (*Id.*)  In fact, the Court provided absolutely no analysis beyond its bare reference to the language of Rule 54(d) and Section 505. (*Id.*)  These circumstances demonstrate that Righthaven stands a reasonable probability of success of obtaining a favorable decision from the Ninth Circuit concerning the Court's award of attorneys' fees and costs in this case.  This is an independent basis for success on appeal from Righthaven's challenge to the Court's subject matter determination.  In sum, Righthaven has more than satisfactorily demonstrated that it has a reasonable probability on the merits of the issues presented to the Ninth Circuit so as to justify the Judgment being stayed pending appeal.

### 2.  Absent a stay, Righthaven faces a threat of irreparable harm.

Issuance of a stay next requires Righthaven to demonstrate that it faces the threat of irreparable harm should the requested relief not be granted. *See Golden Gate Rest. Assoc.,* 512 F.3d at 1115.  Righthaven clearly faces such a threat if a stay pending appeal is not granted.

As a threshold matter, Righthaven is asking the Court to stay enforcement of the Judgment, which is an award of attorneys' fees and costs. (Doc. # 44.)  If this relief is granted it will temporarily suspend Defendant's collection efforts through judgment enforcement mechanisms such as levies, garnishments and executions against property.  It will also temporarily suspend the Defendant's ability to engage in judgment enforcement-related discovery efforts such as judgment debtor examinations and third party directed document requests.  Absent confirmation of the contrary by opposing counsel, Defendant may not have remitted payment for a majority of, if not all of, the attorneys' fees and costs awarded in the Judgment.  This would be wholly consistent with opposing counsels' representation of other Righthaven defendants such as Michael Leon.  This conclusion is also supported by opposing counsel's supporting affidavit submitted in support of Defendant's motion for attorneys' fees and costs, which did not set forth any of the engagement terms or amounts paid by him for representation in this matter.  (Doc. # 32-2.)   Accordingly, the stay requested by Righthaven merely seeks to temporarily suspend the Defendant's recovery efforts under circumstances where

it is highly likely he has not suffered any significant a monetary loss through payment of the attorneys' fees and costs reflected in the Judgment. (Doc. # 44.)

Against this factual backdrop, the Court must consider the significant threat of irreparable harm Righthaven faces through judgment enforcement efforts if a stay is not granted.  As the Court is likely aware, Righthaven's copyright enforcement efforts have been stalled in this District and in the District of Colorado as the result of court issued stays.  In Colorado, 35 Righthaven copyright infringement cases have been stayed since May 19, 2011 pending a ruling on whether the company has standing to maintain these actions.  Likewise, ten infringement actions, most of which involve an amended version of the SAA that addresses the concerns expressed by this Court in its subject matter decision, have been stayed in this District until a standing determination is made.  Thus, Righthaven has been precluded from actively litigating and resolving the stayed cases.  Moreover, Righthaven has delayed filing new copyright enforcement actions until a standing determination is made based upon the terms of the currently operative version of the SAA.  Throughout this period, and despite a lack of incoming revenue given that numerous pending action are stayed, Righthaven has continued to incur operating expenses. While these circumstances have not exhausted Righthaven's resources, it certainly brings the value of its intangible intellectual property assets to the forefront of any judgment enforcement efforts. Permitting such judgment enforcement efforts to proceed during pendency of Righthaven's appeal unquestionably exposes the company to the threat of irreparable harm.

First, Righthaven has significant intangible assets in the intellectual property rights to all copyrights assigned from Stephens Media.  While Righthaven has been found to lack sufficient exclusive rights under the Assignment in view of the original SAA terms to convey standing as of the time it filed the Complaint in this case (Doc. # 28 at 10:23-25), the SAA has since been amended by the parties to expressly address the concerns identified in this Court's decision.[3]  Thus, Righthaven maintains that while it may not have possessed sufficient exclusive rights as of the time this case was filed, it certainly has such rights now.  In fact, Righthaven maintains that it

---

[3]  This document has been referred to as the Restated and Amended Strategic Alliance Agreement or the "Amended and Restated SAA" in numerous court filings in this District.

owns **all copyrighted works assigned by Stephens Media** based on the operative version of the SAA. The assigned copyrights include the Assignment for the Work that is being appealed in this case.  The assigned copyrights also include ownership rights in and to works at issue in other cases pending in this District and in the District of Colorado. The assigned copyrights additionally encompass ownership rights in and to works that have potentially been infringed but for which infringement actions have not been filed.

If these valuable intellectual property assets were seized, Righthaven's future operations would be irreparably harmed if it were to succeed in its appeal of either the Court's subject matter determination or its award of attorneys' fees and costs.  Reversal of either decision would render the Judgment unenforceable.  After reversal, Righthaven would then be faced with the impossible task of trying to recapture essential intellectual property assets that were seized and liquidated during the appeals process. Moreover, the impact of this irreparable scenario would not be limited to this case.  Rather, given that enforcement efforts could encompass the seizure and liquidation of all assigned copyrights, it is certainly conceivable that Righthaven could lose ownership of works at issue in other cases pending at the district court level or on appeal to the Ninth Circuit.  Once again, this exposes Righthaven to the irreparable threat of having its ownership rights recognized by the Ninth Circuit through the reversal of any one of the subject matter decisions currently on appeal – only to then be faced with the insurmountable task of unwinding whatever interim seizure and liquidation efforts have been undertaken in enforcing the Judgment.  Staying the Judgment while appellate review is pending eliminates this threat of irreparable harm.

Granting a stay of the Judgment during appellate review also mitigates any irreparable harm impacting Righthaven's pending and future copyright litigation efforts.  Seizure and liquidation of the assigned copyrights could certainly compromise pending infringement actions by vesting any new holder of a copyright with dismissal authority.  Likewise, any new holder of an assigned copyright could compromise potential future infringement actions by granting releases from liability to suspected infringers. Once again, Righthaven would be incapable of undoing, and monetary damages would be unable to rectify, this irreparable harm should it

prevail on appeal to the Ninth Circuit in this case or in any one of the several pending cases on appeal that seek review of the subject matter determinations made in this District.

In addition to the assigned copyrights, Righthaven also has significant proprietary rights in its copyright infringement search engine software (the "Software"), which plays an integral role in the company's operations.  If a stay is not granted pending appeal, this valuable Software may be seized and liquidated in an attempt to satisfy the Judgment.  Liquidation may result in the Software being sold to a competing organization or entity.  Alternatively, the Software could be sold to any one of a host of infringers or other supporting organizations that would attempt to reverse engineer the software in order to devise methods for evading detection.  Again, reversal on appeal by the Ninth Circuit would result in the irreparable loss of Righthaven's competitive advantage and its proprietary rights in its Software. This irreparable harm can be avoided by issuing a stay pending appeal of the Judgment.

In view of the foregoing, Righthaven faces the very real threat of being forced out of business or being forced to seek protection through bankruptcy if the Court does not stay the Judgment pending resolution of the company's appeal to the Ninth Circuit.  Such circumstances clearly qualify as irreparable harm. *See Doran v. Salem Inn, Inc.,* 422 U.S. 922, 932 (1975) (being forced into bankruptcy constitutes irreparable harm); *Petereit v. S.B. Thomas, Inc.,* 63 F.3d 1169, 1186 (2d Cir. 1995) ("Major disruption of a business can . . . constitute irreparable injury."); *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1205 (2d Cir. 1970); *see also Nokota Horse Conservancy, Inc. v. Bernhardt,* 666 F. Supp. 2d 1073, 1080 (D. N. D. 2009) (noting that the loss of an ongoing business cannot be compensated by subsequent monetary damages); *Paschall v. Kansas City Star Co.,* 441 F. Supp. 349, 357-59 (W.D. Mo. 1977). Moreover, the unique nature of the intellectual property and proprietary rights placed in jeopardy of seizure and liquidation absent issuance of a stay add further credence to Righthaven's clear exposure to irreparable injury.

In sum, Righthaven's stay request asks the status quo be maintained while its appeal is fully considered by the Ninth Circuit.  Absent staying the Judgment, Righthaven unquestionably faces enforcement efforts that would not only seek to satisfy the Judgment, but would also seek

to eviscerate the intellectual property and proprietary rights upon which the company's foundation rests.  Accordingly, Righthaven faces a credible threat of irreparable harm if the Judgment is not stayed pending appeal.

> ### 3.   Alternatively, serious legal issues are presented on appeal and the balance of the hardships tips in favor of Righthaven.

Righthaven's request for a stay should be granted because serious issues are presented on appeal and the balance of the hardships tips decidedly in the company's favor.  This satisfies the Ninth Circuit's alternative test for issuance of a stay pending appeal. *See Golden Gate Rest. Assoc.,* 512 F.3d at 1115.

As discussed above, Righthaven's the Court's subject matter determination involved what is believed to be issues of first impression for the Ninth Circuit.  This is conclusion is based on the Court's interpretation of the *Silvers* decision and its application of the *Nafal* decision as support for finding that "Righthaven does not have any exclusive rights in the Work and thus does not have standing to bring an infringement action" under the Assignment in view of the original SAA terms. (Doc. # 28 at 10:23-25.)  If there is directly controlling case law supporting this analysis beyond the decisions cited in the Order (*Id.*), neither Righthaven nor the Defendant brought it to the Court's attention in their written submissions.  While Righthaven maintains the Court erred in its analysis, this dispute need not be resolved in the company's favor in order to grant a stay pending appeal.  Rather, the Court need only find that serious legal questions are presented on appeal to justify preserving the status quo while the Ninth Circuit resolves these questions. *See Gilder,* 936 F.2d at 422.  Serious legal questions are patently involved in Righthaven's pending appeal before the Ninth Circuit.

 Righthaven's request for a stay is further supported by the balance of the hardships, which decidedly tips in the company's favor.  As argued above, Righthaven faces an extremely credible threat of irreparable harm through judgment enforcement efforts directed at its intellectual property and proprietary assets while its appeal to the Ninth Circuit is pending.  This irreparable injury would strike at the very foundation of the company and would likely force Righthaven to seek bankruptcy protection absent issuance of a stay.  Simply put, Righthaven

cannot allow these assets to be seized and liquidated while it seeks appellate review from the Ninth Circuit.  Allowing these assets to be seized and liquidated to satisfy the Judgment while Righthaven's appeal is pending could not only compromise the viability of this case should it be reversed and remanded, but allowing such action could also compromise the viability of other pending cases.  Additionally, allowing Righthaven's intellectual property assets to be seized and liquidated pending its appeal would have a devastating effect on the company's ability to continue operations.  Frankly, the gravity of the hardship to which Righthaven would be exposed should the Judgment not be stayed pending appeal is immeasurable.

In contrast, the Defendant would be exposed to a rather finite amount of hardship should a stay pending appeal be issued.  First, the Judgment reflects a monetary award that can be enforced effectively if the Ninth Circuit affirms both the Court's subject matter and attorneys' fees decisions.  The Judgment will continue to accrue applicable post-judgment interest during the pendency of Righthaven's appeal, which should adequately compensate the Defendant for the period the Judgment is stayed.  Second, staying the Judgment may result in an interim decision from this District that validates Righthaven's standing to sue under the operative version of the SAA.  This would enable Righthaven to pursue copyright enforcement actions that are currently being held in abeyance by the company.  These enforcement actions would unquestionably result in the company generating revenue that could be used to satisfy the Judgment if the Ninth Circuit affirms the Court's decisions.  On the other hand, permitting the Defendant to immediately commence judgment enforcement efforts may actually result in him substantially limiting, if not completely eliminating, this potential revenue stream by divesting Righthaven of any assigned copyrights while its appeal to the Ninth Circuit is pending.  Finally, there is no indication in the record that Defendant has been deprived of any money through the actual payment of attorneys' fees and costs to his counsel.  In all likelihood, Defendant has been represented in this action with the understanding that his counsel would be entitled to recover any funds awarded by the Court.  If these circumstances prove true, then the Defendant would experience absolutely no hardship upon issuance of a stay pending appeal.

In sum, serious legal issues are presented in Righthaven's appeal to the Ninth Circuit. These serious legal issues are readily apparent from the analysis undertaken by the Court in reaching its subject matter determination.  Moreover, the balance of the hardships tips decidedly in favor of Righthaven should the Judgment not be stayed pending appeal.  These legal issues and the balance of the hardships supports granting Righthaven a stay of the Judgment pending appeal under the Ninth Circuit's alternative test for issuing such relief. *See Golden Gate Rest. Assoc.,* 512 F.3d at 1115.

### 4.      The public interest is served by granting a stay.

Granting a stay also serves the public interest.  As argued above, there are significant and serious legal issues raised in Righthaven's appeal of the Court's subject matter decision. Resolution of these issues impacts not just Righthaven and the Defendant, but it impacts a vast array of businesses and individuals utilizing the Internet on a daily basis.  For instance, Righthaven's appeal implicates the parameters under which non-content generating copyright holders can enforce rights in and to assigned content.  Assignment of copyright protected content occurs throughout the country on a daily basis.  The public would unquestionably benefit from additional case law that sets forth the requirements for properly conveying ownership in and to copyright protected content together with the right to sue for accrued infringement claims. Granting a stay ensures that these issues will be presented to the Ninth Circuit for a decision.

Denying stay relief, however, necessarily raises the possibility that Righthaven may be forced to file bankruptcy to protect is intellectual property and propriety assets from seizure and liquidation, which would have grave implications for the company's ability to prosecute the appeal in this case as well as its appeal in other cases from this District.  This would deprive the public of the Ninth Circuit's analysis on a host of complex issues concerning the enforcement of copyright protected material displayed without authorization on the Internet.  Thus, staying the Judgment pending appeal will serve the public interest by permitting the Ninth Circuit to address the serious legal issues presented through Righthaven's appeal in this case along with preserving the company's ability to prosecute other cases on appeal to the Ninth Circuit that involve different, but equally complex, issues that should provide additional guidance as to the necessary

requirements for assigning copyright protected content to non-content generators for enforcement and licensing purposes.

In sum, the public interest is clearly served through issuance of the requested stay because doing so would ensure that the complex and wide ranging legal issues presented on appeal, such as, among other things, the requirements for properly assigning copyright protected content to non-content generating entities in a manner that enables these entities to enforce the infringement of their exclusive rights, are presented to the Ninth Circuit for a decision.  Any such decision, whether in Righthaven's favor or in the Defendant's favor, will necessarily define rights germane to countless businesses, organizations and individuals that use the Internet on a daily basis for business and social purposes.  Accordingly, Righthaven's request for a stay pending appeal is wholly consistent with the public interest.

**B.     Alternatively, The Court Should Stay Compliance With Its Order And Enforcement of The Judgment Until Righthaven Can Seek Relief From The Ninth Circuit Pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(ii).**

Should the Court decline to grant a stay pending appeal, it should nevertheless temporarily stay the Judgment while Righthaven seeks stay relief from the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(ii).  As mentioned earlier in this submission, Righthaven must first seek stay relief from this Court before it can seek such relief from the Ninth Circuit. *See* FED.R.APP.P. 8(a)(1)(A); *see also* FED.R.APP.P. 8(a)(2)(A)(ii).  Accordingly, in the event the requested stay pending appeal is denied, Righthaven alternatively asks the Court to temporarily stay the Judgment while it seeks stay relief from the Ninth Circuit.

In considering a temporary stay of the Judgment, the Court's analysis shifts from the considerations associated with a stay that would be in effect throughout the appeals process to the considerations associated with a much more temporary stay that would encompass the time period for the Ninth Circuit to decide whether to grant such relief.  Under the Court's stay analysis, a lesser showing of a probability on the merits should be required because the decision to evaluate this requirement for issuance of a stay pending appeal will be made by the Ninth Circuit.  Righthaven asserts that the arguments above concerning its probability of success on the merits of its appeal is more than sufficient to justify issuance of a stay pending appeal.

17

Concomitantly, these same arguments present an even greater justification for issuing a temporary stay of the Judgment while Righthaven seeks a stay pending appeal from the Ninth Circuit. Accordingly, the Court should conclude that Righthaven has more than adequately satisfied the success on the merits requirement for issuance of a temporary stay of the Judgment while it applies to the Ninth Circuit for a stay pending appeal.

Likewise, Righthaven has more than adequately demonstrated that it would suffer irreparable harm should a temporary stay not be issued while it seeks relief from the Ninth Circuit. In this regard, the totality of arguments made above concerning Righthaven's unquestionable exposure to irreparable harm through seizure and liquidation of its intellectual property and proprietary assets directly applies to its request for a temporary stay pending its application for stay relief to the Ninth Circuit. This conclusion is compelled because these same judgment enforcement mechanisms can be taken to satisfy the Judgment if a temporary stay is not granted. Thus, Righthaven could effectively be divested of its most valued assets while a stay pending appeal is sought from the Ninth Circuit. Issuance of a temporary stay while such relief is sought from the Ninth Circuit is the only way to avoid Righthaven being exposed to this immeasurable irreparable harm. Accordingly, Righthaven faces a credible threat of irreparable harm sufficient to justify issuance of a temporary stay of the Judgment while it seeks stay relief pending appeal from the Ninth Circuit.

Even if the Court were to consider Righthaven's request for a temporary stay under the Ninth Circuit's alternative approach, this analysis also justifies granting the requested relief. Turning first to the seriousness of the legal issues presented on appeal, the nature of these issues does no change under the Court's analysis in deciding to issue a temporary stay of the Judgment. In fact, a lesser showing is necessarily required because the Ninth Circuit will fully consider the nature of the legal issues involved on appeal in deciding whether a stay pending appeal should be granted. Righthaven's identified legal issues certainly justify issuance of a stay pending appeal. Accordingly, these same identified serious legal issues should unquestionably support issuance of a temporary stay of the Judgment while Righthaven seeks a stay pending appeal from the Ninth Circuit.

Likewise, the balance of the hardships tips even more decidedly in Righthaven's favor under a temporary stay analysis.  To begin with, the same hardships exist if a temporary stay were not issued as if a stay pending appeal were not issued.  Righthaven would still face the likelihood of having its crucial intellectual property and proprietary assets seized and liquidated during the period of time is seeks stay relief from the Ninth Circuit.  In contrast, the time period the Defendant would be required to stay enforcement efforts under a temporary stay is drastically reduced and, in turn, any hardship associated with such a delay is also drastically reduced.  Once again, it is the Ninth Circuit that will evaluate the relative hardships between the parties that pertain to a stay pending resolution of Righthaven's appeal.  Righthaven fully maintains that it has demonstrated its entitlement to a stay pending appeal.  If the Court does not agree with Righthaven on this issue, however, the company still believes that it has undoubtedly demonstrated it entitlement to a temporary stay while it seeks stay relief from the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(ii).

## IV.   CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court grant its Motion and stay the Judgment (Doc. # 44) pending resolution of its appeal to the Ninth Circuit of the Court's subject matter determination that dismissed this case without prejudice (Doc. # 28) as well as its decision to grant the Defendant's request for attorneys' fees and costs (Doc. # 43). (Doc. # 33; Doc. # 45.)

Righthaven requests the Court grant the stay prior to the September 14, 2011 compliance date for remitting payment of the Judgment to the Defendant. (Doc. # 43 at 2.)  Should the Court require additional time to fully consider this request, Righthaven asks the Court to temporarily stay the September 14, 2011 compliance date while it does so.

/ / /

/ / /

/ / /

/ / /

/ / /

19

Should the Court deny Righthaven's stay request, the company respectfully requests the Judgment be temporarily stayed while it seeks a stay pending appeal from the Ninth Circuit pursuant to Rule 8(a)(2)(A)(ii).

Dated this 9th day of September, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 9th day of September, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*