SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No.: 2:11-cv-00050-PMP-RJJ<br><br>**DECLARATION OF SHAWN A. MANGANO, ESQ. IN SUPPORT OF PLAINTIFF RIGHTHAVEN LLC'S MOTION FOR STAY OF JUDGMENT PENDING APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 8(a)**<br><br>*Emergency Relief Sought and/or Relief Sought on Shortened Time Pursuant to LR 6-1* |

I, Shawn A. Mangano, Esq., declare, under penalty of perjury, that the following is true and correct:

1. I am an attorney-at-law admitted to practice before all courts of the State of Nevada. I have personal knowledge of the facts set forth below, except for those factual statements expressly made upon information and belief, and as to those facts, I believe them to be true. I am over eighteen years old and I am competent to testify to the matters set forth herein.

2. I represent Plaintiff Righthaven LLC ("Righthaven") in the above-referenced matter.

3.     This declaration is made in support of Plaintiff Righthaven LLC's Motion for Stay of Judgment Pending Appeal Pursuant to Federal Rule of Appellate Procedure 8(a) (the "Motion"). The Motion is brought on shortened time and/or on an emergency basis because the Court has September 14, 2011 as the date for Righthaven to comply with its Order (Doc. # 43) requiring payment of Defendant Wayne Hoehn's ("Defendant") attorneys' fees and costs.

4.     I have acted as counsel for Righthaven in this matter since its inception. I have intimate knowledge of the procedural history of this case based on my involvement as counsel of record. I also have familiarity with Righthaven, its general business operations and its copyright enforcement efforts in this District as well as in the District of Colorado, where I am admitted to practice in United States District Court and represent Righthaven as counsel of record in its pending actions in that jurisdiction.

5.     On May 19, 2011, Judge John Kane issued a stay of 35 Righthaven cases pending in the District of Colorado pending a determination as to the presence of subject matter jurisdiction. This stay is still in effect. Righthaven has not filed any new copyright enforcement actions as a result of this stay.

6.     Ten pending Righthaven cases have been stayed in this District by Judge Hicks pending a determination as to the presence of subject matter jurisdiction. Six of the stayed cases involve complaints amended as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(2). These amended cases place an Amended and Restated Strategic Alliance Agreement (the "Amended and Restated SAA") at issue. Righthaven and Stephens Media LLC ("Stephens Media") entered into the Amended and Restated SAA in response to this Court's observations concerning certain terms contained in an earlier amendment (the "Clarification") to the Strategic Alliance Agreement (the "SAA") in its subject matter jurisdiction decision.

7.     Due to the stay of the cases pending in this District and in the District of Colorado, Righthaven has not filed new copyright enforcement actions until a decision is reached as to whether standing is properly conferred to the company under the Amended and Restated SAA. Righthaven has identified numerous potential infringers that would be subject to enforcement efforts should it be determined to have standing to sue under either the Assignment

or under the Amended and Restated SAA.  While the litigation stays have been in placed, Righthaven has continued to service its operational expenses, but based on my knowledge has not generated revenue from settlements of pending actions during this time.

8. Having served as outside litigation counsel in numerous Righthaven cases, I have gained a general understanding that the copyrights assigned to the company represent valuable intellectual property assets.  While decisions from this District have found that Righthaven lacks standing to sue under certain assigned copyrights in view of the original SAA terms, the currently operative version of the SAA appears to cure these perceived defects.  As such, Righthaven currently owns all copyrights assigned to it by Stephens Media. The prior standing decisions from this District do not mean that Righthaven does not own the assigned copyrights today given the terms of the Amended and Restated SAA.

9. If the attorneys' fees and costs awarded to the Defendant (the "Judgment") were not stayed, Righthaven could face judgment enforcement efforts directed to its assigned copyrights.  The assigned copyrights could be seized and liquidated in an attempt to satisfy the Judgment.  The assigned copyrights include the copyrighted work at issue in this case, as well as works that are issue in other pending and yet to be commenced cases.  Such a result would have a devastating and irreparable effect on this case and likely on all other Righthaven cases because the holder of the copyrights could dismiss pending actions or grant releases to the defendants in those cases.  This could occur while Righthaven is appealing the Court's decisions to the Ninth Circuit if the judgment is not stayed.  This could also occur if the Court denies Righthaven's stay request and refuses to temporarily stay the Judgment while relief is sought from the Ninth Circuit.

10. It is my understanding Righthaven possesses a proprietary search engine software program that it uses to identify potential infringers on the Internet.  This software could also be subject to seizure and liquidation if the Judgment is not stayed.  Seizure and liquidation could enable parties to reverse engineer the software code in order to decipher means of subverting detection.  Seizure and liquidation could also result in the software being purchased by a competitor of Righthaven.

11.     The assigned copyrights are required for Righthaven to continue its enforcement efforts and to expand its business model to other endeavors.  The software also plays an integral part in Righthaven's operations.  If a stay is not granted, and other means of protecting these assets are not viable options, the company would likely be forced to seek bankruptcy protection or face the possibility of ceasing operations.  It simply cannot afford to have these valuable assets seized and liquidated.  Moreover, if seizure and liquidation were to occur during the pendency of Righthaven's appeal, it would be virtually impossible to recapture these assets should the company prevail at the Ninth Circuit.

12.     I have litigated against opposing counsel in other Righthaven matters in this District.  In one action, opposing counsel represented a Michael Leon.  Opposing counsel sought an award of attorneys' fees and costs after Righthaven agreed to dismiss its claims against Mr. Leon without prejudice pursuant to Federal Rule of Civil Procedure 4(m).  It was revealed by opposing counsel that it was entitled to any fee award granted in connection with their representation of Mr. Leon.  I have no reason to believe opposing counsel is representing the Defendant in this case on any different terms from Mr. Leon.

13.     Righthaven currently has numerous cases on appeal before the Ninth Circuit that includes actions involving the dismissal of claims brought against Mr. Thomas A. DiBiase, the Center for Intercultural Organizing, Realty One Group and two appeals involving Mr. Hoehn in this case.

Signed and affirmed this 9th day of September, 2011.

    /s/ Shawn A. Mangano_____
   SHAWN A. MANGANO, ESQ.

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 9th day of September, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*