1  Marc J. Randazza (Admitted *Pro Hac Vice*)
2  J. Malcolm DeVoy IV (Nevada Bar No. 11950)
   RANDAZZA LEGAL GROUP
3  mjr@Randazza.com
   jmd@Randazza.com
4  7001 W. Charleston Boulevard, # 1043
   Las Vegas, NV 89117
5  Telephone: 888-667-1113
   Facsimile: 305-437-7662
6  www.Randazza.com

7  Attorneys for Defendant,
   *Wayne Hoehn*
8

9              UNITED STATES DISTRICT COURT

10                 DISTRICT OF NEVADA

11 RIGHTHAVEN, LLC, a Nevada limited liability       Case No. 2:11-cv-00050
   company,
12                                                    DEFENDANT'S OPPOSITION TO
                                                      PLAINTIFF'S MOTION TO STAY
13                    Plaintiff,                      JUDGMENT

14        vs.

15 WAYNE HOEHN, an individual,

16                    Defendant.

17      DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY JUDGMENT

18        Defendant Wayne Hoehn ("Hoehn"), represented by his attorneys, Randazza Legal

19 Group, in the above-captioned matter, opposes Plaintiff Righthaven LLC's ("Righthaven['s]")

20 application to stay judgment in this case (Doc. # 52). The bases for Hoehn's opposition are set

21 forth below.

22 **I. Introduction**

23        Righthaven picked this fight, and now that it has found itself on the wrong end of the law,

24 it seemingly wishes to do anything it can (or in this circumstance, something it can't) in order to

25 stave off the inevitable consequences for its actions. Judgment has been entered against

26 Righthaven – and in Hoehn's favor – for $34,045.50. In a prior case where a defendant was

27 awarded attorney's fees, the defendant was forced to file a Motion for Preliminary Injunction, to

28 which Righthaven responded with a Motion to Stay that judgment, and to which defendant's

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113                                        - 1 -

counsel responded – all within three calendar days. *Righthaven LLC v. Leon*, Case No. 2:10-cv-01672 (Docs. 54-60) (D. Nev. July 9-24, 2011) (*See* Declaration of J. Malcolm DeVoy ¶¶ 3-7). In Righthaven's lone South Carolina case against Dana Eiser, Plaintiff's original local attorney, Edward T. Fenno, withdrew from representation after obliquely referencing Righthaven's failure to pay him:

> Counsel's withdrawal is permissible under […] Rule 1.16(b)(5) ("the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services or payment therefore and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled"); Rule 1.16(b)(6) ("the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client")

*Righthaven LLC v. Eiser*, Case No. 2:10-cv-03075-RMG-JDA (Doc. # 43) (D.S.C. May 17, 2011).

Even sanctions issued by a colleague of this Court in *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-01356 (Docs. 138, 143) (D. Nev. July 19, 2011) were not enough to enervate Righthaven to part with its ill-gotten gains.  In Democratic Underground, the District of Nevada ordered Righthaven to provide its Strategic Alliance Agreement with Stephens Media LLC and copy of the Court's order dismissing Righthaven from the litigation (Doc. # 116) to all parties to its cases based on Stephens Media LLC copyrights, and to pay a $5,000 sanction to the Court.  The day after such sanctions were due, Righthaven requested an extension to do so, even going so far as indicating its intention to appeal the sanction and post a bond for its value. (Doc. # 143).   Nonetheless, Righthaven eventually complied with the Democratic Underground court's sanctions order.

Righthaven claims that the company is in a death spiral and it is is considering bankruptcy. (Doc. # 52-1 ¶ 11.)  This is an unusually precarious position to be in for a company founded with an initial capital infusion of $500,000, and only $35,000 at stake.[1]  Having paid $350 per lawsuit over the 275 cases it has initiated since early 2010, Righthaven's outlays would have been less than $100,000.  And, back when Righthaven could credibly claim it had standing

---

[1] David Kravets, *Newspaper Chain Fights for Copyright Troll's Survival*, Wired (June 29, 2011), http://www.wired.com/threatlevel/2011/06/stephens/ (*last accessed* Sept. 11, 2011).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

to sue, and its defendants would settle lawsuits with the enforcement outfit, it derived significant revenues from its business.  One estimate puts the settlement payments recovered by Righthaven at $352,500.[2]  Despite making such royal sums on seemingly unsupportable lawsuits, Righthaven seems interested in doing anything it can, no matter what the expense, to avoid paying attorneys' fees awards and sanctions.

In this case, Righthaven has presented the Court with a false choice: The Court must stay execution of Hoehn's judgment, or force Righthaven to pay Hoehn immediately.   To the contrary, Righthaven may post a bond for Hoehn's judgment (and additional fees incurred) with the Court, or place the fees owed to Hoehn in escrow with the Court pending completion of its appeal to the Ninth Circuit Court of Appeals.  Had Righthaven met and conferred with Defense counsel before filing the instant Motion, Defendant would have stipulated to a stay of execution if Righthaven provided adequate security to ensure recovery.  Under any other circumstance, Hoehn opposes any stay of the execution of his judgment.  Righthaven should not have brought this case in the first place.  Mr. Hoehn's use of the copyrighted work was non-infringing "fair use," and even if it was not, Righthaven was not the proper plaintiff.  Righthaven should have known at least one, if not both, of these facts.  After needlessly prolonging this litigation, Righthaven lost and was ordered to pay Mr. Hoehn's attorneys' fees.  Righthaven has had a month's notice that its day to pay the piper was coming, and this court should be unmoved by Plaintiff's eleventh-hour realization that it would prefer not to pay until it has a chance to completely dissipate its assets.

## II. Argument

Righthaven has not shown that this Court should stay execution of Hohen's judgment against it.  There is, in fact, a strong likelihood that Hoehn will prevail on appeal to the Ninth Circuit Court of Appeals, as Righthaven's arguments, already dismantled by this Court, rely on the Ninth Circuit overturning its precedent, especially in two recent rulings, *Silvers v. Sony Pictures Entertainment, Incorporated*, 402 F. 3d 881 (9th Cir. 2005) (*en banc*) and *Sybersound*

---

[2] Righthaven Lawsuits, http://righthavenlawsuits.com/ (*last accessed* Sept. 11, 2011) (as Righthaven's settlements are often confidential, a true number is not known, and Righthaven has not disclosed its revenue data to any court).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

*Records, Incorporated v. UAV Corporation*, 517 F.3d 1137, 1145-46 (9th Cir. 2008).   While Righthaven may be opposed to paying Hoehn the balance of a judgment on appeal, it would be eminently appropriate for Righthaven to post a bond with the court for the judgment, the post-judgment costs incurred by Hoehn, and the estimated costs on his appeal.  By Righthaven's own admission, it is considering bankruptcy, which ultimately may render this Court's award to Hoehn futile. (Doc. # 52-1.)

A.    **Righthaven is Not Likely to Prevail on Appeal, and is Alone in its Confidence of Success.**

Hoehn has won a comprehensive victory over Righthaven in this matter, with the Court finding that Righthaven lacked standing, that Hoehn's use of the copyrighted work was a non-infringing fair use, and that Hoehn was entitled to recover his full attorney's fees from Righthaven.  Nothing short of a miracle will save Righthaven on appeal to the Court of Appeals. First, an award of fees is only overturned if the court abused its discretion.  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001) *cert denied* 534 U.S. 1127 (2002).   Second, Righthaven's appeal will need to knock down both rationales provided by this Court in order for it to prevail.  It is unlikely that Righthaven will succeed on either, but the road ahead of it requires it to convince the 9th Circuit that this Honorable Court erred on standing, erred on fair use, *and* abused its discretion in awarding fees. With odds like that, whomever is making decisions at Righthaven should steer far clear of any sportsbooks in Las Vegas.

Righthaven's failure of standing is well-settled law within this Circuit.  The right to sue is not an exclusive right recognized in 17 U.S.C. § 106, *Silvers*, 402 F.3d at 890, and the right to sue can only be transferred with an exclusive right, *Sybersound*, 517 F.3d at 1145-46 – which Righthaven did not acquire from Stephens Media LLC. (Doc. # 28.)  Similarly, Rigthhaven's attempted *nunc pro tunc* "Clarification" of its obviously flawed Strategic Alliance Agreement with Stephens Media LLC will not be sufficient to confer Righthaven with standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), though this Court found that this Clarification

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

would not cure Righthaven's defective standing even if it did control Stephens Media LLC's and Righthaven's relationship. (Doc. # 28.)

Similarly, this Court's ruling on fair use is unlikely to be disturbed by the Court of Appeals.  The Ninth Circuit and has repeatedly held that whole reproductions of copyrighted works can constitute non-infringing fair uses of the copyrighted material. *Perfect 10, Inc. v. Amazon, Inc.*, 508 F.3d 1146, 1165 (9th Cir. 2007) (finding that Google's full reproduction of Perfect 10's works in image search results was a non-infringing fair use of the copyrighted images); *Kelly v. Arriba Soft Corporation,* 336 F.3d 811 (9th Cir. 2003) (holding that Arriba, a search engine that reproduced the plaintiff's images during its image searches, was not liable for copyright infringement in making such copies when presenting image search results to end-users); *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1152-53 (9th Cir. 1986) (holding that Moral Majority's use of a full ad created by Hustler Magazine, even in a fundraising effort, constituted fair use of Hustler's copyrighted material).  The most relevant factor in this analysis, market harm, *Hustler Magazine*, 796 F.2d at 1155-56 is lacking in this case because Righthaven does not use its allegedly acquired copyrights for anything more than lawsuits (Doc. # 28) – and now does not even use them for that purpose. (Doc. # 52-1 ¶ 7.) Hoehn could not cause an iota of harm to Righthaven's market for its putatively owned copyrights unless he began filing a raft of no-notice lawsuits for copyright infringement claiming that he owned the copyrights that Righthaven has registered with the U.S. Copyright Office.  In light of this, in addition to the Court's finding that Hoehn's purpose and character of the work's use, as well as the work's underlying nature as an informational piece replete with non-copyrightable facts, the facts presented to the Ninth Circuit will militate in favor of finding fair use.

Finally, awards of attorney's fees are evaluated on an abuse of discretion standard on appellate review. *Columbia Pictures*, 259 F.3d at 1197.  Under 17 U.S.C. § 505, a prevailing party in a copyright case is entitled to its attorney's fees if awarded by the court; additionally, using Rule 11 and its inherent powers, courts possess broad discretion to award attorney's fees

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 5 -

under Rule 54, and by its own volition.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Columbia Pictures*, 259 F.3d at 1197; *Zull v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996).  In this case, the basis for Righthaven's dismissal – a lack of ownership in the copyrights it sued on – is integral to succeeding on its claim for copyright infringement, and operates as a judgment on the merits in this case. *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation,* 524 F.3d 1090, 1094 (9th Cir. 2008); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (finding that the case was resolved on the merits, rather than 12(b)(1) because "the jurisdictional issue and substantive issues in this case are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits" – as is the case in the instant action); *see Merchant Transaction Systems, Inc. v. Nelcela, Inc.*, Case No. 02-cv-1954-PHX-MHM, *2010 WL 1336956* at *4 (D. Ariz. Mar. 31, 2010) (awarding fees to a prevailing party where, as in this case, the merits revealed the party asserting copyrights to not be their true owner).

As such, the Ninth Circuit is unlikely to find the Court abused its discretion in awarding Hoehn his full fees in a complex and novel dispute over the Copyright Act's farthest reaches, especially as it interacts with the First Amendment. *See Love v. Mail on Sunday*, Case No. CV-05-7798, *2007 U.S. Dist. LEXIS 97061* at * 16-17 (C.D. Cal. Sept. 7, 2007).  As abuse of discretion is a high standard to meet on appeal, it is presumptuous for Righthaven to claim it is likely to prevail on this basis as well. *See Fogerty*, 510 U.S. at 534; *Columbia Pictures*, 259 F.3d at 1197; *Zull*, 80 F.3d at 1371.

**B.**     **Defendant Stipulates to a Stay of Execution If, and Only If, Righthaven Posts a Bond for Hoehn's Judgment, Additional Fees and Estimated Costs on Appeal, Which is Appropriate in This Case.**

This Court is not faced with a choice between either allowing Hoehn to execute on what little resources Righthaven claims to have remaining or to grant Righthaven a stay of execution. Instead, it may – and, under Rule 62(d), should – require Righthaven to entrust the costs of

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

Hoehn's judgment, with interest, and attorney's fees in return for a stay.  Such a bond serves the interests of both parties; the appellant achieves a stay of execution on its judgment, and the appellee is protected from having its ability to recover its judgment evaporate during a long and costly appeal. *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 n. 6 (9th Cir. 2001) *cert denied* 534 U.S. 1127 (2002); *Bemo USA Corp. v. Jake's Crane, Rigging & Transp. Int'l, Inc.*, Case No. 2:08-cv-745, *2010 U.S. Dist. LEXIS 122688* at \*3-4 (D. Nev. Nov. 5, 2010).   Indeed, a plaintiff is "not entitled" to a stay when it has not posted a supersedeas bond as required by Rule 62(d). *Molarius v. Northwest Nev. Telco, Inc.*, Case No. 3:05-cv-00383-LRH-VPC *2008 U.S. Dist. LEXIS 117025* at \*2 (D. Nev. Sept. 4, 2008).

For Righthaven to have obtained this bond before seeking an emergency stay, it would have needed to pay approximately $3,400, 10% of Hoehn's judgment of $34,045.50.   Since Righthaven has sought a stay, revealing not only its intent to not comply with the Court's order, but its supposed poor financial condition as well.   Moreover, it likely spent approximately $3,400 to write its formidable brief seeking a stay of enforcement.   In light of these circumstances, Hoehn seeks to have a bond posted, and will stipulate to a stay of execution if Righthaven posts one.  This bond should account for:

- Hoehn's judgment of $34,045.50 (Doc. # 29);

- Hoehn's legal fees of $14,072.50 incurred since moving for attorney's fees (*See* Exh. A; DeVoy Decl. ¶¶ 11-14.)[3]

- Hoehn's estimated fees on appeal, which Righthaven initiated, for $100,000.00. (DeVoy Decl. ¶¶ 16-17; *see* Exh. A.)

---

[3] A movant is entitled to fees incurred by his or her attorneys as a result of seeking attorney's fees. *See Clark v. Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986); *In re Nucorp Energy*, 764 F.2d 655, 661 (9th Cir. 1985) ("If attorneys were compensated only for time spent litigating the amount of the fee to which they are entitled, but not for time spent determining the amount, then the overall rate of compensation would be effectively decreased for all hours devoted to the case. This is precisely the result that statutory fee award provisions are designed to prevent").  Hoehn did not increase his initial request for $34,045.50 because he believed Righthaven may have paid some of it. Instead, Righthaven's course of conduct has led Hoehn to incur an additional $14,072.50 in securing its judgment against Righthaven, in addition to the costs for Righthaven's appeal, which have also begun to accrue. (DeVoy Decl. ¶¶ 8-10; Exh. A.)

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

*Bemo USA*, *2010 U.S. Dist. LEXIS 122688* at \*3-4 (D. Nev. Nov. 5, 2010) ("The [supersedeas] bond should ordinarily include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay") citing *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979); *see Columbia Pictures Indus.*, 259 F.3d at 1197 n. 6.

For Righthaven to post a bond for this amount will present little hardship to Righthaven. Because of Righthaven's openness about its poor financial health, additional security is needed to ensure Righthaven does not deprive Hoehn of the relief he has already been accorded by this Court, as well as that which he is likely to receive on appeal. *Bemo USA*, *2010 U.S. Dist. LEXIS 122688* at \*3. Such a bond will serve the purposes of Rule 62 as understood within this District, keep Righthaven from incurring the apparently onerous cost of Hoehn's fee award, and will provide Hoehn with security that his current judgment, and future fees and costs on appeal, if awarded, will be covered by a surety bond. This strikes the perfect balance of preserving everyone's interests, while avoiding the false choice of forcing Righthaven to fulfill its judgment to Hoehn right away or allowing Righthaven to stay enforcement of Hoehn's judgment indefinitely, without any assurances to Hoehn that it will even be collectable in the future.

Righthaven has a high burden to establish that it should not have to post a bond for appeal. Such an accommodation is "extraordinary" and allowed only "if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery." *Id*. While Righthaven has made conclusory statements as to its potential harm, it has not provided any financial details, balance sheets, tax returns, or other documentation that would show that it is, in fact, facing financial hardship. And, considering Righthaven's claimed financial insecurity, there is a risk that it will be unable to pay for Hoehn's current judgment, let alone the interest on it, the fees incurred recovering that award, and Hoehn's fees in defending Righthaven's elective appeal.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 8 -

1
2
3
4
5
6
7
8
9
10
11

This is hardly the first time Righthaven has tried to slither away into the darkness rather than be held accountable for its misdeeds.  After Hoehn's victory, Righthaven claimed that it was not liable for Hoehn's attorneys fees because the Court's ruling on subject matter jurisdiction was not a ruling on the merits.  Now that this Court has awarded Hoehn his fees against Righthaven, Righthaven has appealed that award to the Ninth Circuit, along with many other decisions and cases, and seeks to stay execution of the judgment without providing Hoehn any form of security.  In fact, if Righthaven is to be believed, it is in worse financial condition than ever, and may not even have the funds to file an appeal brief – making its numerous notices of appeal amount to little more than another dilatory tactic to deprive defendants of their due relief and the finality of their respective victories, all while bleeding them for as much money in legal fees they can muster.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Wayne Hoehn has paid enough, and Righthaven, after being told to make him whole, is trying mightily to avoid doing so.  It is clear that the Righthaven model has failed, publicly and spectacularly.  Moreover, for Righthaven to claim to have burned through half of a million dollars over 275 lawsuits – while earning significant revenues – over approximately 18 months reveals either dishonesty or gross mismanagement and incompetence.  If Righthaven is being truthful in its Motion, and it is on the brink of failure, this is not Mr. Hoehn's fault, and he should no more be forced to shoulder the burden for Righthaven's failure than he should shoulder the burden for its unsupportable lawsuit against him.  Hoehn did not plot to have Righthaven sue him so that he could vanquish them in court and force them into bankruptcy through a fee award. He should not now be made to suffer the consequences of Righthaven's many failures.  If Hoehn cannot collect the attorney's fees to which he is entitled for fighting back against Righthaven and vindicating his First Amendment rights, while furthering Copyright Act jurisprudence, other defendants will be cowed into the silent surrender of their rights, as even when they win, they can still lose to a disingenuous plaintiff that screams "bankruptcy!" once the bill for its misdeeds comes due.

27
28

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

**Conclusion**

Righthaven's confidence in its likelihood of success on appeal is misplaced.  In fact, Righthaven's legal positions directly contradict established Ninth Circuit precedent, and its many pending appeals are nothing more than a hail mary pass. (Not a single brief has been filed in Righthaven's many appeals, and they may be yet another ruse to avoid paying prevailing defendants.)  Similarly, Righthaven has not provided the Court with financial information or even a level of detail necessary to ascertain the hardship a bond may impose on Righthaven. Instead, a party that has been sanctioned by this District for its dishonesty believes that its vague assertions of financial hardship should be taken at face value to deny Hoehn any security in collecting his substantial judgment for attorney's fees.  Simply posting a bond for Hoehn's judgment, attorney's fees and estimated costs on appeal will impose a markedly lower burden upon Righthaven and provide Hoehn with necessary security to ensure his judgment will be paid following Righthaven's appeal.  Righthaven's request for unconditional stay of execution should be denied, and it should be required to post a bond as specified above by September 14, 2011, as contemplated in this Court's Order. (Doc. # 43.)

Dated September 12, 2011

Respectfully Submitted,

RANDAZZA LEGAL GROUP

Marc J. Randazza
J. Malcolm DeVoy IV

Attorneys for Defendant,
*Wayne Hoehn*

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 12th day of September, 2011, I caused the document(s) entitled:

•   **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR ATTORNEYS' FEES AND COSTS**

and all attachments to be served as follows:

[   ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[ X ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[   ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy

J. Malcolm DeVoy

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 11 -