Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No. 2:11-cv-00050<br><br>**DECLARATION OF J. MALCOLM DEVOY IV IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY EXECUTION OF JUDGMENT** |

**DECLARATION OF J. MALCOLM DEVOY IV IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY EXECUTION OF JUDGMENT**

I, J. MALCOLM DEVOY IV hereby declare as follows:

1. I am a duly licensed attorney in Nevada and a member of the Nevada bar in good standing, attorney for the Randazza Legal Group law firm (alternatively, the "Firm"), and counsel of record with Marc J. Randazza for the Defendant in this matter, Wayne Hoehn.

2. I have litigated, and am currently litigating, against Righthaven in numerous concurrent matters.

3. One such case was in *Righthaven LLC v. Leon et al.*, Case No 2:10-cv-01672. I appeared at a hearing scheduled almost immediately after Righthaven's strategic alliance

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 1 -

agreement with Stephens Media LLC became public, representing defendant Michael Leon *pro bono* for the purpose of that hearing. The Court dismissed Righthaven's case against Mr. Leon, as Righthaven failed to serve him within the 120 days allowed under Fed. R. Civ. P. 4(m), and awarded attorneys fees to Mr. Leon.

4. When negotiating with Righthaven, I made efforts to apprise Righthaven of the time expended representing Mr. Leon, discussed the possibility of Righthaven making a donation to a relevant public interest group such as the Electronic Frontier Foundation of Citizens Media Law Project. When I would follow up on these possible resolutions, Righthaven would not make counter-offers or even seriously consider the proposals.

5. I then moved to recovery attorney's fees from Righthaven, which courts are entitled to award to *pro bono* counsel under the Ninth Circuit Court of Appeals' precedent. In its response, Righthaven balked at the prospect of paying a fee award to *pro bono* counsel, despite the law establishing *pro bono* counsel's entitlement to them. The District of Nevada ultimately awarded fees for the full amount of time spent on Mr. Leon's case, and at my full hourly rate, for a total of $3,815.00.

6. With a judgment secured, I contacted Righthaven to discuss its satisfaction. Just as with the discussions preceding the fee award, Righthaven failed to make counter-offers or tangible, concrete proposals. To satisfy the award, I moved for a preliminary injunction in that case. Righthaven then requested a stay from execution, arguing, *inter alia*, that a stay was proper because it was considering an appeal of that fee award. I responded to the application, and the Court ordered Righthaven to pay the fee award, or have a hearing on the filed motion for preliminary injunction.

7. Righthaven ultimately did satisfy its requirement to pay $3,815.00, and sent a

check to a San Diego address once used by Randazza Legal Group, but out of date by several months when the check was transmitted.

8. Shortly after receiving the Court's June 20, 2011 Order in this case, my co-counsel, Marc Randazza, and I spoke with Righthaven's counsel about paying Mr. Hoehn's attorney's fees, or a fair value thereof, sparing both sides the expense of motion practice. Just as in the *Leon* case, Mr. Randazza and I had to make all attempts at progress and resolution, which ultimately proved futile, as Righthaven had no interest in resolving the dispute reasonably.

9. As a result, Mr. Randazza and I moved for Mr. Hoehn's attorney's fees on July 5, 2011. On August 15, 2011, the District of Nevada entered an order awarding Mr. Hoehn the full value of his attorney's fees, and entered judgment of $34,045.50 in his favor. On August 19, 2011, Righthaven entered a notice of appeal with respect to that Order and Judgment.

10. In my experience, Righthaven has consistently resisted and obstructed attempts to resolve financial matters without swift and comprehensive judicial intervention.

11. Since initially moving for attorney's fees on July 5, Hoehn has incurred significantly more fees in the course of protecting his legal interests and securing the judgment of $34,045.50 entered against Righthaven in this case.

12. The total fees Hoehn has incurred pursuing his attorney's fees since his initial motion was submitted is $14,072.50.

13. Attached to this Opposition as Exhibit A is a true and correct copy of Mr. Hoehn's latest invoice summary, detailing the costs he has incurred over and above the $34,045.50 reflected in Hoehn's judgment, and which should be accounted for in the bond Righthaven must post with the Court for the defendant to stipulate to a stay of execution. This summary was created using Randazza Legal Group's billing software, Bill 4 Time, and reflects

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 3 -

the fees incurred in pursuit of Hoehn's attorney's fees as well as the time expended already in anticipation of Righthaven's appeal to the Ninth Circuit Court of Appeals.

14. The hourly rates by which Mr. Randazza and myself calculated the value of our time are reasonable, and supported by this Court's August 15, 2011 Order (Doc. # 43), as is the time expended in pursuit of Hoehn's fees and protecting his ability to recover his judgment against Righthaven.

15. The fees sought by Hoehn are also substantially lower than defendants who attained the same result – dismissal – in their cases. In *Righthaven LLC v. DiBiase*, the defendant ultimately moved to recover nearly $200,000 in attorney's fees after that court found Righthaven lacked standing to bring its action, though defendant's counsel engaged in significant discovery, including production requests and depositions of Righthaven personnel. Case No. 2:10-cv-01343 (Docs. # 78, 90) (D. Nev. Aug. 12, 2011).

16. Based on my experience drafting a brief and preparing for oral argument for the National First Amendment Moot Court Competition, and coaching, observing and reviewing the briefing of at least one dozen other moot court teams during law school, the time investment required to be adequately prepared to brief and moot the issues Righthaven is appealing to the Ninth Circuit Court of Appeals, will be in excess of 200, spread across myself, Marc Randazza and another attorney with the firm, Jason Fischer.

17. I conservatively estimate the fees incurred on appeal to be at least $100,000. I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Date: September 12, 2011

By:     /s/ J. Malcolm DeVoy IV
        J. Malcolm DeVoy IV

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113