Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No. 2:11-cv-00050<br><br>**DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S CONTEMPT OF COURT** |

**DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S CONTEMPT OF COURT**

Defendant Wayne Hoehn ("Hoehn"), represented by his attorneys, Randazza Legal Group, in the above-captioned matter, brings this motion seeking this Court to issue an Order to Show Cause as to why Plaintiff Righthaven LLC ("Righthaven") should not be sanctioned for failing to Comply with this Court's August 15, 2011 Order directing it to pay $34,045.50 to Hoehn, memorialized in a subsequent judgment (Docs. # 43, 44).

### I. Procedural History

Wayne Hoehn has triumphed in this case, and Righthaven consistently refuses to recognize it. On June 20, 2011, the Court dismissed Righthaven's suit against Hoehn because it lacked sufficient copyright rights to properly bring the action, and because Hoehn's use of the

copyrighted work as a non-infringing fair use. (Doc. # 28.) Unsurprisingly, Righthaven filed a notice of appeal as to that decision (Doc. # 30).

On August 15, 2011, this Court then entered an Order directing Righthaven to pay Hoehn's $34,045.50 in attorney's fees, and entered a judgment memorializing this award. (Docs. # 43, 44.) The Court's order specifically directed Righthaven to make payment by September 14, 2011. (Doc. # 43) ("Plaintiff Righthaven, shall not later than **September 14, 2011** pay to Defendant Wayne Hoehn the sum of **$34,045.50** as and for reasonable attorney's fees and costs") (emphasis in original). On September 9, 2011, Righthaven filed an emergency application for stay of the judgment's enforcement, and requested the Court enter a stay on the judgment's execution by September 14, 2011 (Doc. # 52). On September 12, 2011, Hoehn filed a response to Plaintiff's application. (Doc. # 53.) Hoehn proposed an alternative to Righthaven's binary proposal of either paying Hoehn's judgment in full or being given a stay, and stipulated to a stay in the event Righthaven posted a bond for Hoehn's judgment, additional fees incurred in pursuit of his fees, and his anticipated fees on appeal (*id*.). Righthaven has not posted any such bond with the Court, nor satisfied Hoehn's judgment.

As of September 15, 2011, the Court had not granted Righthaven any stay on Hoehn's judgment, and Hoehn had not received any payments in satisfaction of it. This is in clear contravention of the Court's August 15, 2011 order, requiring Righthaven to pay Hoehn's fees by September 14, 2011. While Righthaven applied for a stay on the judgment's execution, it has not received one that would excuse its non-performance. The Court presented Righthaven with a clear directive: To pay Hoehn's fees by September 14. (Doc. # 43 at 2:1-4.) Righthaven has declined to comply. This violation of a clear and unambiguous Court order calls for more than Hoehn to execute on his judgment (Doc. # 44), but requires the most severe response this Court can impose.

//

//

//

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 2 -

## II. Relief Sought

Plaintiffs ask this Court to issue an Order:

1. Declaring the Plaintiff in contempt of court and ordering its principals to personally appear at a hearing to determine any further sanctions;

2. Appointing a receiver to manage Righthaven's remaining business and assets.

3. Imposing monetary sanctions on the Plaintiff, requiring them to post $148,118 (value of Hoehn's judgment, after-expended fees and anticipated costs on appeal as explained in Docs. # 53, 53-1) in cash or bond with the Court;

## III. Legal Sandards

The power to punish for contempt is an inherent power of federal courts and failure to comply with a court's order is grounds for a finding of contempt. *See, e.g., United States v. Ayres,* 166 F.3d 991, 994-96 (9th Cir. 1999) (affirms finding of contempt where a party failed to comply with an order directing production of records). Civil contempt is a creature of the court's inherent power. *See Spallone v. United States*, 493 U.S. 265, 276 (1990) ("courts have inherent power to enforce compliance with their lawful orders through civil contempt" (internal quotation marks omitted)).

The movant in a civil contempt proceeding bears the burden showing that the contemnors violated the court's order. *FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1229 (9th Cir. 1999); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). The burden then shifts to the contemnor to explain its failure. *Id.* In this case, the violation is clear and undeniable. First, this Court issued an Order requiring Plaintiff to pay the value of Hoehn's judgment - $34,045.50 – by September 14, 2011 (Doc. # 43 at 2). The Order was unequivocal and required compliance by a clear and unambiguous date. Rather than comply, Righthaven applied for an unsupportable stay that it has not received (Doc. # 52), nor should it. Whether intentionally or under the erroneous belief that a mere application for stay – rather than an actual stay - allowed Righthaven to eschew the Court's order, Righthaven declined to satisfy Hoehn's judgment.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 3 -

"Absent a stay, all orders and judgments of courts must be complied with promptly." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987). In this case, the Court granted no stay.[1] "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975). The instant controversy is black-and-white: Righthaven, lacking a stay from this Court, has defied its clear and unambiguous order. It is in contempt.

Hoehn suggests the instant case calls for an order of contempt – a remedy combining compensatory, remedial, and coercive action. The Court should coerce Plaintiff by declaring it to be in contempt of court, sanction it to provide compensatory contempt, and appoint a receiver to manage Righthaven's financial affairs. Further, the Court should impose remedial sanctions in the form of awarding Hoehn his attorney's fees and costs expended in the bringing of this motion. Finally, since Righthaven has defied this court's lawful order by refusing to pay Hoehn's attorney's fees, or take the remedial action of posting a supersedeas bond with the Court – to which Defendant would readily stipulate – it must be brought to heel before this Court and its orders. (*See* Doc. # 53.)

"When the gauntlet it thrown down to the authority of the Court and its lawful orders, the Court had no choice but to pick it up." *American Airlines, Inc. v. Allied Pilots Ass'n,* 53 F. Supp.2d 909, 939 (N.D. Tex. 1999). In the instant case, the Court found Hoehn to be entitled to attorney's fees and entered judgment in his favor to that effect, accompanied by an order for Righthaven to satisfy the judgment by September 14, 2011. In response, Plaintiff has "thrown down the gauntlet" to this Court's authority rendering a finding of contempt appropriate. *See Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2nd Cir. 1979). *See also, FTC v.*

---

[1] Even if granted, such a stay would not be retroactive against Hoehn's execution. *See Ribbens Int'l, S.A. de C.V. v. Transport Int'l Pool, Inc.,* 40 F. Supp. 2d 1141, 1144 (C.D. Cal. 1999) ("The stay becomes effective when the bond is approved; before the bond is approved there is no stay and the judgment creditor is free to execute upon the judgment"); *Laborers Nat'l Pension Fund v. ANB Invest. Mgmt. & Trust Co.,* 26 F. Supp. 2d 1048, 1051 (N.D. Ill. 1998); *Moses v. K-Mart Corp.,* 922 F. Supp. 600, 605 (S.D. Fla. 1996), *aff'd in part and rev'd in part,* 136 F.3d 140 (11th Cir. 1998) (unpublished table opinion); *Johns v. Rozet,* 826 F. Supp. 565, 568 (D.D.C. 1993); *In re Bucyrus Grain Co., Inc.,* 127 B.R. 52, 55 (D. Kan. 1991); *Secure Eng'g Servs., Ltd. v. Int'l Tech. Corp.,* 727 F. Supp. 261, 264-65 (E.D. Va. 1989); *Larry Santos Prods. v. Joss Org., Inc.,* 682 F. Supp. 905, 906 (E.D. Mich. 1988).

*Affordable Media, LLC*, 179 F.3d 1228, 1243-44.  ("Given the nature of the Andersons so-called 'asset protection' trust, which was designed to frustrate the power of United States' courts to enforce judgments, there may be little else that a district court judge can do besides exercise its contempt powers to coerce people like the Andersons into removing the obstacles they placed in the way of a court. Given that the Andersons' trust is operating precisely as they intended, we are not overly sympathetic to their claims and would be hesitant to overly-restrict the district court's discretion, and thus legitimize what the Andersons have done").

The Court should take coercive action strong enough to remedy the current contempt and to compel the Plaintiff to follow the Court's orders in the future.  The coercive and compensatory action should be to require Plaintiff to deposit cash or a bond with the Court sufficient to cover Hoehn's judgment, attorney's fees, costs on appeal and court-imposed sanctions. This amount should be at least $148,118, as this is the amount that Hoehn has received as a judgment, plus the amount incurred in attorney's fees in attempting to collect the judgment, and will occur on appeal. (Docs. # 53, 53-1).

Given that the Plaintiff has already shown contempt for this Court's lawful order, the Court should presume that the Plaintiff will not voluntarily place funds with the Court.[2]  Indeed, the burden is now upon Righthaven to demonstrate why it should not be held in contempt of this Court and its August 15 Order (Doc. # 43.) *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) (holding that contemptant bears burden of showing it is not in contempt). Righthaven's intent when disobeying the Court's order is irrelevant, and the contempt need not be willful. *In re Crystal Palace*, 817 F.2d at 1365. "There is no good faith exception to the requirement of obedience to a court order." *U.S. CFTC v. Khanna*, Case No. 09-cv-1783 *2011 U.S. Dist. LEXIS 19830* at *8 (S.D. Cal. Mar. 1, 2011) (quoting *Crystal Palace*, 817 F.3d at 1365) (internal quotations omitted).

---

[2] Righthaven has made collection of judgments a tremendous challenge for litigants in the past, virtually nullifying the value of the award on account of the effort required to collect on it. See, e.g., *Righthaven LLC v. Leon*, Case No. 2:10-cv-01672 (D. Nev.); Doc. # 53-1 ¶¶ 3-7.  Righthaven has also been untimely in fulfilling sanctions levied by this District in *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-01356 (Doc. # 143) (D. Nev. July 29, 2011) (seeking extension of time to comply with monetary and behavioral sanctions after they were due to the Court).

Even if Righthaven were capable of demonstrating its inability to comply with the Court's contempt order, such a defense would only be relevant to its coercive capacity – inability to comply with compensatory sanctions is not a defense to their imposition, particularly when such inability is self-inflicted. *See Hook v. Arizona Dep't of Corrections*, 107 F.3d 1397, 1404 (9th Cir. 1997); *United States v. Asay*, 614 F.2d 655, 660 (9th Cir. 1980) (finding that self-imposed inability to comply is not a defense to contempt); *e-Smart Techs., Inc. v. Drizin*, Case No. 3:06-c-05528 *2011 U.S. Dist. LEXIS 53129* at *27 (N.D. Cal. May 18, 2011) (finding that self-inflicted inability to comply with compensatory civil contempt sanctions was not a defense to their imposition); *Mission Capital Works, Inc. v. SC Rests., Inc.*, Case No. C-07-1807 *2008 U.S. Dist. LEXIS 100495* at *14 (W.D. Wash. Dec. 3, 2008) ("Although an inability to comply with an order is ordinarily a defense to a charge of contempt, self-induced inability is no defense. Defendants' apathy and refusals to obtain or access documents and information is no defense. Defendants are in contempt of court").

To ensure compliance with the Court's prior order and any contempt sanctions it issues, the Court has discretion to appoint a receiver to manage Righthaven's remaining assets and business. *In re McGaughey*, 24 F.3d 904, 907 (7th Cir. 1994); *Consolidated Rail Corp. v. Fore R. R. Co.*, 861 F.2d 322, 327 (1st Cir. 1988); *United States v. Bartle*, 159 Fed. Appx. 723 (7th Cir. 2005); Nevada law contemplates exactly this scenario, as Nevada Revised Statutes section 32.010 allows a court to place a corporation into receivership under circumstances including:

> 3. After judgment, to carry the judgment into effect,
> 4. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply the judgment debtor's property in satisfaction of the judgment.
> 5. In the cases when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.
> 6. In all other cases where receivers have heretofore been appointed by the usages of the courts of equity.

NRS 32.010; *see, e.g., Tousa Homes, Inc. v. Phillips*, 363 F. Supp. 2d 1274, 1285-86 (D. Nev. 2005).

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

## IV. The Relief Sought is Reasonable and Necessary

### A.     Declaring Plaintiff in Contempt of Court.

At present, Plaintiff is in contempt of Court.  A court may hold a plaintiff in contempt when it knows of an order and fails to comply with it.  Righthaven's conduct embodies this standard, as it knew of the Court's order to pay Hoehn's fees by September 14 (and in fact has appealed that judgment, defeating any claims of ignorance).  In anticipation of the judgment's due date, Righthaven sought a stay from the judgment's execution. (Doc. # 52.)  Yet, an application for stay does not a stay make; without any permission or contrary guidance from the Court, September 14 came and went, with no bond or other payment made by Righthaven.

Righthaven is in contempt of this Court's order and meets the standard for being held in contempt articulated in *Affordable Media*, 179 F.3d at 1229.  As relying on Righthaven to heed the Court's orders without direct intervention has failed, a proclamation of contempt is necessary, and proper in light of this case's circumstances.

### B.     Appointing a Receiver.

The appointment of receivers is an inherent power that courts hold when imposing sanctions for contempt. See *In re McGaughey*, 24 F.3d at 907; *Consolidated Rail*, 861 F.2d at 327; *Bartle*, 159 Fed. Appx. 723.  Nevada's receivership statute fits snugly with this Court's inherent authority to appoint a receiver, and contemplates situations much like this one. In relevant part, NRS 32.010 allows a court to place a company into receivership either a) after judgment, to carry the judgment into effect; b) after judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply the judgment debtor's property in satisfaction of the judgment; c) In the cases when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights; and d) In all other cases where receivers have heretofore been appointed by the usages of the courts of equity.

- 7 -

The Court may place Righthaven into receivership under any or all portions of this statute. A judgment has been entered into Righthaven, for which it does not have a stay of enforcement, and has not been satisfied in violation of the Court's August 15 order. (Docs. # 43, 44.) Since a judgment has been entered against Righthaven, and Righthaven has not posted a bond with the Court to preserve sufficient funds to satisfy Hoehn's judgment throughout and after its appeal, or taken any other steps to satisfy the judgment as ordered by the Court, a receiver would be the appropriate entity to manage Righthaven's assets and business so that it may be preserved to satisfy Hoehn's judgment. Righthaven has not presented evidence of its insolvency, but has intimated that it is considering bankruptcy (Doc. # 52-1). However, NRS 32.010 requires only that the entity be "in imminent danger" of insolvency, a specter raised by the declaration of Righthaven's attorney (*id*.) which, based on the little information concerning Righthaven's financial health that is known to the Court, warrants the appointment of a receiver. Finally, the last applicable prong of NRS 32.010 allows for a receiver to be appointed where other courts have done so. As the courts in *In re McGaughey*, 24 F.3d at 907, *Consolidated Rail*, 861 F.2d at 327, and *Bartle*, 159 Fed. Appx. 723 have seen fit to appoint receivers to effectuate its contempt sanctions, Nevada law justifies this Court to act in kind.

### C. Monetary Sanctions.

Monetary penalties are appropriate in contempt cases involving injunctive relief, such as the temporary restraining order in the case at bar. Payments for civil contemnors serve the two purposes addressed in *Travelhost, Inc. v. Blandford,* (1) to compensate the aggrieved party for losses sustained; and/or, (2) coerce compliance with the Court's directive. 68 F.3d 958 (5th Cir. 1996), *cert. denied,* 547 U.S. 1055, 126 S. Ct. 1662, 164 L. Ed. 2d 397 (1996). *See also, United States v. United Mine Workers of America*, 330 U.S. 258, 303-304, 67 S. Ct. 677, 91 L. E.2d 884 (1974).

Where the Court compensates the aggrieved party by fining the contemnor, the basis of the sanction is an amount equal to actual or anticipated loss. Where the Court coerces the

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

contemnor into compliance with its orders it considers the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of the coercive sanction in achieving the result. *See Doyle v. London Guarantee & Accident Co., Ltd.,* 204 U.S. 599, 27 S. Ct. 313, 51 L. Ed. 641 (1907).  Righthaven has already been sanctioned $5,000 in this very District, *Democratic Underground*, (Doc. # 138), but apparently failed to learn anything from that experience.  In this case, Defendant's current damages, in the form of attorney's fees, are quantifiable by the unsatisfied judgment, the $14,000 in fees incurred since first moving to recover that amount, and an estimated $100,000 in order to oppose Righthaven's appeal – at $148,045. (Docs. # 53, 53-1.)

### V. Conclusion

For the reasons outlined above, the Court should deem the Plaintiff in contempt, order the Plaintiff to post a bond for at least $148,045, or pay to the court that same amount, appointing a receiver to ensure such relief is accorded, and issue additional monetary sanctions.

Dated September 16, 2011

Respectfully Submitted,

RANDAZZA LEGAL GROUP

_____
Marc J. Randazza
J. Malcolm DeVoy IV

Attorneys for Defendant,
*Wayne Hoehn*

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 9 -

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 16th day of September, 2011, I caused the document(s) entitled:

**DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S CONTEMPT OF COURT**

and all attachments to be served as follows:

[ ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[ ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

　　　　　　　　　　　　　　　　/s/ J. Malcolm DeVoy
　　　　　　　　　　　　　　　　J. Malcolm DeVoy

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113