Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No. 2:11-cv-00050<br><br>**DEFENDANT'S APPLICATION FOR ORDER SCHEDULING JUDGMENT DEBTOR EXAMINATION** |

## DEFENDANT'S APPLICATION FOR ORDER SCHEDULING JUDGMENT DEBTOR EXAMINATION

Defendant Wayne Hoehn ("Hoehn"), through his attorneys, brings this motion seeking this Court, in light of its writ of execution entered against Plaintiff Righthaven LLC ("Righthaven") (Doc. # 59) on November 1, 2011, to Order limited discovery as set forth below pursuant to Rule 69 and Local Rule IB 1-9(k).  In order to fully recover Righthaven's assets, Hoehn must first apprehend where they have gone, as Righthaven's counsel has stated that Righthaven is nearing bankruptcy (Doc. # 52-1).  As such, Hoehn requests a copy of Righthaven's financial records, and a debtor's examination of two Righthaven officers – Steven Gibson, Righthaven's Chief Executive Officer, and Raisha Y. Gibson - also known as "Drizzle" Gibson - Righthaven's Chief Administrative Officer, to ascertain the location of Righthaven's

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 1 -

assets. Pursuant to Local Rule IB 1-9(k), this examination shall be conducted under the authority of a Magistrate Judge.

On November 1, 2011, this Court entered a writ of execution to Hoehn, against Righthaven, in the sum of $63,720.80. (Doc. # 59.) Hoehn has filed writs of execution with the U.S. Marshals to begin seizing Righthaven's financial assets. To date, Hoehn has not recovered any portion of his judgment. To aid in his discovery and acquisition of assets, however, Hoehn seeks to receive information from Righthaven and depose two of its officers in order to satisfy his judgment. (DeVoy Decl. ¶¶ 3-8.) Federal Rule of Civil Procedure 69(a)(2) contemplates this procedure and states as follows:

> In aid of the judgment or execution, the judgment creditor […] may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located.

Steven Gibson, as the Chief Executive Officer of Righthaven, signatory of the company's Operating Agreement,[1] and signer of the Strategic Alliance Agreement with Stephens Media LLC, has knowledge of the company's financial and other assets, and their whereabouts. (DeVoy Decl. ¶¶ 3-4.) Similarly, Raisha Gibson is likely to know about Righthaven's financial accounts based on her position and responsibilities as Righthaven's Chief Administrative Officer. (Exh. A; DeVoy Decl. ¶¶ 5-9.) Raisha Gibson had, and likely still has, power to act on Righthaven's behalf as its Chief Administrative Officer, representing Righthaven in transactions with the U.S. Patent and Trademark Office and very likely in many other business dealings. (Exh. B at 2) Both Raisha and Steven Gibson will likely have direct knowledge of information regarding suspected fraudulent transfers of funds from Righthaven to third parties, including themselves, effected in order to evade payment of the lawful judgment rendered by this Honorable Court. (DeVoy Decl. ¶¶ 13-14.)

Righthaven's prior conduct before this district, and the conduct of its executive individually in other matters, reveals a manifest need for any debtors exam to be refereed by a

---

[1] *See Righthaven v. DiBiase*, Case No. 2:10-cv-01343 (Doc. # 51) (D. Nev. Apr. 17, 2011). (containing a redacted version of Righthaven's operating agreement).

- 2 -

magistrate judge.  In *Righthaven v. Democratic Underground*, the defendants had considerable difficulty obtaining discovery from Righthaven and its counsel. Case No. 2:10-cv-01356 (Doc. 96 ¶¶ 19-29) (D. Nev. Apr. 28, 2011) The experience of defense counsel in that case – trying to get answers out of an unresponsive plaintiff – closely resembles the experience Hoehn had when attempting to negotiate Righthaven's fee liability in good faith. (Doc. # 32-2 ¶¶ 14-18), and the difficulties incurred by counsel in *Righthaven v. Leon et al.*, Case No. 2:10-cv-01672 (Doc. # 42-2 ¶¶ 18-23) (D. Nev. May 3, 2011).

   This conduct is not isolated to Righthaven, but appears endemic to the litigation strategy of Steven Gibson, its CEO.  In March of 2011, Gibson was held jointly and severally liable within this District for sanctions in excess of $6,000, stemming from misconduct during a deposition, including "numerous inappropriate objections," which was not "substantially justified." *Kabins Family LLC v. Chain Consortium, Inc.*, Case No. 2:09-cv-01125 (Doc. # 333 at 1-2) (D. Nev. Mar. 29, 2011).  The court, in disbelief, characterized one of Gibson's explanations for his voluminous objections as "amazing." *Kabins Family LLC*, (Doc. # 275 at 15:19-21) (D. Nev. Apr. 27, 2010) (addressing Mr. Gibson: "Amazing. Did that end up on the record, my comment, amazing, 'cause that's my comment to that whole discussion. Why don't you be seated"). Ultimately, Judge Navarro admonished Mr. Gibson's conduct, further ordering that the magistrate judge would oversee further depositions of Mr. Gibson's client. *Kabins Family LLC*, (Doc. # 314 at 22-25) (D. Nev. July 28, 2010) ("From the beginning, it was clear that Mr. Gibson was prepared to be combative").  It is no idle speculation that such conduct, between Gibson and his wife (DeVoy Decl. ¶ 3), would be guaranteed in a wasteful private deposition where sensitive financial information about the company for which they both worked was at stake, culminating in a seizure of its assets.

   These risks need not be taken where Local Rule IB 1-9(k) allows magistrate judge participation.  Having the Court's immediate sanction powers available will compel candid, immediate answers, rather than more dilatory conduct requiring further motion practice – seeking sanctions for Righthaven's misconduct during these depositions – to curtail.  Conducting

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

the examination before a magistrate will create a clear public record of Righthaven's financial condition for Hoehn to act upon in seizing assets through the U.S. Marshals.

Moreover, the media attention Righthaven's litigation campaign has received makes the Plaintiff's precarious financial condition (see Doc. # 52-1) a matter of public interest, as the technology and media communities have great interest in knowing what became of settlement funds earned by the "Nation's Pre-Eminent Copyright Enforcer."[2]  Righthaven has established a pattern of delaying not only discovery, but the payment of fees as well. (Docs. # 52, 57).  Further stalling is intolerable when Hoehn is entitled to begin collecting his judgment, and must determine how to best focus his search.

Pursuant to Rule 27, the last known addresses of the debtor representatives to be examined are as follows:

> Steven A. Gibson
> c/o Dickinson Wright PLLC
> 7201 W. Lake Mead Boulevard, Suite 503
> Las Vegas, NV 89128
>
> Raisha "Drizzle" Y. Gibson
> 7278 Silver Charm Court
> Las Vegas, NV 89131[3]

In addition to seeking examinations of the above-named representatives, Hoehn seeks the production of all documents and information identifying, related to, and/or comprising the following:

> 1. Any and all information and documentation identifying real property, vehicles, bank accounts, bank deposits, company securities, intangible intellectual property and all other assets that may be available for execution to satisfy this Court's judgment and writ of execution, including money owed to Judgment Debtor by others, etc.

---

[2] *See* Righthaven.com.
[3] This address is the last known address of Ms. Gibson, as Righthaven does not appear to actively use its S. Pecos Road address any longer.  Disclosure of this last known address is compelled by Rule 27.

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

2. Any and all information and documentation identifying purchases, transfers of funds, or other dissipation of assets from Righthaven to yourselves or any other third parties commencing on or about April 15, 2011, when Righthaven's SAA was unsealed in the *Democratic Underground* case.

Hoehn requests the discovered specified above in order to satisfy his judgment as allowed by Rule 69, and for no other purpose. In this case, magistrate participation in the debtor exam is necessary and proper, and will promote judicial economy by obviating the need for any sanctions motion arising from a deposition of Righthaven's officers.

Dated November 6, 2011

Respectfully Submitted,

RANDAZZA LEGAL GROUP

Marc J. Randazza
J. Malcolm DeVoy IV

Attorneys for Defendant,
*Wayne Hoehn*

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 6th day of November, 2011, I caused the document(s) entitled:

**DEFENDANT'S APPLICATION FOR ORDER SCHEDULING JUDGMENT DEBTOR EXAMINATION**

and all attachments to be served as follows:

[  ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ X ]   by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy
J. Malcolm DeVoy

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113