Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> WAYNE HOEHN, an individual, <br><br> Defendant. | Case No. 2:11-cv-00050 <br><br> **DEFENDANT'S MOTION FOR APPOINTMENT OF RECEIVER AND COMPELLED ASSIGNMENT OF INTELLECTUAL PROPERTY IN PARTIAL SATISFACTION OF JUDGMENT** |

**DEFENDANT'S MOTION FOR APPOINTMENT OF RECEIVER AND COMPELLED ASSIGNMENT OF INTELLECTUAL PROPERTY IN PARTIAL SATISFACTION OF JUDGMENT**

Defendant Wayne Hoehn ("Hoehn"), through his attorneys, brings this motion seeking this Court to order the appointment of a receiver to which Plaintiff Righthaven LLC ("Righthaven") shall assign all of its intellectual property and other intangible property, which the receiver shall auction in order to partially satisfy Hoehn's judgment and writ of execution entered against Righthaven. (Docs. # 44, 59).

**I. Introduction**

Righthaven has consistently lost in this action, both before this Court (Docs. # 28, 43, 44) and before the Ninth Circuit Court of Appeals (Doc. # 57). In fact, Righthaven has lost a great many cases in this District on several different grounds, ranging from failing to serve its defendants on time, to losses on the issue of fair use even where whole copyrighted works were

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

reproduced, to losses on a lack of standing.[1]  The Court gave Hoehn the option of posting a bond in order to avoid execution. (Doc. # 56).  To date, Righthaven has refused to pay the lawful judgment entered against it and has refused the alternative – posting a bond. Hoehn's efforts to execute on Righthaven's assets have been unsuccessful. (DeVoy Decl. ¶¶ 2-3)  The fact is that Righthaven refuses to honor the judgment against it, and thus Mr. Hoehn must request this Honorable Court's assistance in satisfying the judgment.

Righthaven's CEO Steven Gibson famously appeared on the television show *Face to Face* for an interview with John Ralston.  In that interview, Gibson gave a quote that has been repeated *ad nauseum* by bloggers and journalists writing about this matter: "*You've got to respect the judicial process, John*."[2]  Righthaven was originally "grubstaked" by Arkansas-based Stephens Media.  In one of its earliest public relations pieces, Sherman Frederick, the former Publisher of the Las Vegas Review-Journal and CEO of Stephens, wrote of Righthaven's opponents, "*We can't fix crazy. Or paranoia. But we can fix pilfering.*"[3]  Righthaven has not respected the judicial process, and its intransigence is difficult to explain.  This court can't fix arrogance, and it can't compel heartfelt respect for the judicial process.  It can fix contempt for its orders by compelling actions to give its orders meaning, and Mr. Hoehn asks it to do so in this Motion.

The time has come for this Court to fix what it can, and to bring Righthaven's lack of respect for the judicial process to an end. Righthaven, created and operated by an attorney, should have known better than to sue for infringement when the Defendant's fair use was clear;

---

[1] *See Righthaven v. NewsBlaze LLC et al.*, Case No. 2:11-cv-00720 (Doc. # 25) (D. Nev. Nov. 4, 2011); *Righthaven v. Newman*, Case No. 2:10-cv-01762, *2011 U.S. Dist. LEXIS 116654* (D. Nev. Oct. 7, 2011); *Righthaven v. Pahrump Life*, Case No. 2:10-cv-01575, *2011 U.S. Dist. LEXIS 90345* (D. Nev. Aug. 12, 2011); *Righthaven v. Mostofi*, Case No. 2:10-cv-01066, *2011 WL 2746315* (D. Nev. July 13, 2011); *Righthaven v. Barham*, Case No. 2:10-cv-02150, *2011 WL 2473602* (D. Nev. June 22, 2011); *Righthaven v. DiBiase*, Case No. 2:10-cv-01343 *2011 WL 2473531* (D. Nev. June 22, 2011); *Righthaven v. Democratic Underground*, ___ F. Supp. 2d ____Case No. 2:10-cv-01356 *2011 WL 2378186* (D. Nev. June 14, 2011); *Jama, 2011 U.S. Dist. LEXIS 43952* (D. Nev. Apr. 22, 2011); *Righthaven v. Leon*, Case No. 2:10-cv-01672 (Doc. # 37) (D. Nev. Apr. 20, 2011); *Righthaven v. Realty One Group, Inc.*, 38 Media L. Rep. at 2441.
[2] John Ralston, Face to Face, June 22, 2011 at 5:21, found at http://www.lasvegassun.com/videos/2011/jun/22/5268/ (*last accessed* Nov. 6, 2011).
[3] Sherman Frederick, *Copyright Theft:  We're not taking it anymore*, Las Vegas Review-Journal, May 28, 2010, *found at* http://www.lvrj.com/blogs/sherm/Copyright_theft_Were_not_taking_it_anymore.html (*last accessed* Nov. 6, 2011).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven should have known better than to sue for without the necessary rights to do so; and, Righthaven should have satisfied the judgment before forcing this additional remedy. Righthaven could have changed course at any time, but preferred not to. Since Righthaven has refused to satisfy the judgment, Hoehn is entitled to force Righthaven's property into receivership and then to auction. Hoehn now moves this Court to put enact the process that will allow him to (at least partially) satisfy his judgment through Righthaven's only known assets – its intellectual property.

## II. Argument

### A. This Court Should Oder Righthaven to Assign its Intellectual Property to a Receiver, Who Will Auction off the Property to Partially Satisfy Hoehn's Judgment.

Righthaven's current predicament is one that has confronted courts and creditors for hundreds of years. Judgment debtors are often unwilling to pay. In circumstances such as this, courts are empowered to take steps to give judgments meaning. The remedy sought in this motion is not unusual. When a judgment debtor's property includes intellectual property rights, they are of some value. However, this value cannot be obtained or controlled in physical form. Thus they cannot be physically seized like money or other physical items. *See Peterson v. Sheriff of San Francisco*, 46 P. 1060, 1060 (Cal. 1896).

The Supreme Court, however, provided a clear edict for resolving these problems in *Ager v. Murray*, 105 U.S. 126 (1881). In *Ager*, the Supreme Court recognized that intellectual property rights such as patents and copyrights could not be directly seized – but, upon a court order, could be assigned by the debtor to a receiver, who would then sell the rights at auction to satisfy the creditor's judgment. 105 U.S. at 126. *Ager* is directly on-point with respect to Righthaven's putative copyright rights and nebulous proprietary infringement-seeking software (*see* Doc. # 52-1), and this intellectual property may be assigned to a receiver upon this Court's order. *See also Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009) (citing *Ager* and explaining the process for seizing intellectual property rights in order to satisfy a judgment); *Kenyon v. Automatic Instrument Co.*, 160 F.2d 878, 884 (6th Cir. 1947) ("It is no longer open to question that a receiver appointed by a court may execute an assignment of a patent owned by an

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 3 -

insolvent debtor"); *Security-First Nat'l Bank v. Republic Pictures Corp.*, 97 F. Supp. 360, 369 (C.D. Cal. 1951) ("A method of foreclosure not being prescribed, the Court, in the exercise of its equity jurisdiction, could prescribe proper notice either by analogy to the sales on execution as to which the state laws are followed or by devising a special procedure which satisfies the requirement of due process"); *Olive Branch Holdings v. Smith Tech. Dev., LLC*, 181 Ohio App. 3d 479, 490 (Ohio Ct. App. 2009) ("It is undisputed that a judgment-creditor may reach patents owned by a debtor as a means of satisfying its judgment").

Righthaven holds at least one registered servicemark (Exh. A; DeVoy Decl. ¶ 18), at least one domain name,  <righthaven.com>, and at least 250 copyright registrations (Exh. B; DeVoy Decl. ¶ 19).  Righthaven's domain names are intangible personal property akin to trademarks. *CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138, 1143-44 (9th Cir. 2010); *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003). Like California's approach to intangible personal property, articulated in *Kremen*, Nevada recognizes it as something that embodies "every intangible benefit and prerogative susceptible of possession or disposition." *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 543 (Nev. 2008) (citing *Kremen*, 337 F.3d at 1030).  As intangible property, Righthaven's copyright registrations, domain names, trademarks, and service marks may be properly assigned to a receiver to manage and auction them in fulfillment of Hoehn's judgment and writ of execution (Docs. # 44, 59).[4] *See Ager*, 105 U.S. at 126; *Platt & Munk Co. v. Republic Graphics*, 315 F.2d 847 (2d Cir. 1963); *Zanetti v. Zanetti*, 77 Cal. App. 2d 553 (Cal. Ct. App. 1st Dist. 1947); *see also Marshak v. Green*, 746 F.2d 927 (2d Cir. 1984) (delineating the requirements for assignment of trademarks).

In this case, where not only a judgment has been entered in Hoehn's favor (Doc. # 44), but a writ of execution as well (Doc. # 59), the Court is entitled to appoint a receiver for Righthaven's intellectual property assets. *In re McGaughey*, 24 F.3d 904, 907 (7th Cir. 1994); *Consolidated Rail Corp. v. Fore R. R. Co.*, 861 F.2d 322, 327 (1st Cir. 1988); *U.S. v. Bartle*, 159

---

[4] As an ironic note in this case, the bare right of a trademark alone cannot be an effective assignment of the mark; associated goodwill must travel with it.  Thus, Righthaven's assignment of its trademarks and servicemarks to the receiver must entail all of the associated goodwill (such as it is) to be effective. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir. 1992); *Burgess v. Gilman*, 475 F. Supp. 2d 1051, 1055-56 (D. Nev. 2007).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

Fed. Appx. 723 (7th Cir. 2005).  State law defines the process through which this assignment and auction is effected. *Ager*, 105 U.S. at 126.  Nevada law contemplates exactly the scenario currently before the Court, as Nevada Revised Statutes section 32.010 allows a court to appoint a receiver in circumstances including:

> 3. After judgment, to *carry the judgment into effect*,
> 4. After judgment, to dispose of the property *according to the judgment* [...] or in *proceedings in aid of execution*, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply the judgment debtor's property in satisfaction of the judgment.
> 6. In all other cases where receivers have heretofore been appointed by the usages of the courts of equity.

NRS 32.010 (emphasis added); *see, e.g., Tousa Homes, Inc. v. Phillips*, 363 F. Supp. 2d 1274, 1285-86 (D. Nev. 2005).

In this case, Hoehn has already secured a potential receiver, <u>Lara Pearson</u>, who may be appointed by the Court. (*See generally* Decl. of Lara Pearson.)  Ms. Pearson has more than 12 years of litigation and transactional experience regarding trademark, copyright, domain name, patent and other intellectual property matters, is admitted to practice before this Court, and is subject to its jurisdiction. (Pearson Decl. ¶¶ 2-8, 11-13; DeVoy Decl. ¶ 24; Exh G.)  In light of her intellectual property experience, Ms. Pearson is particularly well-suited, and qualified, to serve as court-appointed Receiver for Righthaven's intangible assets.  Ms. Pearson consents to this appointment; moreover, she is neutral, disinterested and free of conflicts in this matter and all other Righthaven litigation. (Pearson Decl. ¶¶ 9-10.)

**B. Assignment of Righthaven's Property to a Receiver is the Fair, Natural and Equitable Consequence of Hoehn's Judgment and Writ of Execution.**

The assignment of Righthaven's intellectual property to a receiver is an appropriate remedy.  When this Court entered judgment against Righthaven on August 15, 2011, it granted Plaintiff 30 days to pay the judgment.  Righthaven claimed it would face bankruptcy if denied full relief from Hoehn's judgment (Doc. # 51-2), and received a 30-day extension to post a bond for $34,045.50 with this Court on September 28, 2011. (Doc. # 56)  Righthaven then sought

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1  relief from the Ninth Circuit Court of Appeals, which it was summarily denied (Doc. # 57).  On

2  October 29, Hoehn sought a Writ of Execution from this Court (Doc. # 58), which he received on

3  November 1, 2011 (Doc. # 59).

4          Righthaven refused to post a bond with the court to secure Hoehn's enforcement of his

5  judgment.  Righthaven has fully litigated its sought relief before this Court and the Ninth Circuit,

6  introducing evidence to support its claims. (Doc. # 52); *Righhtaven v. Hoehn*, Case No. 11-

7  16995 (Docs. # 5, 6) (9th Cir. 2011).  Righthaven has exercised every Due Process protection

8  available to it.  With its avenues to seek redress exhausted, Righthaven must finally "*respect the*

9  *judicial process*" and satisfy this Honorable Court's lawfully entered judgment.  It has been

10  given ample time in which to do so or to post a *supersedeas* bond under Rule 62(d).  Its refusal

11  to do either is inexcusable and contemptuous.  Its refusal, if unchecked, will send a message to

12  any who might observe this case that judgments rendered by this Court are merely advisory.

13  This message will be countered if this Honorable Court makes it clear that its Orders will be

14  followed, or consequences follow for those who think otherwise.

15          This seizure and forced assignment of assets is what happens when losing parties refuse

16  to satisfy or post bonds for their judgments.  Rule 62(d) allows for a party to post a *supersedeas*

17  bond to avoid this outcome, and Hoehn specifically stipulated to Righthaven posting such a

18  bond. (Doc. # 53)  Righthaven refused, doubled-down on its legal position, and must live with

19  the consequences.   Based on the representations of Righthaven's counsel (Doc. # 52-1),

20  Righthaven knew this day would come – yet still refused to comply.

21          This Court should remain unmoved by any pleas for mercy from the Plaintiff.  In addition

22  to long exhausting its avenues to seek relief (*see* Docs. # 56, 57), its conduct belies any reason to

23  grant it an accommodation.  Had Righthaven obtained a single judgment against any of its

24  defendants, there is no doubt it would have immediately done the same – if not worse – to its

25  victims.  In violation of Federal Law, Righthaven attempted to seek a settlement through a

26  defendant's disability benefits, in direct violation of 42 U.S.C. § 407. *Righthaven v. Hill*, Case

27

28

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 6 -

No. 1:11-cv-00211 (Doc. # 27 at 16) (D. Colo. May 19, 2011).  Any plaintiff who would do such a thing, and then beg this court for mercy, deserves contempt – not relief.

Because these intellectual property assets are readily available and Hoehn's judgment has not been satisfied otherwise, these intellectual property rights should be used to at least partially satisfy Hoehn's judgment and writ of execution.

**C. An Auction of Righthaven's Intellectual Property Serves Both Parties' Interests.**

An auction of Righthaven's assets by a receiver is in the interest of both parties.  The bulk of Righthaven's intellectual property portfolio consists of more than 250 copyright registrations. (Exh. B)  In addition, Righthaven owns servicemarks, at least one domain name, and proprietary search software, of which Righthaven's counsel will not disclose more. (*see* Doc. # 52-1) Hoehn is entitled to auction off this property through a receiver.

Merely assigning these rights to Hoehn does not recoup the costs of Hoehn's extensive legal bills, incurred in response to Righthaven's conduct.  In fact, doing so will invite more wasteful litigation over their value.  Instead, this Court should let the open market dictate their value.  The conditions of a commercially reasonable sale should reflect a calculated effort to promote a sales price that is equitable to both the debtor and the secured creditor. *Dennison v. Allen Group Leasing Corp.*, 110 Nev. 181, 186 (Nev. 1994) (citing *Savage Constr. v. Challenge-Cook*, 102 Nev. 34, 37 (Nev. 1986)). "The 'quality of the publicity, the price obtained at the auction, [and] the number of bidders in attendance' are important factors to consider when analyzing the commercial reasonableness of a public sale." *Dennison*, 110 Nev. at 186 (citing *Savage,* 102 Nev. at 37).

The proposed receiver, Ms. Pearson, is a well-known intellectual property attorney with more than a decade of relevant experience. (Pearson Decl. ¶¶ 2-5; Exh. G).  Ms. Pearson will be able to draw a sufficient number of attendees to bid on Righthaven's copyrights, trademarks, servicemarks, domain names and proprietary intellectual property. (*Id*. ¶¶ 11-13; *see* DeVoy Decl. ¶¶ 4-10.)  While Righthaven's intellectual property is difficult to appraise on its own, its value would be increased by several factors at public auction.  Righthaven's litigation campaign

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

within this District has been national news.  Righthaven's CEO, Steve Gibson, willingly and triumphantly dove into the national spotlight in 2010.  *See, e.g.*, David Kravets, *Newspaper Chain's New Business Plan: Copyright Suits,* Wired (July 22, 2010), http://www.wired.com/threatlevel/2010/07/copyright-trolling-for-dollars) (quoting Gibson as saying "Media companies' assets are very much their copyrights. These companies need to understand and appreciate that those assets have value more than merely the present advertising revenues").   Since then, Righthaven's attempt to capture public attention has been quite successful, albeit 180 degrees from its initial plan.  The scheme is regularly the subject of news in the *Las Vegas Sun*, *Vegas Inc., The Denver Post* and *The New York Times* to *Ars Technica, Wired, TechDirt* and the *Drudge Report*.  The public has a palpable interest in Righthaven, and it is foreseeable that Righthaven's assets will take on the form of "legal memorabilia," and thus their auction price would be higher than their inherent value.

As such, broad participation in a widely publicized auction will ensure that Righthaven's intellectual property assets receive at least their fair market value – and likely far more. Hoehn's counsel has already received requests for Rightaven property from curious collectors and other parties who wish to have a piece of Righthaven memorabilia.[5] (DeVoy Decl. ¶¶ 4-10.)

### D. The Court's Order Must Require Righthaven to Act Swiftly or Face Serious Consequences.

To effectively transfer Righthaven's intellectual property and satisfy Hoehn's judgment, the Court may appoint a receiver to take custody of Righthaven's intellectual property.  Ms. Pearson has volunteered to assume this position, and welcomes this Court's appointment. (Pearson Decl. ¶¶ 8, 11-13.)  To complete the transfer of intellectual property, an authorized representative of Righthaven must assign *all* of its rights in its copyrights, trademarks/servicemarks, domain names and proprietary technology to the receiver.  To expedite this process, Hoehn submits that Righthaven should effect individual assignments for each piece of intellectual property, so there is no doubt as to the assignment, using the forms provided in

---

[5] Strangely enough, the largest number of requests have been for a bluetooth headset worn by Righthaven CEO, Steve Gibson. (DeVoy Decl. ¶ 9.)

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Exhibits C, D, E and F for copyrights, trademarks/servicemarks, domain names and other intellectual property, respectively. (DeVoy Decl. ¶¶ 20-23.)

Within seven (7) days of this Court's order, Righthaven shall effect assignment of all of these rights to the receiver.  Given Righthaven's demonstrated extreme penchant for delay and multiplying the proceedings in this action, swift action is necessary; Righthaven has consistently demonstrated that it will take every opportunity to delay a resolution of this matter and frustrate Hoehn's satisfaction of his judgment. (Docs. # 52, 57); *Hoehn*, Case No. 11-16995 (Docs. 5-8) (9th Cir. 2011); *Hoehn*, Case No. 11-16751 (Docs. 4-6) (9th Cir. 2011).  Once these assignments are effected, Righthaven shall file a notice with this Court certifying that it has complied with this Order.  If this Order is not complied with within seven days of its issuance, the Court should issue a writ of bodily attachment for Righthaven's officers, Mr. Steven A. Gibson, Chief Executive Officer; and Raisha Y. Gibson, a/k/a "Drizzle", Chief Administrative Officer, so the U.S. Marshals may make them appear in Court so as to a) immediately effect written transfers of Righthaven's intellectual property to the receiver, or b) explain Righthaven's failure to do so, on pain of contempt.

### E. The Receiver Should Take Possession of, and Auction off, Righthaven's Tangible Property as Well.

Rightaven's offices have long been abandoned. (DeVoy Decl. ¶¶ 12-14.)  Even when they were in use, they were not the exclusive place where Righthaven conducted its business (*id.* ¶ 15). On information and belief, the company has done little since June 1, 2011[6] except transfer its money to its CEO and its CAO, who happen to be husband and wife.  Its current operations are believed to be run entirely out of the Gibson household.  Therefore, it is presumed that Righthaven owns little tangible property of material value.  Nevertheless, it must own something, and that something has an inherent value which can be determined at auction.  Much like its intangible property, its value may come more from collectors than from those who actually want the physical items.

---

[6] Righthaven has filed no new lawsuits since May 2011.

- 9 -

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

In a case similar to this one, *United States v. Kaczynski*, the U.S. District Court for the Eastern District of California allowed third party to auction off personal items belonging to Ted Kaczynski, better known as the Unabomber. 446 F. Supp. 2d 1146, 1149-50, 1153 (E.D. Cal. 2006), *aff'd U.S. v. Kaczynski*, 551 F.3d 1120 (9th Cir. 2009).  Like Righthaven, the Unabomber was a looming public figure whose bizarre, reclusive existence – and possessions – became a subject of public intrigue following the discovery that he lived alone in a secluded rural shack. Thus, the Court found it proper for the Marshals to coordinate a public sale of Kaczynski's personal items to partially satisfy a restitution agreement Kaczynski entered with the United States. *Id*. at 1148, 1153.

This Court's Order should include instructions to Righthaven's CEO and CAO that any and all objects, items, or other property belonging to Righthaven should be delivered to the Receiver for auction**.**  *See* NRS  32.010(3); *Kaczynski*, 446 F. Supp. 2d at 1153.

### F. The Relief Granted Should Include an Additional Award of Attorneys' Fees for the Time Spent on this Motion and in Pursuit of Righthaven's Assets, Generally.

It is well settled that fees incurred in establishing a losing party's fee liability are credited to the prevailing party. *See Clark v. Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986); *In re Nucorp Energy*, 764 F.2d 655, 661 (9th Cir. 1985).  In this case, Righthaven's intransigence has led to the expenditure of even more fees, which are properly taxed to Righthaven.  *Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir. 2002) (holding that fees expended in recovery of a judgment awarded under federal fee-shifting statute were recoverable from losing party).  This should include the fees for drafting this Motion, any fees incurred in drafting a Reply Brief, and any other fees incurred by the Defendant and the court-appointed Receiver.

### G.  Righthaven Will Seek Further Delays – This Court Should Not Grant Them.

Righthaven has used each and every extension it received in this case to merely frustrate Hoehn's resolution of this action.  When Righthaven sought an extension to file its response to Hoehn's motion to dismiss, it used the window of extension to radically amend its Strategic Alliance Agreement with Stephens in an effort to create standing where it was manifestly lacking

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

(Docs. # 20, 22, 28).  Once Hoehn obtained a judgment for his attorneys' fees, Righthaven sought to stay its enforcement, receiving a 30-day stay (*see* Docs. # 52, 56) – only to not post a bond and force Hoehn to seek a writ of execution (Docs. # 58, 59) and the relief sought in this motion.

Righthaven's stalling is not a phenomenon limited to this case.  When Righthaven was sanctioned by Judge Hunt in *Democratic Underground*, it failed to timely comply with the court's sanction order, and sought an extension a day after its sanctions were due. Case No. 2:10-cv-01356 (Doc. # 143) (D. Nev. July 29, 2011).  Rather than explain its failure to comply, Righthaven informed the court that it was evaluating whether it could post a bond for the court's monetary sanctions, and whether it could appeal the sanctions order. *Id.*  This tactic bought Righthaven yet more time to make payments to its officers and other insiders, dissipating assets that it surely knew by that date, after receiving numerous adverse decisions,[7] would be targeted by prevailing defendants who obtained attorneys' fee awards – such as Hoehn.

The longer Righthaven can delay its demise, the more assets it may transfer to its Chief Executive and Chief Administrative Officers, and counsel.  Righthaven has no endgame in mind and, as this Court has noted, no likelihood of success on appeal (Doc. # 56).  Thus, instead of satisfying Hoehn's judgment and soldiering on to obtain vindication from the Court of Appeals, Righthaven seeks to live just another month so that it can further enrich its insiders at Hoehn's expense.  These fraudulent transfers are the only outcome of Righthaven's delays.  As Hoehn has provided Righthaven with the documentation necessary to effect the assignment of its rights to a Receiver in Exhibits C, D, E and F, seven days will be more than adequate time for Righthaven to comply with this Court's order.   The task at hand for Righthaven is simple and straightforward, and no accommodation should be given so that Righthaven has yet another opportunity to dissipate its assets in frustration of Hoehn's lawful judgment.

---

[7] By July 29, Righthaven's claims had been dismissed for lack of standing in the *Democratic Underground*, *Hoehn*, *DiBiase*, *Barham* and *Mostofi* cases, and Hoehn and DiBiase had filed their respective motions for attorneys' fees.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

**Conclusion**

As Righthaven has refused to satisfy Hoehn's judgment with money, Hoehn is entitled to fulfill his judgment through the sale of Righthaven's property.  This is no surprise to Righthaven, and its counsel even foresaw this outcome upon failing to post a bond for Hoehn's judgment (Doc. # 52-1); *Hoehn*, Case No. 11-16995 (Docs. # 5-2, 6-2).  After seeking relief from both this Court and the Ninth Circuit Court of Appeals, Righthaven's fate is sealed (Docs. # 56, 57).

The laws of the United States and Nevada provide a simple solution to judgment creditors in Hoehn's predicament:  The Court may appoint a receiver, in this case Ms. Pearson, to whom Righthaven assigns all of its property.   The receiver shall then conduct a commercially reasonable sale of all of Righthaven's intellectual property.  Righthaven is the stuff of legend. The intense media focus placed on Righthaven, which Righthaven begged for, suggests that the public will turn out to seek a piece of this company – which could have avoided all of this by posting a mere $34,045.50 bond.  It is clear that Righthaven would prefer not to respect the judicial process.  Granting this Motion will render its preference irrelevant, but will ensure that Hoehn does not wind up being wholly uncompensated, and it will serve the public interest by sending a clear signal that those who defy this court's orders may not do so without consequence.

Dated November 14, 2011                          Respectfully Submitted,

                                                  RANDAZZA LEGAL GROUP


                                                  _____
                                                  Marc J. Randazza
                                                  J. Malcolm DeVoy IV

                                                  Attorneys for Defendant,
                                                  *Wayne Hoehn*

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 14th day of November, 2011, I caused the document(s) entitled:

**DEFENDANT'S MOTION FOR APPOINTMENT OF RECEIVER AND COMPELLED ASSIGNMENT OF INTELLECTUAL PROPERTY IN PARTIAL SATISFACTION OF JUDGMENT**

and all attachments to be served as follows:

[   ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ X ]   by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy

J. Malcolm DeVoy

- 13 -