Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No. 2:11-cv-00050<br><br>**DECLARATION OF J. MALCOLM DEVOY IN SUPPORT OF DEFENDANT'S MOTION FOR APPOINTMENT OF RECEIVER AND COMPELLED ASSIGNMENT OF INTELLECTUAL PROPERTY IN SATISFACTION OF JUDGMENT** |

**DECLARATION OF J. MALCOLM DEVOY IN SUPPORT OF DEFENDANT'S MOTION FOR APPOINTMENT OF RECEIVER AND COMPELLED ASSIGNMENT OF INTELLECTUAL PROPERTY IN SATISFACTION OF JUDGMENT**

I, J. MALCOLM DEVOY IV, having personal knowledge of the matters set forth below and capable of making this declaration, state as follows:

1. I am a duly licensed attorney in the state of Nevada, in good standing with the State Bar, and an attorney for Randazza Legal Group, counsel for defendant Wayne Hoehn ("Hoehn") in this action, brought by Righthaven LLC ("Righthaven").

2. I have personal knowledge of Hoehn's efforts to seize Righthaven's financial assets through the U.S. Marshals, and have worked with the Marshals to submit the requisite paperwork to satisfy Hoehn's writ of execution (Doc. # 59).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

3. To date, Hoehn's efforts to seize Righthaven's property through the U.S. Marshals, using standard process receipt-and-return and seizure procedures on several targets reasonably believed to hold Righthaven's financial assets, have not even come close to satisfying Hoehn's judgment; the only monetary assets belonging to Righthaven to be identified thus far consist of Righthaven's primary bank account, which contains less than $1,000.00.

4. Nevertheless, this Court's recent issuance of a writ of execution in Hoehn's favor has garnered considerable news coverage in *Vegas Inc.*, *Wired*, *Ars Technica*, *Techdirt*, the *ABA Law Journal*, and the *Drudge Report*.

5. I have seen this coverage receive wide discussion on social networking services such as Facebook and Twitter as well.

6. Beginning with this Court's entry of judgment in Hoehn's favor (Doc. # 43), I have received numerous requests for various assets of Righthaven's from journalists, other attorneys, and those interested in intellectual property enforcement.

7. This interest has increased dramatically since this Court entered a writ of execution in Hoehn's favor.

8. Among the requests I have received, I have been contacted by individuals seeking an opportunity to purchase or otherwise acquire Righthaven's office artwork, office supplies such as staplers and lamps, and other miscellaneous items from the company.

9. Far and away, however, I have received the most requests for a Bluetooth headset worn by Righthaven's CEO, Steven Gibson, in a photo originally published by the Las Vegas Sun in the summer of 2010, which is reproduced below for immediate reference, and can be accessed at the following URL:

http://photos.lasvegassun.com/media/img/photos/2010/08/04/stevengibson_t198.jpg?cdfb4b79ec677a25380d4d2ab25aad58f36db2ce

//
//
//

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 2 -



(all rights reserved to the Las Vegas Sun / Greenspun Media)

10. Based on this outpouring of interest in owning a piece of a famous organization such as Righthaven, and numerous discussions that others have initiated with me about the auctioning of Righthaven's tangible and intangible assets, I strongly believe that a public auction of Righthaven's assets would materially assist Righthaven in at least partially satisfying Hoehn's judgment.

11. Given that Righthaven has not filed any lawsuits since May 2011, I believe the company exists as a conduit to pay salaries for Steven A. Gibson, its Chief Executive Officer, and his wife, Raisha Y. Gibson, a/k/a "Drizzle", its Chief Executive Officer, and legal fees to its Counsel, despite engaging in no legitimate business activity.

12. To the best of my knowledge, Righthaven laid off its last employee other than Ms. Gibson in early August, 2011.

13. My investigation reveals that Righthaven no longer regularly uses its office space at 4475 South Pecos Road, Las Vegas, Nevada.

14. My investigation and research further leads me to believe that Righthaven's business, to the extent it still exists, is conducted primarily – if not exclusively – from the Gibsons' household.

15. My research and investigation further reveals that even before August 2011, Ms. Gisbon frequently worked from her household and telecommuted to Righthaven's offices, ostensibly working from computers and other office equipment kept within the Gibson household.

16. Based on the assertions of opposing counsel before this Court (Doc. # 52-1) and the Ninth Circuit Court of Appeals in *Righthaven v. Hoehn*, Case No. 11-16995 (Docs. # 5-2, 6-2) (9th Cir. 2011), Righthaven cannot satisfy Hoehn's judgment or writ of execution in this matter (Docs. # 44, 59.)

17. Based on the Righthaven Operating Agreement, which is available in redacted form in *Righthaven v. DiBiase*, Case No. 2:10-cv-01343 (Doc. # 51) (D. Nev. Apr. 17, 2011), Righthaven's officers – the Gibsons – continue to draw a salary from the company, enriching themselves at the expense of Hoehn's entitlement to satisfy his lawful judgment – for which Righthaven has not posted a bond to stay enforcement.

18. A true and correct copy of the U.S. Patent and Trademark Office's registration or the Righthaven service mark is attached hereto as Exhibit A.

19. A true and correct copy of the U.S. Copyright Office's records for works registered to Righthaven LLC, which I created using the U.S. Copyright Office's website, is attached hereto as Exhibit B.

20. A true and correct copy of the proposed assignment to be used by Righthaven in assigning each of its copyrighted works to the Court-appointed Receiver in anticipation of their auction is attached hereto as Exhibit C.

21. A true and correct copy of the proposed assignment to be used by Righthaven in assigning each of its trademarks and/or servicemarks to the Court-appointed Receiver in anticipation of their auction is attached hereto as Exhibit D.

22. A true and correct copy of the proposed assignment to be used by Righthaven in assigning each of its domain names to the Court-appointed Receiver in anticipation of their auction is attached hereto as Exhibit E.

23. A true and correct copy of the proposed assignment to be used by Righthaven in assigning each article of its patented or patentable software and all other creations to the Court-appointed Receiver in anticipation of their auction is attached hereto as Exhibit F.

24. Finally, a true and correct copy of the curriculum vitae for Defendant's proposed intellectual property receiver, Lara Pearson, is attached hereto as Exhibit G.

I swear under penalty of perjury that the above is true and correct to the best of my knowledge.

Dated: November 14, 2011

      /s/ J. Malcolm DeVoy IV
      J. Malcolm DeVoy IV