Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company, | Case No. 2:11-cv-00050 |
| Plaintiff, | **DEFENDANT'S MOTION FOR WRIT OF BODY ATTACHMENT** |
| vs. | |
| WAYNE HOEHN, an individual, | |
| Defendant. | |

## DEFENDANT'S MOTION FOR WRIT OF BODY ATTACHMENT

Defendant Wayne Hoehn ("Hoehn"), represented by his attorneys, Randazza Legal Group, in the above-captioned matter, brings this motion seeking the Court to issue writ of body attachment for Steven A. Gibson and Raisha Y. Gibson, a/k/a "Drizzle," officers of Plaintiff Righthaven LLC ("Righthaven"), pursuant to Plaintiff's non-compliance with this Court's December 12 Order granting Defendant's Motion for the appointment of a receiver and compelled transfer of Righthaven's intellectual property (Doc. # 66).

### I.  Introduction

Righthaven has failed to respect this Court's lawful order.  On December 12, this Court granted in full the Defendant's Motion to appoint a receiver to auction Righthaven's intellectual property rights, such as they are, and for Righthaven to assign them all to the receiver (Docs. #

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

62, 66).   This latest round of motion practice comes on the heels of Hoehn's judgment of $34,045.50, which Righthaven sought to stay the execution of before this court and the Ninth Circuit (Docs. # 52, 56, 57), and ultimately declined to stay by posting a supersedeas bond.  This Court then issued Hoehn a writ of execution (Doc. # 59), which revealed that Righthaven has not even $1,000 in its main operating account (Doc. # 62-1 ¶ 3).  In search of any item of value that could be liquidated to even partially satisfy his writ of execution for more than $63,000, Hoehn turned his attention to Righthaven's intellectual property (*see* Doc. # 62).  This was unsurprising to Righthaven, as it contemplated this exact scenario in September (Doc. # 52-1 ¶ 9):

> Righthaven could face judgment enforcement efforts directed to its assigned copyrights. The assigned copyrights could be seized and liquidated in an attempt to satisfy the Judgment. The assigned copyrights include the copyrighted work at issue in this case, as well as works that are issue in other pending and yet to be commenced cases.

Righthaven declined to offer even token resistance to the Motion, and failed to respond to it altogether (*see* Docs. # 64, 66).  The Defendant's Motion identified, specifically, the procedure Righthaven would use to assign its rights to the newly appointed receiver:

> **Within seven (7) days of this Court's order, Righthaven shall effect assignment of all of these rights to the receiver**. Given Righthaven's demonstrated extreme penchant for delay and multiplying the proceedings in this action, swift action is necessary; Righthaven has consistently demonstrated that it will take every opportunity to delay a resolution of this matter and frustrate Hoehn's satisfaction of his judgment. **Once these assignments are effected, Righthaven shall file a notice with this Court certifying that it has complied with this Order. If this Order is not complied with within seven days of its issuance, the Court should issue a writ of bodily attachment for Righthaven's officers, Mr. Steven A. Gibson, Chief Executive Officer; and Raisha Y. Gibson, a/k/a "Drizzle", Chief Administrative Officer, so the U.S. Marshals may make them appear in Court so as to a) immediately effect written transfers of Righthaven's intellectual property to the receiver**, or b) explain Righthaven's failure to do so, on pain of contempt.

(Doc. # 62 at 9:3-15) (internal citations omitted; emphasis added).

As of the time of this filing, after the end of normal business hours in this District and the

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

closure of the clerk's office,[1] no notice of compliance with this Order has been filed with the Court (Decl. of J. DeVoy ¶¶ 4, 9-10).  Righthaven has not moved the Court for additional time to comply with this order, nor has it so much as attempted contact with Defendant's counsel (*id*.). Nevertheless, Righthaven's counsel affirmed his actual knowledge of the Court's seven-day deadline to the media.[2]  To the undersigned's knowledge, no new appeal has been filed with the Ninth Circuit Court of Appeals, no new motion practice has been initiated there, and Righthaven has not filed any petition for bankruptcy. (*Id*. ¶ 9)  Righthaven has made no explanation to the Defendant – nor to the Court – for its failure to comply with the December 12 order. (*Id*. ¶¶ 4, 9-10)

Hoehn brings this motion solely to enforce this Court's order, and not to harass and intimidate Righthaven's officers.  Indeed, Mr. and Mrs. Gibson are named because, as seen in the underlying Motion for a Receiver and previously filed Motion for debtors exam (Docs. # 60, 62), they are the two people known to have authority over Righthaven's intellectual property. Furthermore, Hoehn stipulates that if the required intellectual property assignments are effected pursuant to the Court's December 12 Order (Doc. # 66) and a notice of compliance is filed with the Court before Righthaven responds to this Motion, he will withdraw his request for a writ of body attachment and will abandon any request for additional sanctions as a result of this present failure or refusal to comply. (DeVoy Decl. ¶ 13)

**II. Argument**

All Hoehn requests of this Court is that it take the appropriate measures to render its December 12 Order meaningful.  These actions were contemplated in Hoehn's motion and granted by the Court, with no opposition by Righthaven (Docs. # 62 at 9; 66).  In fact, very little action is required by the Court: The apprehension and production of Righthaven's officers shall be handled by the U.S. Marshals.

---

[1] *See* http://www.nvd.uscourts.gov/GeneralInformation.aspx (*last accessed* Dec. 19, 2011).
[2] Steve Green, *Righthaven Plans Appeal to Block Auction of Copyrights*, Vegas Inc. (Dec. 16, 2011), http://www.vegasinc.com/news/2011/dec/16/righthaven-plans-appeal-block-auction-copyrights/ (*last accessed* Dec. 18, 2011).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

In order to give effect to its December 12 Order appointing a Lara Pearson as receiver of Righthaven's property, and requiring Righthaven to assign all of its intellectual property to her, the Court should issue a writ of body attachment against Righthaven's officers, Steven A. Gibson and Raisha Y. Gibson, a/k/a "Drizzle."  The purpose of this writ will be to bring the Plaintiff's officers before the Court solely so that they may execute assignments of Righthaven's intellectual property – as the Court has ordered them to do.  Should Righthaven's officers fail to effect assignments of its property to the Receiver when summoned before the Court, they should be held in contempt, to be released only once such assignments have been completed.

A.   **The Court Should Issue a Writ of Body Attachment as to Mr. and Mrs. Gibson so they may Appear before the Court and Carry the December 12 Order into Effect.**

Hoehn's request for a writ of body attachment should come as no surprise to Righthaven, as it was specifically requested as a condition of non-compliance in the Defendant's Motion (Doc. # 62 at 9).  Also known as a writ of civil commitment or civil arrest, a writ of body attachment commands the U.S. Marshals to apprehend the people the Court wishes to bring before them in civil cases.[3]  Once executed, the U.S. Marshals will present the apprehended parties to the Court.

When a party violates a court order, the court is entitled to issue a writ of bodily attachment so as to bring the party before the Court. *NLRB v. Goodsell & Vocke, Inc.*, 645 F.2d 680, 681 (9th Cir. 1981); *Sauber v. Whetstone*, 199 F.2d 520, 522 (7th Cir. 1952).  A court may issue writs of body attachment for individuals and company officers even when the party is corporate entity. *See Goodsell & Vocke*, 645 F.2d at 681.  Such writs can be issued with signficiant limitations, as the Defendant requests in this case, and seeks the Court to effect bodily attachment on Righthaven's officers only until they "have completely purged themselves of their contumacious conduct" *Aguayo v. South Coast Refuse Corp.*, 140 Lab. Cas. (CCH) P10,688 at *

---

[3] *See* U.S. Marshals, Service of Process: Writ of Body Attachment, http://www.usmarshals.gov/process/body-attachment.htm (*last accessed* Dec. 18, 2011).

- 4 -

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

31 (C.D. Cal. Mar. 1, 2011).

In this case, a writ of body attachment is eminently appropriate.  First, it is specifically contemplated in the Defendant's Motion, which the Court approved *en toto*. (Doc. # 66 at 9) Second, only an authorized representative of Righthaven – its CEO, Mr. Gibson, or CAO, Mrs. Gibson – can execute the assignment of rights sought in the Motion and authorized by the December 12 Order.  Finally, the Defendant's Motion provided *pro forma* assignment documents for all varieties of Righthaven's intellectual property, and identified many of its registered intellectual property rights, including its copyrights and at least one service mark. (Docs. # 62-3, 62-4, 62-5, 62-6, 62-7, 62-8)

By summoning Righthaven's officers to the Court through the U.S. Marshals, the Court's Order can be given instantaneous effect.  All that is needed is for these simple forms to be executed by the appropriate officer of Righthaven.  They must be notarized – a function that can be achieved by Court personnel.  Because such extreme action is needed for the Court to compel Righthaven's compliance with its order, it would be within the Court's purview to impose a sanction on Righthaven using its inherent powers, so that they may bear the additional costs their non-compliance imposes upon the Court. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 46 (1991).

**B.    If Righthaven's Officers Decline to Give Effect to the Court's December 12, 2011 Order, the Court may Hold them in Contempt.**

The power to punish for contempt is an inherent power of federal courts and failure to comply with a court's order is grounds for a finding of contempt. *See, e.g., United States v. Ayres,* 166 F.3d 991, 994-96 (9th Cir. 1999) (affirms finding of contempt where a party failed to comply with an order directing production of records).  Civil contempt is a creature of the court's inherent power.  *See Spallone v. United States*, 493 U.S. 265, 276 (1990) ("courts have inherent power to enforce compliance with their lawful orders through civil contempt" (internal quotation marks omitted)).

The movant in a civil contempt proceeding bears the burden showing that the contemnors violated the court's order.  *FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1229 (9th Cir. 1999);

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 5 -

*Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). The burden then shifts to the contemnor to explain its failure. *Id.* In this case, the violation is clear and undeniable. On December 12, 2011, the Court granted Hoehn's Motion, which required Righthaven to assign its intellectual property to Ms. Pearson by December 19, 2011, and then notice the Court that such assignments had been completed (Docs. # 62 at 9; 66). Righthaven has not done so.

"Absent a stay, all orders and judgments of courts must be complied with promptly." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987). In this case, Righthaven has neither requested a stay, nor explained its failure to heed the Court's order in any way. "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975).

"When the gauntlet it thrown down to the authority of the Court and its lawful orders, the Court had no choice but to pick it up." *American Airlines, Inc. v. Allied Pilots Ass'n,* 53 F. Supp.2d 909, 939 (N.D. Tex. 1999). If, upon appearing before the Court, Righthaven's officers do not transfer the company's intellectual property assets to a receiver as required by the December 12 order, they should be placed in contempt. *See Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2nd Cir. 1979). *See also, FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1243-44. ("Given the nature of the Andersons so-called 'asset protection' trust, which was designed to frustrate the power of United States' courts to enforce judgments, there may be little else that a district court judge can do besides exercise its contempt powers to coerce people like the Andersons into removing the obstacles they placed in the way of a court. Given that the Andersons' trust is operating precisely as they intended, we are not overly sympathetic to their claims and would be hesitant to overly-restrict the district court's discretion, and thus legitimize what the Andersons have done").

//

//

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 6 -

### III. Conclusion

It is indisputable that, as of the close of business on December 19, 2011, Righthaven has not complied with this Court's December 12 order requiring the assignment of its property to the court-appointed receiver. (DeVoy Decl. ¶¶ 4-10)  The easiest way to remedy this failing is for the Court to issue a writ of body attachment for Righthaven's officers, Mr. and Mrs. Gibson, so the U.S. Marshals may bring them before the Court to correct this error.  If they decline to do so, the Court may place them in contempt.

In the interest of a speedy resolution to this matter, Hoehn will withdraw this motion once Righthaven has assigned its intellectual property to the receiver and noticed the Court of this fact, but only if done before Righthaven's response to this Motion is filed. (DeVoy Decl. ¶ 13)  Unless such an assignment and notice occurs, this Court should immediately execute a writ of bodily attachment for Mr. and Mrs. Gibson, and summon them to effect these transfers.

Dated December 19, 2011                                          Respectfully Submitted,

RANDAZZA LEGAL GROUP

_____
Marc J. Randazza
J. Malcolm DeVoy IV

Attorneys for Defendant,
*Wayne Hoehn*

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 7 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 19th day of December, 2011, I caused the document(s) entitled:

**DEFENDANT'S MOTION FOR WRIT OF BODY ATTACHMENT**

and all attachments to be served by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy

J. Malcolm DeVoy

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 8 -