Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>      vs.<br><br>WAYNE HOEHN, an individual,<br><br>            Defendant. | Case No. 2:11-cv-00050<br><br>**MOTION FOR CONTEMPT** |

## MOTION FOR CONTEMPT

Defendant Wayne Hoehn ("Hoehn"), represented by his attorneys, Randazza Legal Group, in the above-captioned matter, now brings this motion for contempt against Plaintiff Righthaven LLC ("Righthaven"), for its noncompliance with this Court's December 12 Order granting a debtors examination of Righthaven's Chief Executive Officer, Steven A. Gibson, and Chief Administrative Officer, Raisha Y. Gibson, a/k/a "Drizzle" (Doc. # 67).

### I.  Introduction

Righthaven has failed to respect this Court's lawful order.  On December 12, this Court entered an order granting Hoehn's motion to conduct a debtors examination in the presence of a U.S. Magistrate Judge (Doc. # 67).  Righthaven did not oppose Hoehn's motion seeking a debtors exam, and therefore consented to this Court's entry of an order scheduling one (Docs. #

- 1 -

60, 64).   At this time, there is no stay in place to inhibit the debtors exam from proceeding (Docs. # 56, 57).

In order to ensure his debtors exam was efficient, targeted and fruitful, Hoehn moved the Court to order Righthaven to produce certain documents in advance of the examination (Docs. # 60, 60-4).  The Court granted this request by adopting Hoehn's proposed order, and instructed Righthaven in clear, unambiguous language, to produce to Hoehn all of the following at least one (1) week before the scheduled examination:

> Any and all information and documentation identifying real property, vehicles, bank accounts, bank deposits, company securities, intangible intellectual property and all other assets that may be available for execution to satisfy this Court's judgment and writ of execution, including money owed to Judgment Debtor by others, and other information of the like;

and

> Any and all information and documentation identifying purchases, transfers of funds, or other dissipation of assets from Righthaven to yourselves or any other third parties commencing on or about April 15, 2011. (Doc. # 67 at 2)

By obtaining these documents, Hoehn hoped to prepare for the debtors examination with specific, narrowly tailored questions about any unexplained or suspicious assets or transactions. Righthaven has refused to produce these documents, to discuss their production, or to even acknowledge that the Court ordered the Plaintiff to produce these documents (Decl. of J. DeVoy ¶¶ 16-18).

One week after the Court's order instructing Righthaven to produce the above-described documents, December 19, Hoehn's counsel sent a facsimile message to Righthaven's counsel inquiring about the production of those documents, as Righthaven had not contacted Hoehn about their production (DeVoy Decl. ¶¶ 4-6; Exh. A).  Righthaven's counsel had previously requested that all correspondence occur exclusively via U.S. Mail or facsimile, and Hoehn's counsel honored this request (DeVoy Decl. ¶ 6).  Sensing that Righthaven may not comply with the Court's order, Hoehn's counsel subpoenaed several banks doing business in Las Vegas for any financial records they may have for Righthaven LLC (*id*. ¶¶ 7-10).  Pursuant to Fed. R. Civ.

P. 45(b)(1), Hoehn's counsel provided a notice of these subpoenas to Righthaven's counsel (*id.* ¶¶ 8-9; Exh. B).  Since bank records were just a small portion of the documents the Court ordered Righthaven to produce, Hoehn's counsel specifically reminded Righthaven of its duty to produce these documents in advance of the debtors exam, despite the subpoena (DeVoy Decl. ¶ 9).  To the contrary, the subpoenas heightened the need for Righthaven's records, as they were needed were needed in order to check for discrepancies against the bank-issued financial records.

Having received no reply from Righthaven with respect to the December 19 letter or December 21 notice, Hoehn's counsel sent another letter to Righthaven's counsel via facsimile on December 26, 2011 (*id.* ¶ 7, 10-11; Exh C).  Righthaven's counsel did not respond to this communication (DeVoy Decl. ¶ 12).  After the close of business on December 29, 2011, one week before the scheduled debtors examination, Hoehn's counsel again sent a letter to Righthaven's counsel via facsimile and U.S. Mail, seeking production of these documents (*id.* ¶¶ 13-14; Exh. D).  To date, Righthaven's counsel has not responded to this communication (DeVoy Decl. ¶ 15).

Righthaven has disregarded the Court's Order (Doc. # 67) and Hoehn's repeated attempts to informally resolve this dispute (Exhs. A, B, C, D).  In its order, the Court specifically retained the right to invoke its contempt powers in the event of such non-compliance (Doc. # 67 at 2).  Magistrate Judge Johnston specifically advised Righthaven that "[s]hould Righthaven fail or refuse to […] produce documents referred to above, this Court may adjudicate Righthaven guilty of civil contempt of its orders." (*Id.* at 2:12-14)

It is undoubted that the documents Hoehn seeks from Righthaven exist.  In *Righthaven v. DiBiase*, Case No. 2:10-cv-01343, wherein the defendant conducted significant discovery into Righthaven's financial and business particulars, it is clear that DiBiase obtained significant financial and asset records from Righthaven, identical to those Hoehn seeks.  A review of DiBiase's motion for a debtors exam reveals that Righthaven had produced numerous documents that are responsive to Hoehn's request – and this Court's order – to DiBiase's counsel during the

- 3 -

course of discovery. *DiBiase*, Case No. 2:10-cv-01343 (Doc. # 98 at 1-5) (D. Nev. Nov. 18, 2011).  Due to a protective order in that case, however, Hoehn cannot obtain the documents he seeks from DiBiase. *Id.*, (Doc. # 41) (D. Nev. Mar. 29, 2011).  Hoehn can only obtain these documents from Righthaven, which has previously produced them in *DiBiase*, but refuses to tender them to Hoehn, or acknowledge his requests for them (DeVoy Decl. ¶¶ 19-21).

Hoehn brings this motion solely to enforce this Court's order.  At this time, Hoehn's counsel have prepared to the best of their ability for the January 5, 2011 debtors examination, and insist that it proceed as scheduled (*id*. ¶ 22-23).  However, Hoehn reserves the right to seek another debtors examination if the documents Righthaven has been ordered to produce – and has failed to turn over – raise questions beyond the scope of those addressed in the January 5, 2012 examination (*id*. ¶ 24-25).  This does not mitigate Righthaven's defiance of this Court's order (Doc. # 67), and the deponents should properly be held in contempt.

## II. Argument

All Hoehn requests of this Court is that it take the appropriate measures to render its December 12 Order (Doc. # 67) meaningful.  Based on the facts set forth above, Righthaven is in violation of this Court's order and has been unresponsive to Hoehn's attempts to avoid the need for this motion practice.  At this point, however, this Court's contempt powers are appropriately invoked.  The Court's use of these contempt powers was contemplated in Hoehn's motion and granted by the Court with no opposition from Righthaven (Docs. # 60-4, 64, 67).  Righthaven has not only disregarded a clear court order, but done so with utter silence, ostensibly in an effort to frustrate Hoehn's lawful judgment and writ of execution, and to harass him by constantly requiring motion practice to obtain and enforce any relief allowed by this Court (*see* Docs. # 52, 56, 57, 58, 60, 62, 64, 65, 68).

### A.   The Court Should Find Righthaven in Contempt.

Hoehn's request for contempt should come as no surprise to Righthaven, as it was specifically reserved as a consequence for non-compliance in the Court's Order (Doc. # 67 at 2).

- 4 -

The power to punish for contempt is an inherent power of federal courts and failure to comply with a court's order is grounds for a finding of contempt. *See, e.g., United States v. Ayres,* 166 F.3d 991, 994-96 (9th Cir. 1999) (affirms finding of contempt where a party failed to comply with an order directing production of records).   Civil contempt is a creature of the court's inherent power.  *See Spallone v. United States*, 493 U.S. 265, 276 (1990) ("courts have inherent power to enforce compliance with their lawful orders through civil contempt" (internal quotation marks omitted)).

   The movant in a civil contempt proceeding bears the burden showing that the contemnors violated the court's order.  *FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1229 (9th Cir. 1999); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). The burden then shifts to the contemnor to explain its failure.  *Id.*  In this case, the violation is clear and undeniable.  On December 12, 2011, the Court entered an Order scheduling a debtors exam, instructing Rigthaven to produce certain documents one (1) week in advance of the examination (Docs. # 67).  By declining to oppose Hoehn's Motion for a debtors examination, Righthaven consented to it (Docs. # 60, 64). See D. Nev. L.R. 7-2(d); *U.S. v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979).  Righthaven has not done so.

   "Absent a stay, all orders and judgments of courts must be complied with promptly." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987).  In this case, Righthaven has neither obtained a stay, requested a new stay from this Court, nor explained its failure to heed the Court's order in any way. "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975).

   "When the gauntlet it thrown down to the authority of the Court and its lawful orders, the Court had no choice but to pick it up." *American Airlines, Inc. v. Allied Pilots Ass'n,* 53 F. Supp.2d 909, 939 (N.D. Tex. 1999).  At this point, there is clear, convincing and undisputable evidence that the Court ordered Righthaven to produce documents to Hoehn, and despite

Hoehn's efforts, Righthaven has refused to do so (DeVoy Decl. ¶¶ 7, 10, 12, 15-18; Exhs. A, B, C, D).  *See Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2nd Cir. 1979).  *See also, FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1243-44. ("Given the nature of the Andersons so-called 'asset protection' trust, which was designed to frustrate the power of United States' courts to enforce judgments, there may be little else that a district court judge can do besides exercise its contempt powers to coerce people like the Andersons into removing the obstacles they placed in the way of a court. Given that the Andersons' trust is operating precisely as they intended, we are not overly sympathetic to their claims and would be hesitant to overly-restrict the district court's discretion, and thus legitimize what the Andersons have done").

Based on this showing, Righthaven must explain why it is not in contempt of the Court's order. *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) (holding that contemptant bears burden of showing it is not in contempt).   Righthaven's intent when disobeying the Court's order is irrelevant, and the contempt need not be willful. *In re Crystal Palace*, 817 F.2d at 1365.  At this point, all evidence shows that Righthaven has disregarded the Court's order.

It is unfortunate that the Court's most extreme powers must be invoked for Righthaven to comply with its orders.  As seen in Exhibits A-D, though, Righthaven will not acknowledge Hoehn's efforts at informal resolution (DeVoy Decl. ¶¶ 7, 10, 12, 15-18).  By all appearances, Righthaven has chosen to simply ignore the Court's order, despite consenting to its entry (*see* Docs. # 65, 65, 68).  Righthaven has ignored Hoehn's motions for this examination and the appointment of a receiver, it has ignored the Court's orders granting those motions, and it ignores Hoehn's efforts to give effect to these Orders (*id*.; DeVoy Decl. ¶¶ 7, 10, 12, 15-18). Based on the record before the Court, it is impossible to reasonably believe that Righthaven will take any action – and especially one adverse to its interests – unless forced to do so.  It is time for Righthaven to be forced.

//

//

//

- 6 -

//

**III. Conclusion**

It is indisputable that Righthaven is in contempt of this Court's December 12 Order, and has not produced any documents to Hoehn – let alone by its December 29, 2011 deadline (Doc. # 67). Righthaven has not communicated any intention of complying with the Court's order. Finding Righthaven in contempt of this Order is appropriate, necessary, and, by all appearances, the only thing that will make Righthaven recognize this Court's authority.

Dated December 30, 2011                                    Respectfully Submitted,

                                                          RANDAZZA LEGAL GROUP

                                                          Marc J. Randazza
                                                          J. Malcolm DeVoy IV

                                                          Attorneys for Defendant,
                                                          *Wayne Hoehn*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 30th day of December 2011, I caused the document(s) entitled:

## DEFENDANT'S MOTION FOR CONTEMPT

and all attachments to be served by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy

J. Malcolm DeVoy

- 8 -