1

2

Lara Pearson (Nev. Bar No. 7132)
Lara@Rimonlaw.com
RIMON, P.C.
PMB 405, 774 Mays Blvd. # 10
Incline Village, NV 89451
tel.:    775-833-1600
fax:    888-842-4492
rimonlaw.com

3

4

5

Receiver for Righthaven, LLC

6

7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

10

RIGHTHAVEN, LLC, a Nevada limited liability company,

Case No. 2:11-cv-00050

11

Plaintiff,

12

**NOTICE OF RECEIVER'S REPORT**

vs.

13

WAYNE HOEHN, an individual,

14

Defendant.

15

16

On November 14, 2011 Defendant Wayne Hoehn (Hoehn) filed a Motion for

17

Appointment of Receiver and Compelled Assignment of Intellectual Property (the Motion).

18

(Doc. # 62.) The Motion contained pro forma copyright and trademark assignments. (Doc # 62,

19

Exhs. C & D.) On December 12, 2011, the Court granted the unopposed Motion. (Doc. # 66.)

20

Understanding the motion to be self-executing, I began the domain name transfer

21

22

process and awaited compliance or communication from Righthaven regarding the trademark

23

and copyright assignments provided to it with the Motion. (Pearson Decl., ¶¶ 1, 3.) Righthaven's

24

counsel, Mr. Magano, first contacted me on December 21, 2011to request guidance on

25

compliance with the district court's December 12, 2011 Order. (Pearson Decl. Exh. 1.) In

26

response, I sent Mr. Magano a pro forma trademark assignment (Pearson Decl. Exh. 2) and 278

27

copyright assignments (combined into a single PDF) requiring only the signature of Righthaven's

28

- 1 -

CEO, a date, and notarization. (Pearson Decl. Exh. 3.) Mr. Magano responded to my December 22, 2011 letter a week later, on December 29, 2011 (Pearson Decl. Exh. 11.). His response expressed concern that Mr. Gibson is unable execute the assignment agreements absent consent from the other limited-liability company member and stated that Mr. Gibson cannot execute copyright assignments purporting to transfer "any and all copyrights owned," since the district court determined that Righthaven does not own the copyrights to be assigned. (See Id.) I informed Mr. Magano that I understand Righthaven is to execute assignments of whatever rights it may possess, if any. (Pearson Decl. Exhs. 12, 14.)

I have tried to work with Righthaven to ensure its compliance with the Court's December 12, 2011 Order, but Righthaven has refused to execute the copyright assignments and has ignored repeated requests for a trademark assignment and an inventory of physical assets without explanation. (Pearson Decl. ¶ 32.) I provided a courtesy copy of this Notice to Righthaven prior to filing (Pearson Decl. Exh. 16), but Righthaven's counsel did not respond to my request to avoid judicial intervention. (Pearson Decl. ¶ 34.) Accordingly, I request guidance from the Court as to whether Righthaven is required to transfer any and all rights it may possess (even if none) in order to effectuate the court's December 12, 2011 Order. (Doc # 66.)

Respectfully submitted,

By:_____
Lara Pearson
PMB 405, 774 Mays Blvd. # 10
Incline Village, NV 89451
tel.:          775-833-1600
fax:          888-842-4492

Receiver for Righthaven, LLC

- 2 -

1
2
3                          CERTIFICATE OF SERVICE

4    I hereby certify that the forgoing document was served on this 3rd day of January, 2012 via e-

5    mail (by prior consent) to Righthaven's counsel, Shawn Magano at Shawn@maganolaw.com and

6    Mr. Wayne Hoehn's counsel, Marc Randazza at mjr@randazza.com.

7
8
9
10                                          By:

11                                          _____
                                            Lara Pearson, Esq.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28