# Exhibit 1



**SHAWN A. MANGANO, LTD**

**SHAWN A. MANGANO, ESQ.**
LICENSED IN CALIFORNIA, NEVADA & ILLINOIS

December 21, 2011

*Via Facsimile (888) 842-4492*

Lara A. Pearson, Esq.
RIMON LAW GROUP
PMB 405
774 Mays Blvd., #10
Incline Village, Nevada 89451

      Re:    *Righthaven LLC v. Hoehn*
              Case No. 2:11-cv-00050-PMP-RJJ

Dear Ms. Pearson:

      This firm represents Righthaven LLC ("Righthaven") with regard to the above referenced matter. Please direct any correspondence concerning Righthaven or the above referenced matter to my attention.

      Defendant Wayne Hoehn nominated you to potentially serve as receiver over Righthaven for the purpose of securing its intellectual property assets for possible sale at auction as a means for satisfying a $34,045.50 award of attorney's fees and costs that has been reduced to judgment (the "Judgment") in the above referenced matter. On December 12, 2011, the district court granted Mr. Hoehn's motion to appoint a receiver. (Doc. # 66.) In doing so, the district court has appointed you to serve as a receiver over Righthaven. If this is not consistent with your understanding, please so advise. Assuming that you have agreed to serve in this capacity, this letter addresses several issues upon which Righthaven would like to advise you and obtain some guidance from you concerning the receivership.

      To begin with, you have been charged with the seizure and sale of certain tangible and intangible assets of Righthaven to the public. The proceeds received from liquidating these assets are to be applied toward satisfying the Judgment. In discharging these responsibilities, Righthaven believes it would be helpful for you to understand the nature of the pending appeals in this action and the company's contentions concerning the validity of the Judgment. Righthaven has appealed the Judgment and the district court's subject matter determination to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") (Case No. 11-16995 (appeal of Judgment awarding attorney's fees and costs); Case No. 11-16751 (appeal of subject matter determination)). It is Righthaven's contention that the district court acted without authority and in contravention of existing precedent by awarding attorney's fees and costs after finding that it lacked subject matter jurisdiction to adjudicate the company's copyright infringement action. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988); *accord United States v. 87 Skyline Terrace*, 26 F.3d 923, 927 n.6 (9th Cir. 1994) (listing cases holding that "subject matter



**SHAWN A. MANGANO, LTD**

SHAWN A. MANGANO, ESQ.
LICENSED IN CALIFORNIA, NEVADA & ILLINOIS

Lara A. Pearson, Esq.
RIMON LAW GROUP
December 21, 2011
Re:　*Righthaven LLC v. Hoehn*
　　　Case No. 2:11-cv-00050-PMP-RJJ
Page 2 of 5

jurisdiction is a condition precedent to an award of fees under the EAJA"); *Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995) (declining to confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was lacking); *Clark v. Busey,* 959 F.2d 808, 810 (9th Cir. 1992) ("Subject matter jurisdiction to decide the merits of the underlying action is a condition precedent to an award of fees or costs under the EAJA.") (internal quotations omitted). Moreover, considerable authority from the Ninth Circuit and other circuit courts precluded the district court from conferring "prevailing party" status on Mr. Hoehn under Federal Rule of Civil Procedure 54(d) ("Rule 54(d)") and 17 U.S.C. § 505 ("Section 505") given its dismissal of the action without prejudice for lack of subject matter jurisdiction. *See Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) ("prevailing party" cannot be conferred under Rule 54(d) upon a dismissal without prejudice); *See Cadkin v. Loose,* 569 F.3d 1142, 1147 (9th Cir. 2009) ("prevailing party" status cannot be conferred under Section 505 upon a dismissal without prejudice). Based on the foregoing case law, Righthaven believes it has a strong likelihood of obtaining a reversal of the Judgment by the Ninth Circuit. Moreover, should Righthaven prevail on the merits of its subject matter appeal, the Judgment must be vacated.

　　As you must certainly appreciate, the seizure and sale of Righthaven's intellectual property subjects the company to immediate, irreparable harm. These unique assets will be irretrievably lost should they be seized and sold to the public at auction. As a result, and in view of the considerable authority that calls the viability of the Judgment into question, yesterday Righthaven filed an emergency motion for a stay pending appeal with the Ninth Circuit. The Ninth Circuit has set a briefing schedule that requires Mr. Hoehn to file a response on or before December 30th and authorizes Righthaven to submit a reply on or before January 6, 2012. The Ninth Circuit is expected to rule on Righthaven's stay request on or before January 10, 2012. In addition to the stay request, Righthaven reserves its right to contest any or all of the enforcement proceedings engaged in by Mr. Hoehn, which includes his recent Motion for Writ of Body Attachment. (Doc. # 68.)

　　The foregoing discussion concerning the Judgment's validity is important for several reasons. First, given the pending appeals, Righthaven believes that it is incumbent upon you, as receiver, to fully disclose the circumstances under which any third party is acquiring any tangible or intangible company assets. As noted, if the Ninth Circuit affirms the district court's subject matter determination, the Judgment is clearly susceptible to reversal based on, at least, the above-cited authority. Alternatively, should the district court's subject matter determination be reversed by the Ninth Circuit, the Judgment must be vacated. These facts should be disclosed to the public at the time any company assets are offered for sale or, in fact, sold. Secondly, the pending appellate proceedings highlight the need to maintain a thorough inventory and



SHAWN A. MANGANO, LTD

SHAWN A. MANGANO, ESQ.
LICENSED IN CALIFORNIA, NEVADA & ILLINOIS

Lara A. Pearson, Esq.
RIMON LAW GROUP
December 21, 2011
Re:   *Righthaven LLC v. Hoehn*
      Case No. 2:11-cv-00050-PMP-RJJ
Page 3 of 5

accounting of all tangible and intangible company assets of which you take possession. Moreover, in taking possession of any tangible assets, Righthaven requests that they be stored in a commercially reasonable manner to avoid damage or destruction while under your control.

    Having set forth Righthaven's position with regard to the validity of the Judgment, attention should now be turned to your role as receiver. To begin with, Righthaven has received no communication from you since your appointment on December 12th. It is Righthaven's general understanding that Mr. Hoehn's Motion to Appoint Receiver was incorporated into the district court's Order granting the requested relief. (Doc. # 66.) In fact, the district court's Order provides no guidance or parameters concerning your appointment as receiver whatsoever. (*Id.*) Based on the fact that there has been no communication from you since your December 12th appointment, it was rather disconcerting to discover that Mr. Hoehn had filed his Motion for Writ of Body Attachment (Doc. # 68), which essentially casts blame on Righthaven for having not voluntarily surrendered its intellectual property assets, including its assigned copyrights, within an arbitrary seven day period after entry of the district court's order that was requested in the receivership filing. Righthaven has no idea, and it has been given absolutely no guidance whatsoever, from you, as receiver entrusted with taking possession of these assets, as to how they are to be surrendered.

    The surrender of Righthaven's assigned copyrights raises a unique issue that needs to be addressed. Throughout the district court proceedings and in its appellate filings, Righthaven has maintained that it owns the assigned copyrights. Mr. Hoehn, however, has steadfastly maintained that Righthaven does not own the assigned copyrights and that, at best, the company has been assigned an ineffectual bare right to sue. The district court agreed with Mr. Hoehn by dismissing Righthaven's copyright infringement action for lack of subject matter jurisdiction. Thus, the current procedural landscape based on the district court's decision in this case holds that Righthaven does not own the assigned copyrights, but rather has been granted a bare right to sue that is of no effect under the Copyright Act. Accordingly, Righthaven fails to appreciate exactly how it is to convey an ineffectual, intangible right related to the assigned copyrights. Moreover, even if it some form of conveyance is deemed applicable, Righthaven fails to appreciate how an ineffectual, intangible right is to be offered for sale to the public and of what value, if any, such a questionable intangible asset holds. Righthaven wishes to gain a greater appreciation for your position with regard to these issues.

8367 W FLAMINGO ROAD • SUITE 100 • LAS VEGAS, NEVADA 89129 • TEL: 702.304.0432
FAX: 702.922.3851 • EMAIL: SHAWN@MANGANOLAW.COM



**SHAWN A. MANGANO, LTD**

SHAWN A. MANGANO, ESQ.
LICENSED IN CALIFORNIA, NEVADA & ILLINOIS

Lara A. Pearson, Esq.
RIMON LAW GROUP
December 21, 2011
Re:   *Righthaven LLC v. Hoehn*
      Case No. 2:11-cv-00050-PMP-RJJ
Page 4 of 5

    Assuming you determine that the assigned copyrights can be conveyed in some acceptable manner given the district court's determination that they vest the company with nothing more than an ineffectual bare right to sue, Righthaven needs to be provided with some documentation or other means to effectuate the transfer of these intangible assets. Contrary to Mr. Hoehn's apparent belief, it is certainly not Righthaven's burden to conceive and effectuate their transfer. At a bare minimum, there needs to be some understanding as to how the transfer of all intellectual property assets will be accomplished and, to the extent required for such assets as assigned copyrights, there will likely be some need for documentation concerning the transfer. If Mr. Hoehn merely expects Righthaven to deliver hard copies of the copyright assignments to him in order to render his Motion for Writ of Body Attachment moot, then please confirm this and they will be made available to or for surrender on a mutually agreeable date and time. The point remains; there can be no compliance with the Order obtained by Mr. Hoehn without communication as to what is expected of Righthaven. To date, this has not occurred. Nevertheless, Mr. Hoehn continues to file needless and inflammatory motions with the district court that simply provides his counsel with some reason to cry injustice and unnecessarily malign Righthaven to the media. Such tactics are not conducive for any means whatsoever.

    Finally, Righthaven has certain tangible assets in its possession, such as chairs, desks and related office furnishing. These assets are housed or stored in more than one location. Additionally, I have possession of certain files, related electronics and electronic media that are being preserved for litigation purposes given that several cases are still pending in district court. Arrangements need to be made to pick-up and store the tangible office-related assets. Please contact me to discuss how you wish to proceed in this regard.

    Please understand that Righthaven intends to comply with the district court's Order appointing you as a receiver. In doing so, Righthaven wishes to stress the merits of its pending appeals to the Ninth Circuit and, more specifically, its appeals in this action. These appeals include its challenge to the viability of the Judgment that you have been championed to enforce. Accordingly, Righthaven asks that you provide it with some guidance as to how to proceed given your appointment as receiver. In this regard, Righthaven will not merely act at the direction of Mr. Hoehn's counsel, particularly in view of the numerous baseless and unnecessary allegations made by them against the company and against me as counsel for the company. Please understand that any differences between the parties and counsel will not adversely reflect on your role as receiver or impede your ability to discharge your duties.

8367 W FLAMINGO ROAD  •  SUITE 100  •  LAS VEGAS, NEVADA 89129  •  TEL: 702.304.0432
FAX: 702.922.3851 • EMAIL: SHAWN@MANGANOLAW.COM



**SHAWN A. MANGANO, LTD**

SHAWN A. MANGANO, ESQ.
LICENSED IN CALIFORNIA, NEVADA & ILLINOIS

Lara A. Pearson, Esq.
RIMON LAW GROUP
December 21, 2011
Re:   *Righthaven LLC v. Hoehn*
      Case No. 2:11-cv-00050-PMP-RJJ
Page 5 of 5

    I look forward to gaining a greater appreciation for your role and responsibilities as receiver for Righthaven. I also look forward to your guidance as to what actions you expect the company to undertake so that it is in full compliance with the district court's December 12, 2011 Order.

                              Sincerely,

                              /s/ Shawn A. Mangano
                              Shawn A. Mangano, Esq.