# Exhibit 11



Lara Pearson <lara@rimonlaw.com>

# Form Copyright assignments

**shawn@manganolaw.com <shawn@manganolaw.com>**          Thu, Dec 29, 2011 at 1:03 PM
To: Lara Pearson <lara@rimonlaw.com>
Cc: Anthony Winbush <anthony.winbush@rimonlaw.com>

> Lara:
>
> See attached.
>
> S
>
> Shawn A. Mangano, Esq.
> Shawn A. Mangano, Ltd.
> 8367 West Flamingo Road, Suite 100
> Las Vegas, Nevada 89147
> (702) 304-0432 - telephone
> (702) 922-3851 - facsimile
> *Licensed in California, Nevada and Illinois*
>
>
>> -------- Original Message --------
>> Subject: Re: Fwd: Form Copyright assignments
>> From: Lara Pearson <lara@rimonlaw.com>
>> Date: Thu, December 29, 2011 11:02 am
>> To: shawn@manganolaw.com
>> Cc: Anthony Winbush <anthony.winbush@rimonlaw.com>
>>
>> Thank you, Shawn.
>>
>> Regards,
>>
>> Lara Pearson
>>
>> **Rimon**, PC
>> *Chief Sustainability Officer & Partner*
>> Ph: 775.833.1600 | Fax: 888.842.4492
>> Lara@rimonlaw.com | www.rimonlaw.com
>>
>> See My Bio | Schedule a Meeting With Me
>>
>> Read BrandGeek.net! | Join Rimon's LinkedIn Group
>>
>> **Protecting the Brands that are Changing the World®**
>> Proud to be a Certified B Corporation® and a Certified
>> Green Business under the Keep the Sierra Green program.

**SHAWN A. MANGANO, LTD**

SHAWN A. MANGANO, ESQ.
LICENSED IN CALIFORNIA, NEVADA & ILLINOIS

December 29, 2011

*Via E-mail*

Lara A. Pearson, Esq.
RIMON LAW GROUP
PMB 405
774 Mays Blvd., #10
Incline Village, Nevada 89451

      Re:    *Righthaven LLC v. Hoehn*
              Case No. 2:11-cv-00050-PMP-RJJ

Dear Ms. Pearson:

      As you are aware, this firm represents Righthaven LLC ("Righthaven") with regard to the above referenced matter. This letter concerns the draft copyright assignments (the "Assignments") forwarded by you for execution by Mr. Gibson on behalf of Righthaven.

      To begin with, the Assignments represent that Mr. Gibson is "acting with authority to bind the company . . . ." Mr. Gibson cannot execute the Assignments with this language because there must be authorization obtained from both limited-liability company members to effectuate such a transaction. Absent such authorization, Mr. Gibson would be taking action in breach of the company's operating agreement. Concurrently with this correspondence, I have requested consent from the other member of Righthaven so as to address this concern.

      Secondly, there remains an issue as to Righthaven's ownership of the copyrights that are the subject of the Assignments. As you are aware based on my prior correspondence, the district court has determined that Righthaven does not own the copyrights that are the subject of the Assignments. This fact is more than confirmed by the district court's determination that Righthaven lacks standing to maintain suit for infringement of the copyrights. Given these circumstances, it would be a material misrepresentation for Mr. Gibson or Righthaven to execute a document that purports to "assign **any and all** copyrights owned . . ." in any work. In fact, it appears that the assignor of the copyrights has likely maintained ownership of the works given the ineffectiveness of the attempted assignment to Righthaven. As a result, execution of the draft Assignments would further the conversion of the copyrights in and to the works should they be relied upon to convey title to a third party.

      In view of the foregoing, some, if not all, of the above concerns could potentially be mitigated by the district court's entry of an order assigning the copyrights to you without requiring the signature of either Mr. Gibson or anyone affiliated with Righthaven. If this seems like a viable solution to the foregoing issues, Righthaven would likely not oppose such a request. Should you have any other suggestions, I am certainly willing to consider them.

Lara A. Pearson, Esq.
RIMON LAW GROUP
December 29, 2011
Re:     *Righthaven LLC v. Hoehn*
        Case No. 2:11-cv-00050-PMP-RJJ
Page 2 of 2

  Once again, Righthaven seeks to comply with the district court's December 12th order. In doing so, however, I certainly wish to protect my client's potential exposure to claims arising from or associated with the demands being requested of it. Hopefully the foregoing discussion is helpful to you in fashioning a means of accomplishing your goal that minimizes my concerns.

         Sincerely,


         /s/ Shawn A. Mangano
         Shawn A. Mangano, Esq.