# Exhibit 13



Lara Pearson <lara@rimonlaw.com>

# Form Copyright assignments

**shawn@manganolaw.com <shawn@manganolaw.com>**                          Fri, Dec 30, 2011 at 12:18 PM
To: Lara Pearson <lara@rimonlaw.com>
Cc: Anthony Winbush <anthony.winbush@rimonlaw.com>

Lara:

Thank you for the response.

With regard to the other member of Righthaven, that is a matter of public record with the Nevada Secretary of State. It is SI Content Monitor LLC, an Arkansas limited liability company. I have requested to consent from the entity for the transaction, but I have not received a response.

With regard to the inclusion of the "any and all" language, that certainly falls far short of addressing the issue I have raised. Incidentally, this issue with initially raised in my first letter to you. Your response did not substantively address or otherwise alleviate my concerns. Additionally, I have yet to be provided with any language that you propose to include as a disclaimer to potential purchasers of whatever it is you intend to auction.

Your response also fails to account for the very real fact that the copyrights are not owned by Righthaven, but rather constitute property of the assignor based on the ineffective assignment of ownership. Simply put, Righthaven cannot assign copyrights that are owned by the assignor for sale to a third party through an auction.

Finally, you have referenced a trademark assignment for the first time today. I would like you to explain to me how you plan to effectuate the assignment of a trademark without accompanying goodwill.

While I understand you have been granted authority to marshall and sell certain assets for the benefit of satisfying Mr. Hoehn's judgment, it is my obligation to see that such actions do not expose my client to liability. I have serious concerns that the manner in which the copyright assignments, and now the trademark assignments, are being structured. To date, I do not believe that your responses have adequately alleviated these concerns.  Hopefully you can provide me some substantively assurances beyond that which I have received to date so that I can advise my client how to proceed.

Regards,

S

Shawn A. Mangano, Esq.
Shawn A. Mangano, Ltd.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
(702) 304-0432 - telephone

(702) 922-3851 - facsimile

*Licensed in California, Nevada and Illinois*

> -------- Original Message --------
> Subject: Re: Fwd: Form Copyright assignments
> From: Lara Pearson <lara@rimonlaw.com>
> Date: Fri, December 30, 2011 12:00 pm
> To: shawn@manganolaw.com
> Cc: Anthony Winbush <anthony.winbush@rimonlaw.com>
>
> Greetings Shawn:
>
> Thank you again for getting back to me so quickly once you returned to the office after the holiday break.
>
> In response to your concerns:
>
>> (1) You stated that Steve Gibson cannot execute the assignments because said assignments must be executed by "both limited liability company members." Please inform me who else needs to execute the assignments on behalf of Righthaven and I will amend the 278 copyright assignments and the service mark assignment to include that person's or entity's name as well. Moving forward, rather than informing me what is wrong with the any proposed transfer agreements, it would be helpful if you would also please provide information necessary to remedy any perceived deficiency, i.e., rather than telling me "another LLC member also needs to sign," you should provide me with the name of that person so that I can amend the assignments.
>>
>> (2) You expressed concern that Righthaven's ownership of the 278 copyrights at issue are in question, of which I am aware. The auction of the copyrights will make that clear to all potential and actual bidders.  My understanding is that what ever rights Righthaven has, is what we get to auction, which is why the "any and all" language was included; what those rights actually are is up to the winning bidders to determine.
>
> It appears that the only concern with the trademark assignment is the lack of the name of the other Righthaven officer. Please provide that person's to me by close of business today, and I will send you a revised assignment immediately.
>
> Lastly, although not addressed in your letter of yesterday, I still need a list of all tangible assets from you. Please provide that immediately.
>
> Please let me know if you have any questions.
>
> Thanks again for your cooperation.
>
> Happy New Year.
>
> Regards,