SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No.: 2:11-cv-00050-PMP-RJJ<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT WAYNE HOEHN'S MOTION FOR WRIT OF BODY ATTACHMENT** |

Righthaven LLC ("Righthaven") hereby responds to Defendant Wayne Hoehn's ("Defendant") Motion for Writ of Body Attachment (Doc. # 68, the "Motion"). This response is based on the below memorandum of points and authorities, the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendant's Motion is nothing more than a blatant attempt to garner media attention and notoriety by requesting an order that authorizes the U.S. Marshall to take Righthaven's officers into custody and force the assignment of copyrights, which this Court has already determined the company does not own. Not only has this Court determined that Righthaven does not own the

copyrights that the Defendant seeks to forcibly compel transfer, before filing this Motion the Defendant's counsel failed to provide any proposed documentation for the purported transfer of that which Righthaven has been found not to own. (Doc. # 28 at 6-10.) The Defendant's counsel also did not communicate or otherwise advise how this transfer was expected to occur. Apparently, the Defendant mistakenly believed it was Righthaven's obligation to prepare transfer documentation and advise the Defendant's counsel how to effectuate the transfer of what has been determined to be an ineffectual bare right to sue, rather than ownership, of certain assigned copyrights. Immediately after the arbitrarily selected surrender date expired, the Defendant moved for the most outrageous relief possible – a writ of body attachment.

In addition to not providing any guidance or documentation prior to filing this Motion, the Defendant secured the appointment of a receiver. (Doc. # 66.) The receiver has been appointed, at the Defendant's request, so that Righthaven's tangible and intangible property, including the ineffectual copyrights assigned to it, could be seized and sold at auction. (*Id.*) The proceeds from the auctions are to be applied to the judgment secured by the Defendant. After her appointment, the receiver set a December 30, 2011 date by which Righthaven was to transfer its non-ownership in the assigned copyrights. (CITE) The receiver, however, did not provide draft transfer documentation until a mere two days before the December 30, 2011 transfer date. (CITE) While there are numerous issues raised by the receiver's proposed transfer of the assigned copyrights, the fact remains that the Defendant does not have standing to seek a writ of body attachment for non-compliance given the receiver's appointment. (CITE) Moreover, the receiver set a different compliance date from that unilaterally set by the Defendant. While there remain numerous substantive issues that need to be addressed with regard to the manner in which the receiver seeks to effectuate the transfer of Righthaven's ineffectual interest in the assigned copyrights, resolution of these issues does not require the Defendant's participation or involvement.

Finally, there is another fatal flaw in the Defendant's Motion – he does not hold a valid writ of execution. The Defendant in this action was awarded attorneys' fees and costs as reflected in a judgment of $34,045.50 (the "Judgment"), which is currently being appealed to the

United States Court of Appeals for the Ninth Circuit. (Doc. # 44.) On October 29, 2011, James Malcolm DeVoy IV, Defendant's counsel, submitted an Affidavit and Request for Issuance of Writ of Execution to the Court. (Doc. # 58-1.) Mr. DeVoy's sworn affidavit requested issuance of a Writ of Execution in the amount of *$64,069.97*, which is almost $30,000 more than the Judgment entered in favor of the Defendant. (*Id.* at 2.) An examination of Mr. DeVoy's affidavit reveals that he unilaterally and without any accompanying order from this Court or from the Ninth Circuit has awarded his client, for the benefit of his law firm, an additional *$29,667.50* in "accrued costs and fees."[1] (*Id.* at 1.) Mr. DeVoy apparently believes that he is authorized include whatever amount he wishes to claim for attorneys' fees and costs without any supporting authority or judicial scrutiny under the auspices they constitute "accrued costs and fees" that can be summarily tacked on to the Judgment entered by this Court. He is wrong.

In reliance on Mr. DeVoy's sworn affidavit, the Clerk of the Court issued the Writ of Execution in the amount of $64,069.97. (Doc. # 59.) Mr. DeVoy then used the Writ of Execution to garnish Righthaven's bank account with the aid of the U.S. Marshall. Mr. DeVoy, in further reliance on the patently excessive Writ of Execution obtained appointment of the receiver. (Doc. # 66.) The receiver has been appointed in aid of execution pursuant to NRS 32.010. (Doc. # 62 at 5.) As the Writ of Execution is clearly excessive, the Court must quash it.

In sum, the Motion must be denied for several reasons. First, the Defendant has sought a writ of body attachment under circumstances where he made absolutely no efforts to provide Righthaven with proposed documentation for the transfer of, based on the Court's determination, the ineffectual assigned copyrights. Second, the Defendant has moved for relief that he has been divested of standing to request. He has obtained the appointment of a third party receiver to seize and auction off the copyrights Righthaven has been found not to own. The receiver, not the Defendant, has standing to, and has in fact acted toward, obtaining Righthaven's bare right to sue reflected in the assigned copyrights as determined by this Court. Third, the Motion is based on Righthaven's non-compliance in surrendering its bare right to sue interest under the assigned

---

[1] Mr. DeVoy's generous, unilateral inclusion of almost $30,000 in accrued costs and fees in applying for the Writ of Execution is clearly at odds with his request for an award of additional attorneys' fees sought in the Defendant's motion to appoint a receiver. (Doc. # 62 at 10.)

3

copyrights on a date that the receiver has superseded. Finally, the Motion is based on Righthaven's failure to surrender its ineffectually assigned copyrights under the authority of a clearly excessive Writ that must be quashed. Accordingly, Righthaven respectfully requests the Court deny the Defendant's Motion.

## II.     ARGUMENT

### A.     The Defendant Cannot Seek a Writ of Body Attachment for Righthaven's Failure to Comply With Surrendering its Currently Ineffectual Copyright Assignments When His Counsel Failed to Provide Any Proposed Documentation to Cause The Desired Transfer.

The Defendant seeks a writ of body attachment based on Righthaven's failure to surrender its currently ineffectual copyright assignments. The Defendant seeks this relief with complete ignorance of the fact that his counsel failed to provide any proposed documentation to effectuate the surrender of, as determined by this Court, Righthaven's bare right to sue reflected in the copyright assignments. Defendant obtained an Order authorizing the surrender of Righthaven's ineffectual copyright assignments, but he did absolutely nothing in furtherance of facilitating the transfer after obtaining the Court's authorization beyond filing this unnecessary Motion. Righthaven is not under a burden to formulate an effective transactional structure to transfer its non-ownership interest in the assigned copyrights to the Defendant. Simply put, the Defendant cannot obtain such relief, do absolutely nothing to facilitate that which he requested, and then move the Court for a writ of body attachment based on Righthaven's non-compliance. In case there is any doubt, the non-compliance at issue is not the act of simply turning over a tangible asset. Rather, it is the surrender of an intangible asset that one would expect to be conveyed through written documentation. The Defendant's Motion must be denied for failing to take any action to provide draft documentation for Righthaven's consideration in order to effectuate the transfer of whatever rights he believes the company owns. Whether or not an ineffectual bare right to sue, which is what the Court has determined the assigned copyrights to be, has any value in the marketplace is yet another question that further calls the viability of the Defendant's scorched Earth judgment enforcement efforts into question.

### B. The Defendant has Been Divested of Standing to Seek a Writ of Body Attachment Based on The Receiver's Appointment Obtained at His Request.

The Defendant's failure to attempt to document the requested surrender aside, he has been divested of standing to seek a writ of body attachment based on Righthaven's failure to comply with the arbitrary date to surrender the ineffectually assigned copyrights by virtue of the receiver's appointment. (Doc. # 66.) The Defendant requested for the receiver to be appointed so that Righthaven's tangible and intangible assets could be seized and sold at auction. The Defendant obtained this relief. Since the receiver's appointment, she subsequently set a surrender date for a later point in time from that upon which the Defendant seeks a writ of body attachment for non-compliance. The receiver has engaged in discussions with Righthaven's counsel through correspondence and draft transfer documentation concerning the surrender of these ineffectually assigned copyrights. Given these circumstances, the Defendant has been divested of standing to seek a writ of body attachment for Righthaven's alleged failure to summarily transfer what has been determined to be a mere bare right to sue under the assigned copyrights by the receiver's appointment. Moreover, the receiver's own actions in setting a later surrender date from that upon which the Motion is based further renders the Defendant's request for a writ of body attachment moot. The Defendant has empowered the receiver to act. In doing so, he has relinquished standing to seek the relief requested in the Motion. Accordingly, the Motion must be denied.

### C. The Writ of Execution Must be Quashed Because it Improperly Includes $29,667.50 in Accrued Fees And Costs Not Included in The Judgment.

The Court is compelled to quash the Writ of Execution because it grossly exceeds the Judgment entered in favor of the Defendant by almost $30,000. (Doc. ## 59, 44.) As a result, the Writ of Execution has been issued in violation of Federal Rule of Civil Procedure 69(a)(1) ("Rule 69(a)(1)").

Rule 69(a)(1) expressly provides that "[a] money judgment is enforced by a writ of execution." Thus, by its plain language, a valid and enforceable writ of execution must accurately reflect the judgment to which it is related and upon which enforcement efforts are

based. Where "there is an erroneous award of execution, not warranted by the judgment, or erroneous proceedings under the execution . . ." the Court is empowered to quash the Writ of Execution. *See Boyle v. Zacharie,* 31 U.S. 648, 656-57 (1832).

Here, Defendant's counsel, Mr. DeVoy, improperly added almost $30,000 in allegedly "accrued costs and fees" to the Judgment when applying for the Writ of Execution. (Doc. # 59-1.) Neither this Court nor the Ninth Circuit had awarded the Defendant this amount, which almost doubles the Judgment entered in this case. Moreover, Righthaven had not been provided with notice and an opportunity to be heard as to the basis for or the reasonableness of the amount summarily "awarded" to the Defendant based on Mr. DeVoy's actions. Understandably, the Clerk of the Court issued the Writ of Execution as requested based on Mr. DeVoy's statement under oath that it reflected the an amount due and owing to the Defendant. (*Id.*) Nevertheless, the Writ of Execution fails to reflect the actual amount awarded to the Defendant under the Judgment. Accordingly, the Writ of Execution must be quashed.[2]

> **D.    The Defendant Cannot Seek Enforcement for Failing to Comply With Execution Procedures Without a Valid Writ of Execution.**

Defendant's Motion asks the Court to issue a writ of body attachment for Righthaven's purported failure to surrender its ineffectually assigned copyrights predicated upon the authority of a clearly excessive Writ. As discussed above, the Writ is invalid because it the amount contained therein is grossly in excessive of the Judgment entered by this Court. (Doc. # 44, Doc. # 59.) Because the Writ is invalid and must be quashed, the Defendant lacks the predicate execution vehicle upon which he can seek a writ of body attachment against Righthaven or its corporate officers.

---

[2] In requesting the Writ of Execution be quashed, Righthaven is by no means conceding that the Court was empowered to award the Defendant attorneys' fees and costs once it found that it lacked subject matter jurisdiction over this action.

### III. CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court deny Defendant's Motion, quash the Writ as excessive, and grant such other relief as it deems appropriate and just.

Dated this 9th day of January 2012.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 9th day of January 2012, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*