SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>Defendant. | Case No.: 2:11-cv-00050-PMP-RJJ<br><br>**PLAINTIFF RIGHTHAVEN LLC'S MOTION TO QUASH WRIT OF EXECUTION** |

Righthaven LLC ("Righthaven") hereby moves to quash the writ of execution (Doc. # 59) issued by the Clerk of the Court at the request of Defendant Wayne Hoehn ("Defendant"). This response is based on the below memorandum of points and authorities, the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

The Defendant in this action was awarded attorneys' fees and costs as reflected in a judgment of $34,045.50, which is currently being appealed to the United States Court of Appeals for the Ninth Circuit. (Doc. # 44.) On October 29, 2011, James Malcolm DeVoy IV, Defendant's counsel, submitted an Affidavit and Request for Issuance of Writ of Execution to the Court.

1

(Doc. # 58-1.) Mr. DeVoy's sworn affidavit requested issuance of a Writ of Execution in the amount of **$64,069.97**, which is almost $30,000 more than the Judgment entered in favor of the Defendant. (*Id.* at 2.) An examination of Mr. DeVoy's affidavit reveals that he unilaterally and without any accompanying order from this Court or from the Ninth Circuit has awarded his client, for the benefit of his law firm, an additional **$29,667.50** in "accrued costs and fees."[1] (*Id.* at 1.) Mr. DeVoy apparently believes that he is authorized include whatever amount he wishes to claim for attorneys' fees and costs without any supporting authority or judicial scrutiny under the auspices they constitute "accrued costs and fees" that can be summarily tacked on to the Judgment entered by this Court. He is wrong.

In reliance on Mr. DeVoy's sworn affidavit, the Clerk of the Court issued the Writ of Execution in the amount of $64,069.97. (Doc. # 59.) Mr. DeVoy then used the Writ of Execution to garnish Righthaven's bank account with the aid of the U.S. Marshall. Mr. DeVoy, in further reliance on the patently excessive Writ of Execution, has moved on behalf of the Defendant for an order appointing a receiver over Righthaven so that, among other things, its intellectual property can be seized and sold at auction. (Doc. #62.) This request is sought in aid of execution under NRS 32.010. (*Id.* at 5.) The Writ of Execution, however, is clearly excessive and must be quashed by the Court. Without valid execution rights, the Defendant's request to appoint a receiver be denied.

II.   **ARGUMENT**

    A.   **The Writ of Execution Must be Quashed Because it Improperly Includes $29,667.50 in Accrued Fees And Costs Not Included in The Judgment.**

The Court is compelled to quash the Writ of Execution because it grossly exceeds the Judgment entered in favor of the Defendant by almost $30,000. (Doc. ## 59, 44.) As a result, the Writ of Execution has been issued in violation of Federal Rule of Civil Procedure 69(a)(1) ("Rule 69(a)(1)").

---

[1] Mr. DeVoy's generous, unilateral inclusion of almost $30,000 in accrued costs and fees in applying for the Writ of Execution is clearly at odds with his request for an award of additional attorneys' fees sought in the Defendant's motion to appoint a receiver. (Doc. # 62 at 10.)

2

Rule 69(a)(1) expressly provides that "[a] money judgment is enforced by a writ of execution." Thus, by its plain language, a valid and enforceable writ of execution must accurately reflect the judgment to which it is related and upon which enforcement efforts are based. Where "there is an erroneous award of execution, not warranted by the judgment, or erroneous proceedings under the execution . . ." the Court is empowered to quash the Writ of Execution. *See Boyle v. Zacharie,* 31 U.S. 648, 656-57 (1832).

Here, Defendant's counsel, Mr. DeVoy, improperly added almost $30,000 in allegedly "accrued costs and fees" to the Judgment when applying for the Writ of Execution. (Doc. # 59-1.) Neither this Court nor the Ninth Circuit had awarded the Defendant this amount, which almost doubles the Judgment entered in this case. Moreover, Righthaven had not been provided with notice and an opportunity to be heard as to the basis for or the reasonableness of the amount summarily "awarded" to the Defendant based on Mr. DeVoy's actions. Understandably, the Clerk of the Court issued the Writ of Execution as requested based on Mr. DeVoy's statement under oath that it reflected the an amount due and owning to the Defendant. (*Id.*) Nevertheless, the Writ of Execution fails to reflect the actual amount awarded to the Defendant under the Judgment. Accordingly, the Writ of Execution must be quashed.[2]

### B. The Defendant Cannot Invoke Ancillary Execution Procedures Without a Valid Writ of Execution.

The Defendant has obtained the appointment of a receiver over Righthaven so that its intellectual property can be seized and sold at auction. (Doc. # 66.) The Defendant has sought to invoke this statutory remedy in aid of execution of the Judgment. (Doc. # 62 at 5.) Any right to do so, however, requires the existence of a valid writ of execution, which the Defendant does not possess.

A mentioned above, "[a] money judgment is enforced by a writ of execution . . . ." Fed.R.Civ.P. 69(a)(1). State law governs the applicable procedures for aiding in execution upon the writ. *Id.* For example, the Defendant seeks to invoke NRS 32.010 as vesting the Court with

---

[2] In requesting the Writ of Execution be quashed, Righthaven is by no means conceding that the Court was empowered to award the Defendant attorneys' fees and costs once it found that it lacked subject matter jurisdiction over this action.

3

authority to appoint a receiver. (Doc. # 62 at 5.) The plain language of NRS 32.010 reveals that it applies to both monetary judgments and judgments relating to specific property. For instance, NRS 32.010(3) authorizes the appointment of a receiver to "carry the judgment into effect." This language clearly applies to effectuating relief directly set forth in a judgment, such as for the recovery of specific property. Likewise, NRS 32.010(4) authorizes the appointment of a receiver to "dispose of property according to the judgment . . . ." This language also implies the judgment issued for which the appointment of a receiver is requested specified the property that was at issue.

In contrast to the above-discussed language contained in NRS 32.010, a money judgment is enforced through a writ of execution. Fed.R.Civ.P. 69(a)(1).  In this regard, NRS 31.010(4) reads, in pertinent part, a receiver may be appointed "in aid of execution . . . ." The quoted language of NRS 31.010(4) applies to enforcement proceedings where the judgment is unrelated to specific property of the judgment debtor. As such, appointment of a receiver necessarily requires a valid writ of execution, which the Defendant does not possess. Accordingly, the Defendant has improperly invoked state law remedies in aid of execution under the auspices of a patently excessive Writ of Execution.  In doing so, Righthaven has been improperly deprived of money through the garnishment of its company bank account and has lost intangible property through the receiver's sale of its Internet domain. These execution efforts must stop until the Defendant has obtained a valid writ of execution. Furthermore, the Court must vacate the receiver's appointment because it was made without the existence of a valid writ of execution.

### III. CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court deny quash the Writ of Execution, vacate its appointment of the receiver and bar Defendant from any enforcement efforts related to the Judgment until he has obtained a valid writ of execution.

Dated this 9th day of January 2012.

                                          SHAWN A. MANGANO, LTD.

                                        By: /s/ Shawn A. Mangano
                                        SHAWN A. MANGANO, ESQ.
                                        Nevada Bar No. 6730
                                        shawn@manganolaw.com
                                        9960 West Cheyenne Avenue, Suite 170
                                        Las Vegas, Nevada 89129-7701
                                        Tel: (702) 304-0432
                                        Fax: (702) 922-3851

                                        *Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 9th day of January 2012, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*