Marc J. Randazza (*Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WAYNE HOEHN, an individual,<br><br>                    Defendant. | Case No. 2:11-cv-00050<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR WRIT OF BODY ATTACHMENT** |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR WRIT OF BODY ATTACHMENT

Defendant Wayne Hoehn ("Hoehn"), represented by his attorneys, Randazza Legal Group, in the above-captioned matter, hereby replies to Plaintiff Righthaven LLC's ("Righthaven") Response to Defendant's Motion for Writ of Body Attachment (Doc. #75).

### I. Introduction

Righthaven has once more failed to respect this Court's lawful order and has once again failed to timely respond to Hoehn's motion (*see* Docs. # 64, 65, 72). The deadline by which Righthaven was required to transfer its ownership in the assigned copyrights was December 19, 2011. (Docs. # 62, 66) Despite Righthaven's representations of an intent to work with the receiver, Ms. Pearson's most recent report to the Court indicates that Righthaven has failed to respond to the receiver's numerous requests to execute the copyright assignments. (*see* Doc. #70)

- 1 -

Instead, Righthaven engages in the kind of obfuscation, word games, and delay embodied in its untimely opposition to Hoehn's request for body attachment. (*see* Doc. # 72, 75)

While Righthaven argues that a writ of body attachment is an extreme form of relief,  it is an appropriate type of relief given the extreme disrespect for this Court's orders that Righthaven has engaged in.  If anything on the Court's record indicated Righthaven's desire to comply with any of the Court's orders, a request for such relief would not be necessary.  Once again, Righthaven has disregarded Court orders, and varied between obfuscating and simply ignoring attempts by Hoehn and the Receiver to carry them into effect (*see* Docs. 68, 70).  The Court cannot simply rely on Righthaven to abide its simple black-and-white orders, and must reach to the farthest extent of its powers to make its voice heard.

## II. Argument

Hoehn is not requesting an extreme form of relief; he is instead merely requesting that this Court take an additional step to render its December 12 Order meaningful.  Normally, Court orders are self-executing.  However, in this case, Righthaven has simply chosen to ignore the order because it would prefer not to comply.  By far, the most notable aspect of the Court's order granting Hoehn's motion to appoint a receiver is that **Righthaven did not oppose it, and thus conceded to it being granted.** (Doc. # 65, 66)  Now, however, Righthaven seeks to go back in time and renege on its concession to Hoehn's desired relief – only after the the Court has ordered it.  What Righthaven seeks is improper and inequitable, and allowing it to simply mock this Court's lawful order in this fashion can only embolden it in its campaign to use the courts unlawfully, but then ignore them when the courts orders cut against it.

Thus far, Righthaven has been uncooperative with the Defendant's attempts to collect on the Court's judgment, which has included both an Urgent Motion and an Emergency Motion before the Ninth Circuit Court of Appeals (*see* Docs. 57, 78).  The purpose of the writ of body attachment is to bring the Plaintiff's officers before the Court solely so that they may execute assignments of Righthaven's intellectual property – as the Court ordered them to do nearly one

month ago (Docs. # 62, 66).   It is certainly "extreme" to have the U.S. Marshalls take Righthaven's officers, into custody and to bring them before this court to affix an appropriate signature to the provided copyright assignments.   But, Righthaven's officers have refused to do so when so ordered, and unless this Court wishes make its orders mere suggestions – and not *Orders* - then it must bring Righthaven's officers before it and force them to answer for their conduct.

>    **A.    Because Righthaven has been uncooperative in complying with the Court's order, a writ of body attachment is necessary to ensure Hoehn receives the judgment he is due.**

A writ of body attachment is appropriate in this case.   Righthaven has continually failed to comply with, or even respond to Court orders the Defendant's requests for relief, or the court-appointed receiver's communications (*see* Docs. 56, 57, 58, 69, 70).   The purpose of a writ of body attachment is to merely bring a party in violation of a court order before the Court. *NLRB v. Goodsell & Vocke, Inc.*, 645 F.2d 680, 681 (9th Cir. 1981); *Sauber v. Whetstone*, 199 F.2d 520, 522 (7th Cir. 1952).   A court may issue writs of body attachment for individuals and company officers even when the party is corporate entity. *See Goodsell & Vocke*, 645 F.2d at 681. Contrary to Righthaven's assertions, such an action is not sending Righthaven's officers to a firing squad, but merely bringing them before the Court to account for their actions and provide Hoehn the relief Righthaven previously conceded to providing (Doc. # 66).

To date, Righthaven has failed to voluntarily satisfy any of its $34,045.50 judgment – to say nothing of Hoehn's more sizable writ of execution (Doc. # 59).   While Righthaven argues that the Defendant has failed to provide documentation to facilitate the transfer of its copyrights, this contention is a lie.   The court-appointed receiver sent the copyright assignments multiple times to the Plaintiff's counsel. (Doc. #70-1).   Moreover, *pro forma* documents sufficient to effectuate the desired intellectual property transfers were attached to Hoehn's motion for the appointment of a receiver (Doc. # 62-3-62-6).   Nothing more is necessary for Righthaven to fulfill the Court's order (Doc. # 66).   Yet, Righthaven has not comprehensibly specified what is

needed for its officers to comply with the Court's Order (see Doc. # 70), and in any event the evidence on the record indicates that it Righthaven does not intend to cooperate with or meaningfully assist the receiver in effectuating this Court's Orders (*id.*).  Thus, the burden of enforcing this Court's orders has circled back onto the Court, and the tribunal is tasked with enforcing orders that its officers should carry into effect on their own accord.

Now that the Court has granted Hoehn's unopposed motion and the requested relief it entails (Doc. # 66), Righthaven has appeared with its untimely opposition (*see* Doc. # 73) to voice its concerns.  Righthaven did nothing when Hoehn brought his motion seeking the appointment of a receiver.  By failing to respond to Hoehn's Motion, it conceded to the Court granting it under Local Rule 7-2(d) (Doc. # 66).  Righthaven did nothing to follow this order either, necessitating the instant motion (Doc. # 68).  By lying in wait and springing these concerns onto the receiver (Doc. # 70) and Hoehn only now – when they both seek only to enforce this Court's order – Righthaven has waived its right to object to the Court's ordered relief (Doc. # 66).

Instead of signing the documents, Righthaven argued instead that it did not have the ability to sign over these copyrights (Doc. # 70).  Indeed, the effort Righthaven has expended in resisting this Court's lawful order (*see* Docs. # 68, 70, 74, 75, 76, 78) far exceeds the effort that would have been necessary to oppose Hoehn's original motion seeking the appointment of a receiver.  The course of Righthaven's conduct, and its late-made objections to the Court's granting of a motion Righthaven did not bother to oppose, is strongly probative of the Plaintiff's bad faith in bringing its recent spate of briefing.

Righthaven's intransigence has taken it to a point where no lesser relief will be sufficient to satisfy this Court's order granting Hoehn's unopposed motion for Righthaven to transfer its intellectual property to the receiver (Doc. # 66).  While Righthaven's submission protests several aspects of a writ of body execution (Doc. # 75), it ignores the overriding fact before the Court: This writ would never be sought if Righthaven complied with the Court's order at any time

- 4 -

before this brief's filing.

**B.    The Defendant possesses a valid writ of execution with which to enforce judgment.**

For the very first time, Righthaven questions the propriety of Hoehn's writ of execution in its untimely opposition to Hoehn's motion for a writ of body attachment (Doc. # 75).  Righthaven raises this argument more than two months after this Court issued Hoehn a writ of execution, and does so in an opposition – rather than a motion, the proper venue for its desired relief.

Hoehn's writ of execution is valid and enforceable at law.  Hoehn properly filed a Writ of Execution with this Court pursuant to Fed. R. Civ. P. 69(a)(1), which states that a money judgment is enforced by a writ of execution in "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).  (Doc. # 58) Therefore, in order to determine the proper procedure for enforcing a writ of execution, the court must turn to N.R.S. 21.020 for guidance as to the proper procedure for issuing a writ of execution.  According to the statute, the Defendant properly filed a writ with this Court, and the Deputy Clerk of the Court made amendments to the writ and approved it. (Doc. # 59)  Hoehn's counsel did not attempt to hide any aspect of the writ, and accompanied it with a motion to articulate the bases for the fees sought.  Hoehn's motion for a writ of attachment was immediately ripe, and thus no opposition was necessary.

Further, if the additional costs were inappropriate, the Deputy Law Clerk would have made corrections to the Writ, as he already did when changing the amount of accrued interest, costs and fees. (Doc. # 59)  The Defendant's original filing contained an interest rate of 5.25, calculated according to information provided by the Nevada Commissioner on Financial Institutions, plus 2 percent, pursuant to NRS 99.040. *Id.*  Once approved, the Writ of Execution contained a corrected interest rate of 0.11 percent per day, which was the number substituted in by the Deputy Law Clerk.  (Doc # 59-1)  It was within the Clerk and this Court's discretion to write down the accrued fees sought by Hoehn, and both were clearly aware of this authority by virtue of correcting Hoehn's rate of interest on the writ of execution (Doc. # 59).  Because the

- 5 -

Court did not make any additional changes to the writ of execution and approved it, the writ is valid.

Finally, The Court ordered the Plaintiff to "post a bond to secure the judgment on attorneys' fees entered by this Court in the amount of $34,045.50." (Doc. # 56).  Thus far, the Plaintiff has refused to do so, which led to Defendant's counsel filing the Motion for the Writ of Execution. (Doc. # 58)  Righthaven has not voluntarily taken any other efforts to fulfill its obligation in satisfying Hoehn's lawful judgment and writ of execution.  In fact, only $3,300 (less auction fees and receiver fees) has been recovered thus far, in connection with the auction of <righthaven.com> - an asset that the receiver had to secure and transfer to herself on her own (Doc. # 70, 73).

Whatever sum of Righthaven's indebtedness this Court considers – Hoehn's $34,045.50 judgment, his writ of execution for more than $63,000, or the nearly $120,000 accrued in attempting to force Righthaven to abide this Court's orders in the face of two baseless Ninth Circuit appeals and an equally frivolous round of "Emergency" motion practice before that Court – Righthaven has not taken a single free, unforced step to satisfy its debt to Hoehn.  Thus, any debate about how much money Righthaven owes to Hoehn is entirely academic – whatever the sum, it is more than Righthaven will ever pay without direct judicial intervention in the most direct manner possible.  However, Righthaven has been ordered to take steps to pay it down through transferring its assets to the Receiver, and Righthaven has declined to do so at every turn (*see* Doc. # 70).  Absent judicial intervention, this refusal will continue.

**III. Conclusion**

As of January 18, 2012, Righthaven still has not complied with this Court's December 12 order granting Hoehn's motion, requiring the assignment of its property to the court-appointed receiver (Doc. # 66).  A writ of body attachment is appropriate in order to compel Righthaven's officers, Mr. and Mrs. Gibson, to appear before the Court to remedy this failing.  Because

Righthaven has continuously ignored and frustrated both the Defendant and the Receiver in enforcing this Court's orders, this Court is required to take decisive and meaningful action.

Dated January 19, 2012                                    Respectfully Submitted,

                                                          RANDAZZA LEGAL GROUP


                                                          _____
                                                          Marc J. Randazza
                                                          J. Malcolm DeVoy IV

                                                          Attorneys for Defendant,
                                                          *Wayne Hoehn*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 19 day of January, 2012, I caused the document(s) entitled:

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR WRIT OF BODY ATTACHMENT**

and all attachments to be served by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy

J. Malcolm DeVoy

- 8 -