Marc J. Randazza (Admitted *Pro Hac Vice*)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
jmd@Randazza.com
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Defendant,
*Wayne Hoehn*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> WAYNE HOEHN, an individual, <br><br> Defendant. | Case No. 2:11-cv-00050 <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH WRIT OF EXECUTION** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH WRIT OF EXECUTION**

Defendant Wayne Hoehn ("Defendant"), represented by his attorneys, Randazza Legal Group, in the above-captioned matter, replies to Plaintiff/Judgment Debtor Righthaven LLC's ("Plaintiff['s]") Motion to Quash Writ of Execution (Doc. 76) and respectfully requests that this Court deny Plaintiff's Motion.

**I. Introduction**

The Defendant properly filed a Writ of Execution with this court pursuant to both Fed. R. Civ. P. 69(a)(1) and N.R.S. 21.020.  This Motion was immediately returnable at the time it was filed, and the Court had discretion to grant, reject, or reduce the fees Hoehn sought (Decl. of J. DeVoy ¶¶ 4-6) (*see* Doc. 59) (reducing interest rates, accrued interest sought by Hoehn).  The clerk of the court did not object to the addition of these fees, despite his amendments to the

- 1 -

accrued interest (*id.*). The clerk then approved the rest of the amounts Hoehn seeks. Accordingly, this Court should deny Plaintiff's Motion to Quash.

**II. Argument**

Defendant properly filed a Writ of Execution with this Court pursuant to Fed. R. Civ. P. 69(a)(1), which states that a money judgment is enforced by a writ of execution in "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).  Therefore, in order to determine the proper procedure for enforcing a writ of execution, the court must turn to N.R.S. 21.020 for guidance as to the proper procedure for issuing a writ of execution.  According to the statute, the Defendant properly filed a writ with this Court, and the Deputy Clerk of the Court made amendments to the writ and approved it. (Doc. 59).

**A. This Court should deny Plaintiff's Motion to Quash because Plaintiff failed to respond to the writ within the time allotted.**

According to the procedure governing the writ, an execution "shall be returnable to the clerk with whom the judgment roll is filed not less than 10 nor more than 60 days after its receipt by the sheriff." N.R.S. 21.040.  Under Fed. R. Civ. P. 69(a)(1), Nevada law controls the operation of Hoehn's writ of execution.  In the instant case, the motion for the writ of execution was ripe the day it was filed, October 29, 2011. (DeVoy Decl. ¶¶ 3-6).  The Deputy Court Clerk approved the writ on November 1, 2011. (Doc. 59)

Righthaven, yet again, did not act in time to obtain the relief it seeks (*see* Docs. 64, 65, 73).  Righthaven failed to respond to the writ within 60 days of its approval under N.R.S. 21.040, and did not file its Motion to Quash until January 9, 2012 — 70 days after the writ was signed and dated by the Deputy Clerk. (Doc. 76)  As such, because the Plaintiff failed to respond to the writ in the allotted time period, and is time-barred from bringing a Motion to Quash in this Court.

**B. The Court and Clerk were justified in the addition of attorneys' fees and costs in this case because the time spent pursuing fees is awardable, and the Deputy Law Clerk already made the appropriate amendments to the writ of execution.**

- 2 -

Time spent in establishing entitlement to an amount of fees is awardable. *Clark v. City of Los Angeles,* 803 F.2d 987, 992 (9th Cir. 1986). *See also In re Nucorp Energy*, 764 F.2d 655, 661 (9th Cir. 1985) (noting that attorneys should be compensated for time spent on the overall rate of compensation). In addition, if the certainty of an award has not yet attached, a fee multiplier is appropriate until certainty is in place. *Id.*

In its Motion to Quash, the Righthaven argues that Hoehn's counsel improperly added almost $30,000 in accrued costs and fees to its writ of execution. Per the Writ of Execution's affidavit, this is a true and correct amount of accrued fees and costs incurred between the time this Court entered judgment against Righthaven (Docs. 43, 44) and it approved the Writ of Execution (Doc. # 59). This practice is accepted under Nevada law, and the amount of fees and costs added to a judgment upon its execution is left to the jurisdiction of the issuing court. *See Barney v. Mt. Rose Heating & Air Conditioning*, 124 Nev. 821, 832 (Nev. 2008) ("the district court had authority to award to Mt. Rose Heating attorney fees incurred postjudgment"). In Barney, the court held that post-judgment fees and costs incurred in enforcing the judgment were properly included in a writ of execution, subject to the issuing court's discretion. *Id*. Indeed, just as with an award of attorneys' fees, awarding post-judgment costs and fees is a matter consigned to the Court's discretion. Here, it was exercised consistent with Nevada law to allow Hoehn to recover his significant costs and fees incurred in post-judgment enforcement litigation.

As demonstrated by the clerk's authority to write down the amount Hoehn sought from Righthaven (*id.*), Hoehn's request for additional fees to be included in his writ of execution was precisely that – a request. The clerk and Court were free to exercise their discretion to allow, reduce or refuse the inclusion of these desired sums in Hoehn's writ of execution (*see id.*). The Court and the clerk's exercise of this jurisdiction does not now give Righthaven a basis to quash Hoehn's writ of execution – particularly when it is not even close to satisfying Hoehn's underlying judgment (*see* Doc. # 70).

The addition of accrued fees and costs is appropriate in the instant case because certainty is not yet in place that the Defendant will receive the judgment ordered by the Court. The Court ordered the Plaintiff to "post a bond to secure the judgment on attorneys' fees entered by this Court in the amount of $34,045.50." (Doc. # 56). Thus far, the Plaintiff has refused to secure that bond (Doc. # 58), and has twice been denied emergency or urgent relief from the Ninth Circuit Court of Appeals seeking to stay Hoehn's enforcement of his judgment without posting a bond (Doc. # 57, 78). Righthaven's declination has led to Hoehn filing the Motion for the Writ of Execution. (Doc. 58), which the Court granted (Doc. 59).

Further, if the additional costs were inappropriate, the Deputy Law Clerk would have made corrections to the Writ, as he already did when changing the amount of accrued interest, costs and fees. (Doc. 59) The Defendant's original filing contained an interest rate of 5.25, calculated according to information provided by the Nevada Commissioner on Financial Institutions, plus 2 percent, pursuant to NRS 99.040. (Docs. 58, 58-1) Once approved, the Writ of Execution contained a corrected interest rate of 0.11 percent per day, which was the number substituted in by the Deputy Law Clerk. (Doc. 59).

Ironically, the one thing that could moot Hoehn's writ of execution is for Righthaven to post a bond for the value of Hoehn's judgment. *Covrig v. Powers*, 74 Nev. 348, 353 (Nev. 1958). By posting a bond, Nevada law would place a pause on further levies and executions on Righthaven's assets. As Righthaven refuses to do so, despite being given approximately two months to do so by this Court (Docs. 43, 56). No bond has yet been posted, Righthaven's best insulation against Hoehn's writ of execution has not been asserted – yet it is available, if Righthaven simply posts the required bond. At this point, however, after two trips to the Ninth Circuit Court of Appeals it is safe to assume Righthaven will not do so. Once again, Righthaven seeks exceptional relief without paying the costs associated with obtaining it.

Even if the Court finds that the addition of $29,674,90 at the time of the Writ was inappropriate, as of the filing of this response, Plaintiff still has failed to satisfy the original

judgment issued against it in the amount of $34,045.50. Righthaven has, however, not obtained a stay from Hoehn's enforcement of this judgment (Docs. 56, 57, 78), and has been uncooperative in attempting to fulfill it (*see* Docs. 68, 70). In fact, Righthaven has not only refused to post a bond, but it refused to show up to a debtors' exam (Doc. 71), and it refused to adhere to this court's order of December 12 (Doc. 66) ordering it to assign its copyrights and other intangible property to the receiver. It still refuses to do so.

Now, rather than focus on obeying this court's orders, Righthaven requests unavailable relief more than three months after the Court entered its order (Docs. 43, 44). Stemming from Righthaven's uncooperativeness and untimeliness in acting, both this Court's Writ of Execution (Doc. 59), and its Appointment of Receiver (Doc. 68) are appropriate in order to pursue the judgment award granted by this Court.

### III. Conclusion

The Defendant's Writ of Execution was properly filed pursuant to Fed. R. Civ. P. 69(a)(1) and Nevada law. The Ninth Circuit allows for the addition of fees in pursuit of fees, as is the case here. Further, if the additional fees were not appropriate, the Deputy Court Clerk, or the Court itself, would have made further changes before approving the Defendant's Writ of Execution (*see* Doc. # 59) (reducing accrued interest and interest rates sought by Hoehn in his writ of execution). For the foregoing reasons, the Plaintiff's Motion to Quash Writ of Execution should be denied. Further, the Court should consider issuing an order to show cause regarding Righthaven's ostensible contempt in refusing to adhere to this Court's lawful order (*see* Docs. # 66, 70).

                                        Marc J. Randazza
                                        J. Malcolm DeVoy IV

                                        Attorneys for Defendant,

1  Dated January 26, 2012

*Wayne Hoehn*
Respectfully Submitted,

RANDAZZA LEGAL GROUP

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 26 day of January, 2012, I caused the document(s) entitled:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH WRIT OF EXECUTION**

and all attachments to be served by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy
J. Malcolm DeVoy