UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

| | |
|---|---|
| RIGHTHAVEN LLC, Plaintiff, vs. WAYNE HOEHN, Defendant. | CASE NO: 2:11-CV-0050-PMP-RJJ<br>CIVIL<br>Las Vegas, Nevada<br>Monday, March 5, 2012<br>(4:13 p.m. to 4:25 p.m.) |

MOTION HEARING

BEFORE THE HONORABLE PHILIP M. PRO,
UNITED STATES DISTRICT JUDGE

Appearances: See Next Page

Court Recorder: Joan Quiros; FTR

Courtroom Administrator: D. Sherwood

Transcribed by: Exceptional Reporting Services, Inc.
P.O. Box 18668
Corpus Christi, TX 78480-8668
361 949-2988

Proceedings recorded by electronic sound recording; transcript produced by transcription service.


**APPEARANCES FOR:**

| | |
|---|---|
| **Plaintiff:** | **None Appearing** |
| **Defendant:** | **MARC RANDAZZA, ESQ.**<br>**302 Washington Street**<br>**San Diego, CA 92013** |
| | **JAMES M. DeVOY, ESQ.**<br>**Randazza Legal Group**<br>**3969 Fourth Avenue**<br>**San Diego, CA 92103** |
| **Receiver:** | **LARA PEARSON, ESQ. (Telephonically)**<br>**Law Office of Lara Pearson, Ltd.**<br>**774 Mays Blvd., No. 10, PMB 405**<br>**Incline Village, NV 89451** |

**Las Vegas, Nevada; Monday, March 5, 2012; 4:13 p.m.**

**(Ms. Pearson Appeared Telephonically)**

**(Call to Order)**

**THE CLERK:** All rise.

**THE COURT:** Have a seat everybody. All right. We're convened in *Righthaven v. Hoehn*, 11-Civil-50. The record should reflect the presence of -- we have Mr. James DeVoy and Marc Randazza for Defendants; is that correct?

**MR. RANDAZZA:** Yes, your Honor.

**THE COURT:** And also Laura Tucker, a UNLV student present. Welcome.

We have Lara Pearson, Receiver. Is she here on the phone?

**MS. PEARSON:** On the phone, your Honor.

**THE COURT:** And what about Mr. Mangano, Donna?

**THE CLERK:** No, your Honor.

**THE COURT:** He's not here. Well, have you had contact with Mr. Mangano?

**MR. RANDAZZA:** We haven't heard from him, your Honor.

**THE COURT:** All right. Go ahead and put a call into him, Donna. I don't know what -- Mr. Mangano has not withdrawn as counsel?

**MR. RANDAZZA:** No, your Honor.

**(Pause)**

**THE CLERK:** It's just ringing.

**THE COURT:** Well, let's see what we have on the filings.

Ms. Pearson, when did you last have contact with Mr. Mangano?

**MS. PEARSON:** I have not heard from Mr. Mangano since mid-January, your Honor.

**THE COURT:** All right. And --

**THE CLERK:** The telephone number on his last pleading is 304-0432 and that's also the number on CMECF and it's just ringing.

**THE COURT:** Yes, I was just checking that.

Mr. Randazza, when did you last have contact with Mr. Mangano?

**MR. RANDAZZA:** In probably January.

**THE COURT:** Mid-January?

**MR. RANDAZZA:** Your Honor, unfortunately, this has been pretty common in this case and in the other cases we have with him.

**THE COURT:** He doesn't show up?

**MR. RANDAZZA:** Yes. He didn't show up for a mandatory Tenth Circuit Court of Appeals mediation. We had a debtor's exam here that he didn't show up to.

**THE COURT:** He didn't show up but then he did, didn't -- I mean, it was aborted and then reset?

**MR. RANDAZZA:** He did ultimately show up, yes, but

the first time he just didn't show up and said that he had scheduled it for a different day despite being given five notices in writing when it was to be.

**THE COURT:** I don't think I've had this experience with him. I don't recall that he's -- really that we've had maybe more than one hearing but I don't recall that he failed to appear.

Well, we're not able to reach him on --

**THE CLERK:** No. There's not even a voicemail, your Honor. There's nothing.

**THE COURT:** All right. Well, that rather handicaps us a bit. Obviously, I want to show cause why he's not here but, you know, since these filings were made I made an adjustment on the writ of execution, writ of attachment. I also denied the contempt because the debtor exam went forward ultimately.

But as a live issue and the subject of complying with the Court's order regarding transferring of any copyright -- any rights, intellectual property rights -- now I realize there's filings on both sides debate but I need to have his argument as well as yours to address the merits of that.

Now did you travel in from out of town?

**MR. RANDAZZA:** No, your Honor, I'm local here now.

**THE COURT:** Okay. All right. I see the Warm Springs address so okay.

**MR. RANDAZZA:** Yes. Since this case has begun, your Honor, I've moved to Las Vegas.

**THE COURT:** You've become a full time -- a full time job.

**MR. RANDAZZA:** I am.

**THE COURT:** Well, Ms. Pearson, maybe you can update me. I know your last report indicated you were looking for some direction but I guess there is no help if you haven't had any contact with counsel for Righthaven during the interim. Am I correct?

**MS. PEARSON:** No, your Honor. Since I wrote the initial motion, I did hear from Mr. Mangano and he and Mr. DeVoy agreed that they would ask the Court to transfer the copyrights and the two trademarks. Mr. Mangano then prepared a motion which was not -- it didn't really effectuate the transfer. Mr. DeVoy then prepared a countermotion to which the parties would stipulate and then we haven't heard from Mr. Mangano since, despite attempts at contact both by myself and Mr. Hoehn's counsel.

**THE COURT:** All right. Now I recall from the motion for writ of body attachment part of the debate back and forth focused on how can we transfer what the Court has said we don't own and who prepares the paperwork.

Are you really addressing that that -- there was some effort to reach a stipulation to accomplish that actual

transfer then?

**MR. RANDAZZA:** We tried that, your Honor, but, you know, really --

**THE COURT:** I don't recall seeing a filing with the stip --

**MR. RANDAZZA:** No.

**THE COURT:** -- that didn't get filed in other words?

**MR. RANDAZZA:** No, it did not, your Honor.

**THE COURT:** Okay.

**MR. RANDAZZA:** And, you know, we understand that they have some -- that they are at least taking the position that they cannot transfer that which they do not have.

**THE COURT:** Right.

**MR. RANDAZZA:** We're not asking for that. We're asking --

**THE COURT:** Well, I can't order them to transfer what they don't have, obviously.

**MR. RANDAZZA:** We're asking for a quitclaim assignment.

**THE COURT:** Yes.

**MR. RANDAZZA:** Whatever it is they do have --

**THE COURT:** In essence, such right as they have --

**MR. RANDAZZA:** -- they should transfer. And they have, you know, really the behavior has been a little weird.

**THE COURT:** Well, why can't I just order that?

**MR. RANDAZZA:** You could order it, your Honor.

**THE COURT:** Why can't I just order that such right as they have is hereby transferred?

**MR. RANDAZZA:** Well, because we have to then have all -- we have to have all of the individual copyrights assigned and we think it would be better if they simply executed the assignments. I suppose you could simply order that they are all now hereby transferred to Ms. Pearson.

**THE COURT:** Ms. Pearson, would you need more than that? Would you need something signed by Mr. Mangano on behalf of his clients?

**MS. PEARSON:** To be honest, your Honor, I'm not certain. I'm not sure --

**THE COURT:** Neither am I.

**MS. PEARSON:** -- what we need to record with the copyright office, if it would be sufficient to submit a court order transferring me rights, or if we have to actually have to have something signed by the owner.

**THE COURT:** Well, I would think -- I don't know. You-all might be able to determine if the copyright office would accept such an order, particularly if it's prepared along the lines of this stipulation that you-all apparently had prepared --

**MR. RANDAZZA:** Yes.

**THE COURT:** -- or proposed that articulated --

**MR. RANDAZZA:** Your Honor, under 17 USC Section 201, a copyright can be transferred under operation of law. So I do believe your Honor could order all of these copyrights to be hereby transferred to the receiver. With respect to any patents, other software, or trademarks, I don't know of any specific statutory authority that would allow that. However, I don't see any reason why you couldn't order the trademark to be transferred or cancelled within a certain period of time. You certainly have the authority to cancel it as a district court judge.

**THE COURT:** But you're not seeking cancellation.

**MR. RANDAZZA:** We are not, your Honor. We are seeking --

**THE COURT:** You're seeking transfer.

**MR. RANDAZZA:** -- it to be auctioned off, yes.

**THE COURT:** Right.

**MR. RANDAZZA:** So, I guess, that would be the --

**THE COURT:** It's got to be an effective transfer or you're not going to have anything to auction, you know, not effectively.

**MR. RANDAZZA:** Right.

**THE COURT:** That's the problem.

Well, we can go one of two ways. I mean, I'm prepared, in view of the history of this and the failure of -- unexplained failure of Plaintiff to attend, to simply order the

transfer and direct that you prepare along the lines of whatever that stipulation was the proposed order which I would then sign that could be filed with the copyright office. I'm certainly prepared to do that.

**MR. RANDAZZA:** Okay.

**THE COURT:** Or we can set a further hearing and try and figure out what is going on with Mr. Mangano, why he's not here, and delay further and explore further.

**MR. RANDAZZA:** Your Honor, I think your Honor's suggestion is elegant and takes care of the problem.

**THE COURT:** Let's just get to it, get it done.

**MR. RANDAZZA:** Okay.

**THE COURT:** That really -- instead of ordering a writ of body attachment, I'll simply order that the copyright interests, to the extent any such interests remain, or exiting writ will be transferred to Defendant and if you can prepare the order to accomplish that the Receiver can then go forward.

**MR. RANDAZZA:** And the same for the trademarks and the same for --

**THE COURT:** Yes.

**MR. RANDAZZA:** -- any patents as well?

**THE COURT:** Yes.

**MR. RANDAZZA:** Great. We will --

**THE COURT:** I mean, you have an idea what we're talking about --

**MR. RANDAZZA:** Yes, your Honor.

**THE COURT:** -- what they are and that's why I said, and since you had had this dialog with Mr. Mangano back and forth. I mean, you've got the parameters of what you need, let's go ahead and get that issue, get it submitted to me and I think that's the only thing that's remaining right now in this case unless I'm missing something.

**MR. RANDAZZA:** At this time, that's all, your Honor.

**THE COURT:** All right. And Ms. Pearson, is there anything else that you need direction on to the extent that I can provide it?

**MS. PEARSON:** No, your Honor. I think it was just getting the assets transferred to me so that I can auction them and get some assets to be then distributed to the Defendant.

**THE COURT:** Right. I saw your report where you had some that were distributed. I appreciate that. But all right, well that at least will be a step forward unless there's something else.

**MR. RANDAZZA:** Okay. We'll prepare that for you immediately, your Honor, as the --

**THE COURT:** All right. So the minutes should reflect the Plaintiff having failed to attend today's hearing, the Court deems that an admission by a Defendant or acquiescence by Defendants to be ordered to transfer along the lines that we've just outlined. Okay.

**MR. RANDAZZA:** Thank you, your Honor.

**THE CLERK:** The motion is --

**MS. PEARSON:** Thank you, your Honor.

**THE COURT:** No, the motion for writ of body attachment is not granted. That was a --

**THE CLERK:** Okay.

**THE COURT:** -- different creatures. Instead, what I've -- so, for purposes of your minutes, 68 should be denied and instead I'm ordering the transfer and counsel for Defendant will prepare the order.

**THE CLERK:** Yes, your Honor.

**THE COURT:** Okay. All right.

**MR. RANDAZZA:** Thank you, your Honor.

**THE COURT:** Thank you, everybody, appreciate it.

**MS. PEARSON:** Thank you, your Honor.

**THE COURT:** Thanks, Ms. Pearson.

**MS. PEARSON:** You're welcome, thank you.

**(Proceeding was adjourned at 4:25 p.m.)**

**CERTIFICATION**

**I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.**

**March 19, 2012**

**TONI HUDSON, TRANSCRIBER**