Lara Pearson (Nev. Bar No. 7132)
Lara@Rimonlaw.com
Rimon, PC
PMB 405, 774 Mays Blvd. # 10
Incline Village, NV 89451
tel.:     775-833-1600
fax:    888-842-4492
www.Rimonlaw.com

Receiver for Righthaven LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>           Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>           Defendant. | Case No. 2:11-cv-00050<br><br>**RECEIVER'S REPORT TO COURT** |

## RECEIVER'S REPORT TO COURT

I, Lara Pearson, court-appointed Receiver for Righthaven LLC ("Righthaven," or the "plaintiff"), make the following statements based on personal knowledge in order to apprise the Court of recent events and seek ratification of certain actions:

1.      Believed to be operationally defunct, Righthaven recently engaged in activities that directly contradict my powers as receiver.  Specifically, Steven A. Gibson, the now-former CEO of Righthaven retained new counsel for the company's pending appeals with neither notice to or approval from me as Receiver.  (See Exhibit A, a true and correct copy of Eric Syverson's notice of appearance in *Righthaven LLC v. Hoehn*, Case No. 11-16751 (9th Cir. 2012))  Instead of satisfying Righthaven's substantial judgments, Gibson apparently has elected to allocate

Righthaven funds that have been concealed from me[1] to pursue appeals over rights that Righthaven *no longer owns* (Doc. # 90), and has done so in a manner that further imperils what is left of Righthaven's assets with additional attorneys' fees awards and sanctions.

2. Up until this point, it has been my understanding that both Steven Gibson and Raisha Y. "Drizzle" Gibson ceased reporting to work, ceased functions as CEO and COO of the company, and were undertaking no further actions on its behalf.

3. As of June 25, 2012, I have formally notified Steven Gibson and Raisha Y. "Drizzle" Gibson that they are terminated from any position with Righthaven, and that they are to immediately cease and desist from representing themselves as having any position of responsibility with the company. I have further ordered Righthaven's new counsel, Miller Barondess LLP, to cease all work on the file and to notify me of any Righthaven funds in their trust account so that I may order any such fund transferred to me for disbursement. True and correct copies of these letters are attached as Exhibits B, C and D, respectively.

4. Righthaven appears to have retained this counsel and taken any action only in this appeal against Mr. Hoehn, Case No. 11-16751. To the best of my knowledge, Righthaven has not retained Mr. Syverson or Miller Bardoness in its second concurrently pending appeal, Case No. 11-16995, nor in its other pending Ninth Circuit appeals, *Righthaven v. DiBiase*, Case No. 11-16776, and *Righthaven v. Center for Intercultural Organizing*, Case No. 11-16358. As such,

---

[1] Even if Mr. Syverson and his firm, Miller Barondess LLP, volunteered themselves for the *Hoehn* case *pro bono*, it is my sincere professional judgment that the appeal's progression represents a material risk to the Righthaven receivership estate. In order for the appeals to have any positive effect, they must succeed on both fair use and standing to prevail on appeal, and if they do not, then Righthaven will incur even more debt in the form of Hoehn's attorney's fees on appeal. This court found, and the Ninth Circuit has <u>twice</u> held, that Righthaven does not enjoy a likelihood of success on appeal. (Docs. # 56, 57, 78) Every court that has examined Righthaven's district court litigation has come to the same conclusion: It cannot sustain its infringement lawsuits. It is for this reason that I have also ordered that the appeals be terminated immediately, so as to stem additional losses to the Receivership estate.

Righthaven's activity does not appear to be part of any legitimate business activity pursuing its legal rights.

5.  While my powers as receiver entitle me to act on behalf of Righthaven and terminate its executives, retain and discharge outside professionals, and repudiate its contracts under NRS Chapter 32, NRS 78.635 and 640, I submit this Notice to inform the court of the significant actions Mr. Gibson has taken without notifying or otherwise communicating with me. I also request that the court affirm my actions formally terminating Righthaven's former officers along with its newly retained counsel as such actions are in the best interest of the company.

## BACKGROUND OF THE DISPUTE

6.  On November 14, 2011, counsel for defendant Wayne Hoehn ("Hoehn") moved this court to (a) appoint me as the receiver for Righthaven LLC ("Righthaven") pursuant to NRS 32.010, and (b) order Righthaven to assign its intellectual property to me for auction. (Doc. # 62 at 4-5)

7.  Righthaven did not oppose this motion (Doc. # 64). On December 12, the Court granted Hoehn's motion and appointed me as Receiver for Righthaven (Doc. # 66).

8.  Shortly after my appointment as Receiver, Righthaven's counsel of record ceased participating in the case, failing to communicate with me and, apparently, Hoehn's counsel and the Court as well (Doc. # 82). To the best of my knowledge, Attorney Mangano has not withdrawn from representation of Righthaven and remains counsel of record in this case.

9.  While Righthaven resisted the Court's order to transfer its intellectual property rights, if any, to me (Docs. # 70, 82) – a necessary exercise to make transfer of its intellectual property effective, as explained in Hoehn's motion for transfer of Righthaven's intellectual

property (Doc. # 62) – the Court ultimately transferred Righthaven's copyrights to me *sua sponte* in March 2012 (Doc. # 90).

10. Since becoming the sole guardian of Righthaven's intellectual property, I have worked diligently to dispose of such property in a manner that is in the company's best interest to satisfy its judgment debts. As Righthaven is no longer filing new lawsuits, and both this Court and the Ninth Circuit have proclaimed the plaintiff to have little likelihood of success on appeal, I have determined that the best interests of the receivership estate lie in settling the claims for the hundreds of thousands of dollars of judgments entered against it in this case.

11. Moreover, as Righthaven no longer owns any of the copyright rights it originally sued Hoehn and others for infringing, it no longer possesses standing to pursue its claims before the Ninth Circuit Court of Appeals or any other Court. (Doc. # 90) This further affirms my view that the receivership estate's best interests at this point are served by making the estate as productive as possible for its many creditors, and by terminating the existing appeals.

**THE PRESENT DISPUTE**

12. On or around April 16, 2012, Hoehn's counsel asked me about Righthaven's retention of Miller Barondess LLP and one of its partners, Eric Syverson, as counsel of record in one of its appeals, Righthaven v. Hoehn, Case No. 11-6751. (See Exhibit A). This was the first time I was made aware that anyone aside from me was taking action in Righthaven's name.

13. Syverson then filed a motion for extension of time to file excerpts of the record in that case, correcting an error previously made by Righthaven's counsel in that matter. A true and correct copy of this motion – including a declaration by Righthaven's former CEO Steven Gibson in its support – is attached hereto as Exhibit E.

14. Prior to Hoehn's counsel informing me of this development, I was unaware that Steven Gibson was seeking outside counsel for Righthaven, taking any actions on the company's behalf, committing any funds for its activities, or entering into any contracts for its operations. To the contrary, my belief was that Mr. Gibson ceased working for Righthaven in Septeberm 2011.

15. Righthaven has expended *further* resources engaging Miller Barondess and Attorney Syverson to draft a 30-page reply brief – approximately six months after it was due – and submitting it to the Court of Appeals with a motion for leave for late filing of the brief. A true and correct copy of this motion and accompanying brief is attached hereto as Exhibit F.

16. Once again, I was unaware of Mr. Gibson's actions; these expenditures and actions on behalf of Righthaven are not authorized, and were made – presumably intentionally on Mr. Gibson's part – without my knowledge or permission as receiver for the company.

17. Mr. Gibson has never contact me since the time of my appointment. He certainly has not explained to me why he retained new counsel for this appeal without my knowledge, much less authorization, and in doing so exposed Righthaven to additional risk in the form of attorney fee liability, while ostensibly committing Righthaven's funds to a use other than satisfaction of its many judgments.

**THE REMEDIAL ACTIONS**

18. Nevada Revised Statutes 32.010 allows the receiver to be appointed and act to effect a judgment and commence proceedings in aid of execution, and act as "in all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

19. Receivers have broad, almost limitless equitable powers. As illustrative examples, NRS 78.635 and 78.640 provide broad powers to court-appointed receivers, and under

NRS 78.635, a receiver has the ability to demand, sue for, collect, receive and take into possession all of the chattel, rights, money, and property of the company in receivership.

20. Additionally, NRS 78.640 empowers the receiver to step into the shoes of the company in receivership, with all of its "franchises, rights, privileges and effects" vesting in the receiver – and being divested from the company.

21. I have exercised my powers as receiver to terminate and renounce contracts held and made by the insolvent company. *Jones v. Free*, 83 Nev. 31, 38 (Nev. 1967). "We think we may take judicial knowledge of the fate of contracts made by an insolvent […] company which passes into the hands of a receiver and are not assumed by him. Such contracts are practically ended." *Kan. City S. R. Co. v. Lusk*, 224 F. 704, 706 (8th Cir. 1915); see *Peabody Coal Co. v. Nixon*, 226 F. 20, 22-23 (8th Cir. 1915).

22. Although I considered Righthaven's agreements and relationships with Steven A. Gibson and Raisha Y. Gibson to have terminated long before my Receivership began, and certainly upon the date that I was appointed as Receiver for the company. Consistent with my authority, I served formal written termination notices on Mr. and Mrs. Gibson today informing them of this fact. (Exhibits B and C)  While I could have taken this action sooner in the receivership process, there did not appear to be any need to do so, as to my knowledge Mr. Gibson was no longer acting on behalf of Righthaven, and as he is an attorney, I presumed that he would know that he has no right to take such actions while a Receiver is in charge of Righthaven.  Now, he is explicitly barred from taking such *ultra vires* acts, or attempting to do so through his spouse.

23. It is my intention to further exercise my powers as Receiver to explore recovery of some of Righthaven's losses from Steven Gibson, Raisha Gibson, and perhaps from Shawn

- 6 -

Mangano in malpractice or other actions.  I have not yet retained counsel to do so, but I am in the process of reviewing attorneys who may be retained for this purpose on a contingent fee basis.

24. Similarly, I exercised my authority to repudiate the contract Righthaven entered into with Miller Barondess and Attorney Syverson, ordering the Mr. Syverson and his firm to cease all work on Righthaven's appeals and provide an accounting of Righthaven's trust funds to the receivership estate. (Exhibit D)

## **CONCLUSION**

25. I request that the Court take notice of and ratify my actions, detailed above.

26. I shall continue to exercise control of the company to complete the liquidation of its assets and to seek recovery of losses caused to the company by the Gibsons and/or the company's former counsel.

27. Finally, once the liquidation of Righthaven is complete and its claims against counsel realized, I intend to petition the Court for complete dissolution of Righthaven under NRS 86.495.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted this 25th day of June, 2012.



Lara Pearson
Receiver for Righthaven LLC

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served on this 25th day of June, 2012 via the court's cm/ecf electronic service system to Righthaven's counsel, Shawn Magano at shawn@maganolaw.com and Mr. Wayne Hoehn's counsel, Marc Randazza at mjr@randazza.com.

By:

_____

Lara Pearson, Esq.