Lara Pearson (Nev. Bar No. 7132)
Lara@Rimonlaw.com
RIMON, P.C.
PMB 405, 774 Mays Blvd. # 10
Incline Village, NV 89451
tel.:   775-833-1600
fax:   888-842-4492
rimonlaw.com

Receiver for Righthaven, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>    Defendant. | Case No. 2:11-cv-00050<br><br>**RECEIVER'S RESPONSE TO OBJECTION OF NON-PARTY STEVEN A. GIBSON** |

**RECEIVER'S RESPONSE TO OBJECTION OF NON-PARTY STEVEN A. GIBSON**

Comes now Righthaven Receiver, Lara Pearson, and files this response to non-party, Steven A. Gibson's July 2, 2012 Objection (Docket No. 93). This response is made based on all pleadings and papers on file herein and the Memorandum of Points and Authorities attached hereto and any further argument and evidence that this Court deems relevant.

**POINTS AND AUTHORITIES**

Mr. Gibson's Objection is yet another attempt to undo my appointment as Receiver of Righthaven by this Court. Mr. Gibson's submission to the Court while styled as an Objection, is actually an untimely motion for this Court to reconsider its prior order appointing me as the Receiver (Docket. No. 66). Despite Righthaven having offered no opposition to Mr. Hoehn's

- 1 -

motion for my appointment as the, it has subsequently tried on four successive occasions to terminate the receivership. Mr. Gibson's objection represents the fifth such attempt.

Yet, Mr. Gibson does not, and indeed, cannot set forth adequate grounds, pursuant to FRCP 60(b), for relief from this Court's judgment appointing me as the Receiver. Nor can Mr. Gibson's latest attempt be considered timely, as required by FRCP 60(c)(1) which requires that any motion for reconsideration must be brought "within a reasonable time." *See, Gonzalez v. Crosby*, 545 U.S. 524 (2005).  Seeing as this Court appointed the Receiver on December 12, 2011 (Docket No. 66), and Mr. Gibson waited roughly eight months to bring this motion - while Righthaven brought four nearly identical ones that were universally denied (Docket Nos.  56, 57, 78, 83) - Mr. Gibson's disguised motion can hardly be considered as being made within a reasonable time.  Indeed, seeing as how the arguments contained within it have all been made by Righthaven, and rejected by this Court and the Court of Appeals at various points, this appears to be the latest delay tactic Mr. Gibson has chosen to employ (See Docket Nos.  70, 82) (detailing Righthaven's refusal to cooperate with the Receiver and comply with lawful court orders).

Even if this Court were to give Mr. Gibson of the benefit of the doubt and consider his latest filing as a timely new motion for reconsideration, it would be to no avail.  Reconsideration is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006).  Moreover, he "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  Mr. Gibson's Objection does not come close to satisfying these requirements.

Moreover, as a self-admitted non-party, Mr. Gibson has no standing to assert Righthaven's rights. This is particularly true because Plaintiff is still represented by counsel. Mr. Mangano has not withdrawn from representation in this case, and as recently as June 26, has communicated with me regarding Righthaven. See attached Declaration of Lara Pearson. As Righthaven's counsel is still present before this Court, there is no basis for Mr. Gibson to attempt to intervene on Righthaven's behalf under FRCP 24 – something he has not overtly attempted to do and something the Court should not allow him to do – directly or indirectly.

Finally, as Righthaven has been divested of its copyright rights (Docket No. 90) and its domain name and servicemark have been sold at auction (Docket Nos. 81, 82), termination of my Receivership will serve no purpose beneficial to Righthaven. As Righthaven's property has been sold and is in the process of being sold to bona fide third party purchasers beyond the Court's reach, there is no tool for unwinding these transactions. Moreover, any issues identified in Mr. Gibson's Objection, to the extent they exist, are purely ministerial.

The actions Mr. Gibson objects to, namely the firing of Miller Barondess and retaining of Mr. Lichtenstein, are not a part of and do not affect this proceeding, but instead, have occurred before the Ninth Circuit Court of Appeals. Neither Miller Barondess nor Mr. Lichtenstein have appeared in this Court in this action, and their conduct, while relevant to the overall Righthaven estate, is beyond the scope of this action. Accordingly, Mr. Gibson's Objection should be rejected by this Court

Dated July 19, 2012                                    Respectfully Submitted,

By:_____
   Lara Pearson
   Receiver, Righthaven, LLC

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I, Lara Pearson, caused the document entitled:

**RECEIVER'S RESPONSE TO OBJECTION OF NON-PARTY STEVEN A. GIBSON** and all attachments to be served as follows:

[ ] Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimilie as indicated; and/or

[ X ] by the Court's CM/ECF system, as all parties and non-parties (i.e., myself and Steven A. Gibson) appearing in the litigation are registered to receive electronic notifications of this filing and links to the documents contained herein.

/s/ Lara Pearson
Lara Pearson