STEVEN A. GIBSON
steven.gibson@cox.net
*NON-PARTY, IN PRO PER*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:11-cv-00050-PMP-RJJ |
| Plaintiff, | **NON-PARTY STEVEN A. GIBSON'S REPLY TO DEFENDANT'S RESPONSE TO OBJECTION TO RECEIVER'S NOTIFICATION TERMINATING RIGHTHAVEN LLC'S CHIEF EXECUTIVE OFFICER** |
| vs. | |
| WAYNE HOEHN, an individual, | |
| Defendant. | |

Non-party Steven A. Gibson ("Gibson"), appearing *in pro per*[1], hereby replies to Defendant's Response to Objection to Receiver Lara Pearson's ("Receiver's") Notification Terminating Righthaven LLC's ("Righthaven's") Chief Executive Officer ("CEO") insofar as said notification applies to Gibson.

This Court is above the kind of *ad hominem*, unprincipled and non-jurisprudential musings of Mr. Randazza. Certainly Mr. Randazza is not an authority recognized by this Court as a relevant gossip columnist. Whether I am upset, am pursuing justice rather than satisfying my ego or, in Mr. Randazza's view, am a successful CEO are not issues worthy of this Court's time, nor relevant except to satisfy Mr. Randazza's publicity campaign[2].

---

[1] While Gibson is a licensed attorney and a partner with Dickinson Wright PLLC, he is here in an individual capacity and Dickinson Wright PLLC is not appearing as legal counsel, although, for purposes of convenience associated with this proceeding only, Gibson accepts electronic notice by the means associated with Gibson with this Court through his CM/ECF login.

[2] However, for the record, I filed the objection not in a state of upset, am fostering the pursuit of the appeal for the sake of justice (albeit at personal expense) and believe I was a great CEO – a belief that will be furthered by a positive Ninth Circuit decision.

1   Mr. Randazza, like the Receiver, has ignored this Court's rules as argued in the
2   underlying objection.  Mr. Randazza has also failed to grapple, at all, with the lack of authority
3   of the Receiver based upon this Court's mandates – his allusions to various case law are
4   inapposite and do not address my arguments.
5   My success or failure as CEO is all dependent upon the question before the Ninth Circuit
6   – I suggest we let the Ninth Circuit decide and not let the Receiver prevent that hearing.  If the
7   Ninth Circuit rules in Righthaven's favor, then the business model of Righthaven will be
8   vindicated.  If not, then, at worst, Righthaven should be seen as advancing the law.
9
10   Respectfully submitted this 29th day of July, 2012.
11
12                                              By:   /s/ Steven A. Gibson
13                                                    STEVEN A. GIBSON
14                                                    *NON-PARTY, IN PRO PER*
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that on this 29th day of July, 2012, I caused a correct copy of the foregoing **NON-PARTY STEVEN A. GIBSON'S REPLY TO DEFENDANT'S RESPONSE TO OBJECTION TO RECEIVER'S NOTIFICATION TERMINATING RIGHTHAVEN LLC'S CHIEF EXECUTIVE OFFICER** to be served via CM/ECF to all parties including the Receiver and via United States Mail with postage pre-paid to the following parties:

Erik Swen Syverson, Esq.          Allen Lichtenstein, Esq.
Miller Barondess, LLP             3315 Russell Road, No. 222
1999 Avenue of the Stars, Suite 1000   Las Vegas, Nevada  89120
Los Angeles, California  90067

/s/ Steven A. Gibson
Steven A. Gibson