STEVEN A. GIBSON
steven.gibson@cox.net
*NON-PARTY, IN PRO PER*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RIGHTHAVEN LLC, a Nevada limited-liability company,

          Plaintiff,

   vs.

WAYNE HOEHN, an individual,

          Defendant.

Case No.: 2:11-cv-00050-PMP-RJJ

**NON-PARTY STEVEN A. GIBSON'S REPLY TO RECEIVER'S RESPONSE TO OBJECTION TO RECEIVER'S NOTIFICATION TERMINATING RIGHTHAVEN LLC'S CHIEF EXECUTIVE OFFICER**

      Non-party Steven A. Gibson ("Gibson"), appearing *in pro per*[1], hereby replies to Receiver Lara Pearson's ("Receiver's") Response to Objection to Receiver's Notification Terminating Righthaven LLC's ("Righthaven's") Chief Executive Officer ("CEO") insofar as said notification applies to Gibson.

      Arguably, no reply is required except to point out that the objection and response are ships passing in the night with the Receiver conceding through non-opposition virtually all of my arguments.

      The Receiver has entirely ignored the failure to abide by this Court's rules and does not in the Receiver's response contest same.

---

[1] While Gibson is a licensed attorney and a partner with Dickinson Wright PLLC, he is here in an individual capacity and Dickinson Wright PLLC is not appearing as legal counsel, although, for purposes of convenience associated with this proceeding only, Gibson accepts electronic notice by the means associated with Gibson with this Court through his CM/ECF login.

It is now more than just apparent fact that the Receiver is pursuing an agenda that is dubious at best and that the Receiver did not and does not have the authority to act in the manner that the Receiver is acting.  This Court's equitable control of the Receiver mandates that the Receiver not be able to be arbitrary, capricious and pursue an agenda to thwart judicial review and justice.

To further suggest that I am not an interested party permitted to object fails to recognize the applicable rules.  Indeed, as I am owed arguably more funds than anyone else in unpaid wages, I personally stand as one of the largest, if not the largest, creditors of Righthaven – and that debt is not subject to the results of the pending appeal.  Moreover, as the Receiver terminated me personally, that no doubt provides me with standing.

The objection I filed was not intended to be a motion for reconsideration nor need it be. The Receiver is subject to the ongoing equitable mandate of this Court and can and should be terminated when appropriate.

The hubris of the Receiver to state that the termination of the Righthaven CEO is a mere ministerial act demonstrates the cavalier power the Receiver is attempting to wield.

Further, to state that anything that the Receiver does is outside the scope of this Court's supervision further demonstrates the disregard for this Court's control over the Receiver.  The Ninth Circuit Court of Appeals did not appoint the Receiver; this Court appointed the Receiver.

Finally, if this Court determines that Mr. Lichtenstein should be able to dismiss the appeal, then this Court is *ipso facto* ruling that the work of Miller Barondess was not in the best interests of Righthaven thus exposing Miller Barondess to multiple levels of possible liability.

There can be no question that allowing oral argument to be unfettered by the Receiver's pursuit of the Randazza agenda is the most appropriate result.  Allowing me to interface with Miller Barondess as the CEO is also most sensible.

Finally, the Receiver failed to contest that I remain manager of the manager of Righthaven, thus still firmly in a position to interface with outside counsel.  Mr. Lichtenstein was not properly retained by Righthaven by way of the Receiver and Mr. Lichtenstein's continued

representation to the world that he is exposes both himself and the Receiver to continued

liability.

Respectfully submitted this 29th day of July, 2012.

By:   /s/ Steven A. Gibson

STEVEN A. GIBSON
*NON-PARTY, IN PRO PER*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that on this 29th day of July, 2012, I caused a correct copy of the foregoing **NON-PARTY STEVEN A. GIBSON'S REPLY TO RECEIVER'S RESPONSE TO OBJECTION TO RECEIVER'S NOTIFICATION TERMINATING RIGHTHAVEN LLC'S CHIEF EXECUTIVE OFFICER** to be served via CM/ECF to all parties including the Receiver and via United States Mail with postage pre-paid to the following parties:

Erik Swen Syverson, Esq.          Allen Lichtenstein, Esq.
Miller Barondess, LLP             3315 Russell Road, No. 222
1999 Avenue of the Stars, Suite 1000   Las Vegas, Nevada 89120
Los Angeles, California 90067

/s/ Steven A. Gibson
_____
Steven A. Gibson

-4-