1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company, | Case No. 2:11-cv-00050 |
| Plaintiff, | **DECLARATION OF LARA PEARSON IN SUPPORT OF DEFENDANT'S MOTION FOR SUBSTITUTION OF RECEIVER AND CLARIFICATION OF ORDER APPOINTING RECEIVER (ECF 66)** |
| vs. | |
| WAYNE HOEHN, an individual, | |
| Defendant. | |

### DECLARATION OF LARA PEARSON

I, LARA PEARSON, having personal knowledge of the matters set forth herein and being competent to testify about all of them if called to do so at trial, state as follows:

1. I am an attorney licensed in the state of Nevada and pursuant to this Court's order (Doc. # 66), the court-appointed receiver for Righthaven LLC ("Righthaven") in this case.

2. At the time of my employment, I was affiliated with Rimon Law Group, P.C.

3. Effective July 13, 2012, I am no longer with Rimon Law Group, and am instead affiliated with Exemplar , LLC.

4. As part of my transition I am no longer actively litigating.

- 1 -

5. At this time, Righthaven's domain name has been sold. Similarly, a number of transactions for Righthaven copyrights and Righthaven's trademarks are merely pending judicial approval.

6. I am willing to transfer Righthaven's remaining intellectual property assets to Mr. Hamilton if he is appointed as receiver.

7. Additionally, I am willing to continue as the owner for these assets pending the order appointing Mr. Hamilton's receiver, or an order of this court, instructing me to transfer them otherwise.

8. As Righthaven's intellectual property assets have been marshaled into my possession, the sales of which are either pending judicial review or otherwise incomplete, substituting Mr. Hamilton as receiver will not adversely affect the progress of the receivership process.

9. In fact, Mr. Hamilton's knowledge of bankruptcy law and dealing with insolvent entities is more beneficial to the receivership estate than my intellectual property knowledge at this point of the receivership. Righthaven's intellectual property issues have been thoroughly managed and the company's intellectual property assets are in the process of liquidation.

10. Instead, in my observation and experience as receiver, the largest issue in completing the receivership is controlling Righthaven, which has been uncooperative throughout my entire tenure as receiver.

11. To that end, an attorney familiar with bankruptcy practice and the management and wrapping up of insolvent entities is a more appropriate choice for a receiver at this point in time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of September, 2012 in Incline Village, Nevada.

Lara Pearson