STEVEN A. GIBSON
steven.gibson@cox.net
*NON-PARTY/CREDITOR, IN PRO PER*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WAYNE HOEHN, an individual,<br><br>　　　　　Defendant. | Case No.: 2:11-cv-00050-PMP-RJJ<br><br>**NON-PARTY/CREDITOR STEVEN A. GIBSON'S RESPONSE TO DEFENDANT'S MOTION FOR SUBSTITUTION OF RECEIVER AND CLARIFICATION OF ORDER APPOINTING RECEIVER** |

Non-party/Creditor Steven A. Gibson ("Gibson"), appearing *in pro per*[1], hereby responds to Defendant's Motion for Substitution of Receiver and Clarification of Order Appointing Receiver (the "Combined Motion") insofar as said notification applies to Gibson.

This Response is based upon the Memorandum of Points and Authorities and Declaration of Gibson incorporated herein and on any other matter this Court wishes to take into consideration.

---

[1] While Gibson is a licensed attorney and a partner with Dickinson Wright PLLC, he is here in an individual capacity and Dickinson Wright PLLC is not appearing as legal counsel, although, for purposes of convenience associated with this proceeding only, Gibson accepts electronic notice by the means associated with Gibson with this Court through his CM/ECF login.

-1-

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Combined Motion is apparently another attempt to respond to my Objection [Docket #93] (the "Objection") and I respond to it herein as such. To the extent that the Combined Motion constitutes a new motion, then I respond to same as an interested creditor[2]. To the extent that the Combined Motion is, in fact, another attempt to respond to my Objection, it should be disregarded as an improper procedural tactic.

There is very little left to do regarding Righthaven LLC ("Righthaven"): (a) collect, if practical, whatever furniture and equipment remain in storage (which the present receiver has apparently done nothing to so obtain), and (b) allow the Ninth Circuit to rule on the question of both Righthaven's standing and this Court's jurisdiction. A new receiver need not be appointed to collect furniture and equipment. A new receiver need not be appointed to allow the Ninth Circuit to rule. To take this Court's further time to prolong this process is totally unnecessary other than to perhaps satisfy Mr. Randazza's apparently insatiable desire for publicity and apparent personal *animus* towards myself.

However, it appears that there is a tacit admission that the present receiver's mission was achieved and there is no further need for the present receiver. Of course, given the present receiver's material, repeated failure to abide by this Court's rules, there is a good basis for no further retention of the present receiver. Indeed, there is no need for an additional receiver as there is essentially nothing left to do.

Moreover, the purpose of receivership is generally not served by the appointment of Mr. Hamilton. As it appears that the creditors of Righthaven do not seek an involuntary bankruptcy, it is not appropriate to effect a "synthetic bankruptcy"[3] by way of spending time and money on a "bankruptcy receiver". There is simply nothing going on with Righthaven that requires a further receiver.

---

[2] As set forth in my declaration, I have significant unpaid wages.
[3] I use the phrase "synthetic bankruptcy" to denote effectively using the receiver as a bankruptcy proceeding replacement.

Mr. Mangano, Righthaven's counsel, should be performing his job to make everyone's life easier.  As Judge Leen ordered Mr. Mangano to finally be responsive in *Righthaven LLC v. DiBiase*, United States District Court – District of Nevada Case Number 2:10-cv-01343-RLH-PAL (the "*DiBiase* Case"), Mr. Mangano should comparably be performing professionally in this case.  Indeed, he should have written this brief or something like it.

Finally, as this Court's jurisdiction over this case remains the subject of appeal[4], and there appears no threat of any flight of any remaining things like chairs and desks, there is absolutely no need for more work on this case pending appeal.

## II. ARGUMENT

### A. The Furniture Should Have Been Collected

The furniture is waiting.  There is no mystery where it is as its whereabouts have been disclosed.  Defendant's suggestion that Righthaven should deliver the furniture is curious. Query what person should accomplish delivery.  Righthaven has no funds and certainly has no manpower to effect delivery to any location.  If Defendant desired to fund the receiver's ability to effect delivery somewhere for liquidation purposes, then, subject to Righthaven's ongoing challenge to jurisdiction, Defendant could have done so.  It does not take the hiring of Mr. Hamilton for Defendant to make arrangements for the retrieval of furniture.  Likely what is the case here is that Defendant simply understands that the costs of obtaining the furniture and trying to liquidate same are more than the value of the furniture and other items.

### B. The Ninth Circuit Should Not Be Frustrated By Tactics

All that is left before the Ninth Circuit is oral argument.   Mr. Hamilton need not supervise that argument nor come in and disturb the process of effecting same.  I suspect that if Righthaven appellate counsel, Miller Barondess, was asked whether they are prepared to make oral argument without any further bother of or expenditure by any other creditor of Righthaven except for myself, then Miller Barondess will gladly indicate their intention and desire to do so.

---

[4] The jurisdictional issues are addressed in my Objection at length.

-3-

### C. No Need For Mr. Hamilton

Generally, there is no need for Mr. Hamilton. Righthaven is doing no business, has no assets except for office-type items, has nothing to administer and merely is awaiting oral argument before the Ninth Circuit. This notion that Mr. Hamilton is necessary for a synthetic bankruptcy is unfounded. If Righthaven creditors desire an involuntary bankruptcy, that is what they should pursue. Otherwise, there is simply nothing material for Mr. Hamilton to do except to perhaps pursue an ill-founded agenda.

### D. Mr. Mangano Should Do His Job

Judge Leen ordered Mr. Mangano to stop ignoring the Court in the *DiBiase* Case and Mr. Mangano should be forced to do his job before the Court in this case. Net Sortie Systems, LLC ("Net Sortie") remains Righthaven's manager and I, Net Sortie's manager. Mr. Mangano should be advocating the interests of Righthaven. Rather, Righthaven's best interest is winning the Ninth Circuit appeal. If that happens, Righthaven can return to business, the attorneys' fees awards against it would be erased and Righthaven's service-provider creditors and employee creditors (such as myself) would have an optimum ability to be paid. Mr. Mangano's behavior before this Court has been unprofessional. He has not filed, apparently, a motion to withdraw, has ignored his client, and has otherwise failed to fulfill any of his professional responsibilities since at least February of this year.

### E. Mr. Hamilton Should Be Subject To Evaluation

Mr. Randazza's apparently handpicked choice for receiver should be subject to review and a detailed plan should be submitted by Mr. Hamilton prior to being appointed by the Court. One need no look any further than this Court's local rules to understand that the purpose of the receiver (that is appointed generally rather than on a limited basis as was Ms. Pearson) should be to administer, in an economically prudential manner, the administration of the company put into receivership and deal with the assets of said company. If this Court appoints Mr. Hamilton, there should be an understanding reached as to what exactly Mr. Hamilton is going to do and why he is necessary. This notion of a creation of a synthetic bankruptcy is an unnecessary exercise.

Mr. Hamilton's perspective that he knows nothing about Righthaven except from "mainstream news", which has been less than impartial, is also disconcerting at best.  Moreover, Mr. Hamilton's alleged "disinterested" status should be subject to review.

### F.   Ms. Pearson's Termination Is Appropriate

As already detailed, Ms. Pearson has fundamentally failed to follow this Court's rules and hired a rogue attorney to interfere with the appellate process.  Apparently, now her usefulness as a receiver has self-admittedly come to an end.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Substitution of Receiver and Clarification of Order should be denied.

Respectfully submitted this 8th day of October, 2012.

By:   /s/ Steven A. Gibson
STEVEN A. GIBSON
*NON-PARTY/CREDITOR, IN PRO PER*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that on this 8th day of October, 2012, I caused a correct copy of the foregoing **NON-PARTY/CREDITOR STEVEN A. GIBSON'S RESPONSE TO DEFENDANT'S MOTION FOR SUBSTITUTION OF RECEIVER AND CLARIFICATION OF ORDER APPOINTING RECEIVER** to be served via CM/ECF to all parties.

/s/ Steven A. Gibson
Steven A. Gibson