**RPT**
Ryan A. Hamilton, Esq.
Nevada Bar No. 11587
Hamilton Law, LLC
5125 S. Durango Dr., Ste. C
Las Vegas, Nevada 89113
(702) 818-1818
(702) 974-1139
ryan@hamiltonlawlasvegas.com

*Receiver for Righthhaven, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>           Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>           Defendant. | Case No.: 2:11-cv-00050-PMP-RJJ<br><br>**RECEIVER'S REPORT** |

## RECEIVER'S REPORT

Ryan Hamilton, Receiver for Righthaven LLC, hereby files the following Report as to the status of Righthaven's Receivership

### I.    Scope of the Receivership

On November 14, 2011, Judgment Creditor Wayne Hoehn moved the Court for the installation of a receiver to marshal and sell Righthaven's intellectual property in partial satisfaction of his judgment and writ of execution against the company (ECF 62).  The Court granted Hoehn's motion and appointed a Receiver (ECF 66).

At hearing on October 31, 2012, Hoehn argued that the Receivership was a general receivership that included the power to terminate Righthaven's appeal of the case to avoid potentially incurring further attorneys' fees to Hoehn.  The Court rejected the proposition that the

1

Receiver had all the powers of a general Receivership. Instead the Court explained that it granted only the specific power Hoehn requested in his application for Receiver, *i.e.*, to marshal and sell Righthaven's intellectual property rights in attempt to satisfy Hoehn's judgment. The "Minutes of Proceedings" from the October 31 hearing provide, in relevant part, "[t]he Court clarifies the scope of the Receivership and confirms the Receivership was for the limited purpose to dispose of assets to satisfy the judgment, not to fire counsel handling the appeal and not to take any other action regarding Righthaven's appeal." (ECF 117).

The Receiver has received inquiries from judgment creditors of Righthaven from other cases requesting to make claims on the property of the Receivership Estate. Based on the foregoing, however, the undersigned Receiver understands the powers and the purpose of this Receivership to be limited to disposing of Righthaven's intellectual property to satisfy <u>only</u> Hoehn's judgment, not the judgments of creditors in other cases. After all, were the Receiver to allow judgment creditors from other cases to make claims to the Receivership's Assets, that would frustrate the Receivership's "limited purpose" of satisfying Hoehn's judgment.[1] Likewise, the Receiver concludes that any distribution of the Receivership Estate to Stephen Gibson – CEO of the party that necessitated the Receivership in the first place – would defeat the purpose of the Receivership.

In the interest of forever terminating this litigation, Hoehn has agreed to accept the funds he and his counsel obtained from the Receiver in full satisfaction of his judgment. This benefits Righthaven as well, since Hoehn's judgment and claims for additional attorneys' fees will be resolved for less than their full value. Accordingly, the Receiver proposes a distribution of the Receivership property only to the judgment creditor in this case, Hoehn. Upon judicial approval

---

[1] If the Receiver is mistaken and the Court declares that persons outside this litigation may make claims, the Receiver believes that the filing of a bankruptcy petition would be the best manner to resolve those competing claims to the Receivership Estate.

of the Receivership's distribution, Hoehn and the Receiver have arranged to resolve all claims and bring this case to an end.

## II.     Proposed Distribution of Funds

Presently, the Righthaven Receivership Estate consists of $85,000.  $80,000 of this was obtained from a private sale of Righthaven's rights back to Stephens Media LLC, the creators of the works underlying many of Righthaven's more than 275 lawsuits.  While this was not obtained at auction, prior auctions for Righthaven's rights failed, largely due to their indefinite nature.  After searching for buyers in the face of the auction's failure, Righthaven's rights acquired from Stephens Media were sold back to their original source in a commercially reasonable manner, as no other market existed for them.  As the Receiver in this limited receivership, I am satisfied that no other method of sale could have brought a higher price.

Below is the proposed distribution of the Receivership Estate.

### a.     Administrative Expense Claims

Administrative expense claims receive the ultimate priority over all other claims**.**  *See Fla. Dep't of Ins. v. Chase Bank of Tex. N.A.,* 274 F.3d 924, 932 (5th Cir. 2001) (providing for "payment of administrative claims first"); *Battista v. FDIC*, 195 F.3d 1113, 1119 (9th Cir. 2000) ("the receiver's administrative expenses are paid ahead of all other claims"); *SEC v. Byers*, 637 F. Supp. 2d 166 (S.D.N.Y. 2009) (approving of liquidation/distribution plan proposed by receiver where administrative expenses are paid first); *In re Buttonwood Secur., Inc.*, 349 F. Supp. 273 (S.D. Cal. 1972) (holding that expenses incurred by receiver in liquidating estate are first-priority administrative expenses).  Thus, receivership expenses reasonably incurred in the administration of the Receivership Estate are paid first.

I presided over the addition of $80,000 to the Righthaven receivership estate.  I claim as an administrative expense fee 10% of the property I marshaled for the Receivership Estate, or $8,000.  I submit that this expense is reasonable in light of the services I provided, and is in keeping with the typical administrative expense of one marshaling and administering the assets of a Receivership or Bankruptcy Estate.

The prior Receiver, Lara Pearson, performed approximately $36,000 worth of services for the Receivership Estate in marshaling approximately $9,000 in assets into the estate.

Because her term as Receiver concluded before the end of the Receivership, she has sought 10% of the $36,000 in services she provided, or $3,600, as compensation.  This is a reasonable in light of the services she provided.

Finally, Randazza Legal Group ("RLG") has made a claim for administrative expenses billed to the Receiver in the installation of the Receiver, marshaling of assets into the Receivership estate, services in obtaining buyers for estate assets, and preserving the estate in the face of litigation by third parties.  These actions, undertaken for the Receiver's and Receivership Estate's benefit, are administrative expenses entitled to first priority repayment. The priority and sufficiency of RLG's claim is evaluated by the Receiver. *CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1113 (9th Cir. 1999); *SEC v. American Capital Invs., Inc.*, 98 F.3d 1133, 1146 (9th Cir. 1996); *SEC v. Wencke*, 783 F.2d 829, 836 (9th Cir. 1986); *SEC v. Universal Fin.*, 760 F.2d 1034, 1037 (9th Cir. 1985).

RLG seeks $55,000 in expenses for the reasonable market value of its administrative expenses undertaken for the benefit of the receivership estate.  This Court (Doc. # 43), the District of Colorado in *Righthaven LLC v. Wolf*, Case No. 1:11-cv-00830 (D. Colo.) and the *Righthaven LLC v. Leon* court, Case No. 2:10-cv-01367 Doc. # 52, have all found that the defendants represented by RLG were entitled to recover the full reasonable market value of their attorneys' fees, indicating that the fees charged by RLG were reasonable.  Consistent with the findings of this District and the District of Colorado in these Righthaven cases, the Receiver approves RLG's administrative expense claim for $55,000.00.

### b.  Judgment Creditor Claims

Wayne Hoehn holds a judgment for $34,045.50 that has been registered with Clark County and the Nevada Secretary of State.  Additionally, Hoehn holds approximately $100,000 in additional reasonable attorneys' fees that he has incurred during the course of this litigation.  This claim is not secured, but Hoehn contends it is properly taxed to Righthaven.

Hoehn has already received approximately $2,500 from the Receivership Estate following the sale of <righthaven.com>.  After administrative expenses, all that remains is $18,400.  Although this is less than what Hoehn is owed under his judgment, he has agreed with the Receiver that if this sale is approved and the proposed disbursement authorized, his judgment will be satisfied in full and he will release the Receivership Estate from any further claims.  This

represents a benefit to Hoehn, and also removes a source of potential liability for Righthaven. Indeed, this would allow Righthaven not only to satisfy a judgment pending against it, but also a potential civil claim for Hoehn's fees.

It is my opinion that the proposed distribution is equitable, proper, and in the interests of judicial economy.  Moreover, the proposed distribution will bring finality to this litigation.[2]

### III.   Conclusion

The Receiver finds that it is in the interests of the parties for the Court to approve the Receiver's sale of Righthaven's rights acquired from Stephens Media LLC back to Stephens Media LLC for $80,000.  Consistent with this Court's prior Orders, this sum is to be divided between the Receiver, the administrative expenses he has incurred and approved, and Mr. Hoehn's remaining judgment.  If this sale and distribution of funds is approved, Hoehn has agreed to waive any claim for his remaining judgment and unsecured claims against Righthaven, and the Receivership may be terminated.

I propose the funds be disbursed as follows:

$ 8,000 to Ryan A. Hamilton as Receiver;

$ 3,600 to Lara Pearson for the administrative expense of her prior service as Receiver;

$ 55,000 to Randazza Legal Group for its administrative expenses in this matter; and

$18,400 to Wayne Hoehn, judgment creditor.

Respectfully submitted,

DATED March 15, 2013

/s/ Ryan A. Hamilton

*Receiver for Righthaven LLC*

---

[2] Hoehn has indicated that he reserves the right to re-open this matter if the above disbursements are not approved, as he believes this proposal to be in his interest.

5

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I caused the foregoing to be served by first class U.S. Mail and the Court's CM/ECF system on the following:

Michael R. Mushkin
MICHAEL R. MUSHKIN & ASSOCIATES
4475 South Pecos Road
Las Vegas, NV 89121

Marc J. Randazza
James M. DeVoy, IV
RANDAZZA LEGAL GROUP
6525 W. Warm Springs Road, Ste. 100
Las Vegas, NV 89118

                                        /s/Ryan A. Hamilton