CHAD BOWERS
bowers@lawyer.com
CHAD A. BOWERS, LTD
Nevada State Bar No. 7283
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for non-party
THOMAS A. DIBIASE

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br>v.<br><br>WAYNE HOEHN, an individual,<br><br>    Defendant. | CASE NO.: 2:11-cv-00050-PMP-RJJ<br><br>**NON-PARTY THOMAS A. DIBIASE'S REQUEST FOR ORDER CLARIFYING SCOPE OF RECEIVER'S APPOINTMENT TO INCLUDE SIMILARLY SITUATED JUDGMENT CREDITORS** |

Non-party Thomas A. DiBiase hereby requests that the Court issue an Order clarifying the scope of the Receiver's appointment and to direct the Receiver to allocate available funds among Mr. Hoehn and similarly-situated judgment creditors of Righthaven LLC, including Mr. DiBiase.

## BACKGROUND

Righthaven LLC has filed – and lost – a significant number of cases in this District. As a result, a number of parties are judgment creditors against Righthaven. Mr. DiBiase is one of them. Righthaven sued Mr. DiBiase in August, 2010 (*see* case no. 2:10-cv-01343). The Court granted Mr. DiBiase's motion for summary judgment on June 22, 2012 (*see* case no. 2:10-cv-01343, Dkt. No. 72), based on lack of standing. On October 26, 2011, the Court awarded Mr. DiBiase a total of $119,488.00 in fees and costs (*see* case no. 2:10-cv-01343, Dkt. No. 96). Righthaven has not paid anything to Mr. DiBiase to satisfy the award.

In this case, Mr. Hoehn, also a judgment creditor against Righthaven, filed a Motion for Appointment of Receiver and Compelled Assignment of Intellectual Property in Partial Satisfaction of Judgment. (Dkt. No. 62.) Because Righthaven did not respond to Mr. Hoehn's motion, this Court granted the motion with no further comment. (Dkt. No. 66.) The Receiver subsequently presided over a private sale of Riverhaven's intellectual property and filed a Report providing a recommendation for distributing the funds of Receivership Estate first to administrative fees and expenses, and then distributing the remainder of the funds to Mr. Hoehn. (Dkt. No. 120.)

As a similarly-situated judgment creditor, Mr. DiBiase hereby reiterates its claim on a portion of the funds in the Receivership Estate.[1] While the prior Receiver (Ms. Pearson) acknowledged that Mr. DiBiase had a claim, the new Receiver (Mr. Hamilton) interprets the

---

[1] Mr. DiBiase previously provided notice of this claim to the first Receiver, Lara Pearson, and the second Receiver, Ryan Hamilton. In *Righthaven v. DiBiase*, case no. 2:10-cv-01343, the Court permitted Mr. DiBiase to provide Ms. Pearson with information to assist identifying the assets, (Dkt. No. 105), and Ms. Pearson filed supporting declarations for Mr. DiBiase's case. (Dkt. No. 118-2 (Declaration of Lara Pearson)).

scope of the Receivership as being limited to Mr. Hoehn's claim only, although he acknowledges that other judgment creditors may also have claims against the Receivership Estate. (Dkt. No. 120 at p. 2.)

## REQUEST FOR AN ORDER CLARIFYING SCOPE OF RECEIVER'S APPOINTMENT TO INCLUDE SIMILARLY SITUATED JUDGMENT CREDITORS

A receiver "must act for the benefit of 'all persons interested in the property.'" *Anes v. Crown Partnership, Inc.*, 113 Nev. 195, 202, 932 P.2d 1067, 1071 (1997) (quoting *Fullerton v. Second Judicial Dist. Court In and For County of Washoe*, 111 Nev. 391, 400, 892 P.2d 935, 941 (1995)). A receiver executes his functions "'in the interest of neither plaintiff nor defendant, but for the common benefit of all parties in interest. . . . [and] the fund or property intrusted [sic] to his care is regarded as being *in custodia legis* for the benefit of whoever may finally establish title thereto. . . .'" *Bowler v. Leonard*, 70 Nev. 370, 383, 269 P.2d 833, 839 (1954) (quoting treatise). Here, there are multiple judgment creditors with an interest in the assets of Righthaven, and the Receivership Estate represents a significant portion of those assets. Mr. DiBiase has read the Receiver's Report (Dkt. No. 120) and has conveyed to the Receiver that the Receiver's duty is to act in the interest of all parties with a claim to the assets in the Receivership Estate. Any distribution of the Receivership Estate funds should at least include other entities, who like Hoehn, were sued by Righthaven in the District of Nevada and were awarded their attorneys' fees and/or costs by the Court.

Where property in the hands of a receiver is claimed by a person not party to the case in which the receiver was appointed, the proper procedure is to file a petition asking the Court for an order on the receiver for delivery of the property. *See Dexter Horton Nat Bank of Seattle, Wash, v. Hawkins*, 190 F. 924, 926 (9th Cir. 1911). Accordingly, Mr. DiBiase respectfully requests that the Court clarify the appointment of the Receiver to specifically include in its scope the distribution of funds from the Receivership among similarly situated judgment creditors against Righthaven, including Mr. DiBiase.

| | |
|---|---|
| | Respectfully submitted, |
| DATED:  April 4, 2013 | CHAD A. BOWERS, LTD. |
| | By: /s/ _____<br>Chad A. Bowers<br>NV State Bar Number 7283<br>3202 W. Charleston Blvd.<br>Las Vegas, Nevada 89102 |
| | *Attorneys for Thomas A. DiBiase* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all registered CM/ECF registrants for this case.

/s/ _____